## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Flava Works, Inc.,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-05844 |
| | ) |
| | ) |
| | ) |
| | ) |
| **John Doe #1** "MrMuscle 3M <1016dudz@gmail.com> ", | ) **Jury Trial** |
| **John Doe #2** "Abrazdert74893@myemailco.com ", | ) |
| **John Doe #3** "Blk Muscle <ads.almond@gmail.com> ", | ) |
| **John Doe #4** "Bob Hare aka Animated GIF Man <agm.scans.69@comcast.net> ", | ) **First Amended** |
| **John Doe #5** "BangerBull <alantos25@gmail.com> ", | ) **Complaint** |
| **John Doe #6** "Mike Anthony <baltquietfire@yahoo.com> ", | ) |
| **John Doe #7** "betcamus <betcamus@bellsouth.net>" | ) |
| **John Doe #8** "bigd_itsme <bigd_itsme@yahoo.com> ", | ) |
| **John Doe #9** "Black Chest< black.69chest@gmail.com>", | ) |
| **John Doe #10** "biblacbuck <blogger0815@hotmail.com> ", | ) |
| **John Doe #11** "Corey Corey <coreydmia@yahoo.com>", | ) |
| **John Doe #12** "datu white <datuwhite@gmail.com> ", | ) |
| **John Doe #13** "Dylan Madrigal <dmadrigal116@gmail.com> ", | ) |
| **John Doe #14** "Don C <donho999_us@yahoo.com> ", | ) |
| **John Doe #15** "jonrgn@aol.com", | ) |
| **John Doe #16** "Delvin Raymond <motd193@yahoo.com> | ) |
| **John Doe #17** "neil kimura <ntki72@yahoo.com> | ) |
| **John Doe #18** "rhythme101@yahoo.com " , | ) |
| **John Doe #19** "ruff abs <ruffabs6@yahoo.com> ", | ) |
| **John Doe #20** "Mozell Baptiste <slimazz@sbcglobal.net> ", | ) |
| **John Doe #21** "pi so <sopi9070@gmail.com> ", | ) |
| **John Doe #22** "Mister Smith <tightsqueez2000@yahoo.com> ", | ) |
| **John Doe #23** "Tyler Raymond <traymond6060@yahoo.com> ", | ) |
| **John Doe #24** "Why Wonder <why1dr@yahoo.com> ", | ) |
| **John Doe #25** "dickies <yam.rodic@yahoo.com> ", | ) |
| **John Doe #26** "efrenlee <efrenlee07@gmail.com> ", | ) |
| **FF Magnat Limited d/b/a Oron.com,** | ) |
| **Earnwell Hong Kong LTD d/b/a Filesonic.com,** | ) |
| **Maxim Bochenko a/k/a Roman Romanov,** | ) |
| | ) |
| Defendants. | ) |

## **FIRST AMENDED COMPLAINT**

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), by and through its attorney, Meanith Huon, and for its Complaint against the Defendants, states as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*.

**THE PARTIES**

2. Plaintiff is a corporation incorporated under the laws of the State of Florida with a principal place of business in both Miami, Florida and in Chicago, Illinois.

3. On information and belief, at all relevant times, Defendants, John Does 1-26 (hereinafter collectively "John Does" or individually "John Doe 1," "John Doe 2," etc.), are individuals and/or business entities whose real identities are currently unknown and whose whereabouts are currently unknown. On information and belief, Defendants, John Does 1-26, actively contributed to this infringement by posting files, storing videos, sharing files, and/or posting links on the websites: Oron.com, FileFactory.com, FileMonster.com, FilePost.com, FileServe.com, FileSonic.com, Hotfile.com, i-Filez.com, Rapidshare.com, and Shragle.com.

4. On information and belief, Defendants, John Does 1-26 are members of the following Yahoo groups:

http://groups.yahoo.com/group/P-I-LOVE

http://groups.yahoo.com/group/oron-links

http://groups.yahoo.com/group/UrbanLatino

http://groups.yahoo.com/group/UrbanBrothers

      http://groups.yahoo.com/group/men4men_who_love_black_men

      http://groups.yahoo.com/group/blkloverboyz/

On information and belief, the primary purpose for these six Yahoo Groups are for illegal copyright file sharing.

     5.     On information and belief, Defendant FF Magnat Limited d/b/a Oron.com own, operate, and/or control the Internet website.

     6.     On information and belief, at all relevant times, Maxim Bochenko, a/k/a Roman Romanov, owns, operates, or controls Oron.com.

     7.     On information and belief, Oron.com is registered through Network Solutions, an American company operating out of Herndon, Virginia. Oron.com utilizes the services of the company CC Bill to process its payments. CC Bill is an American company operating out of Tempe, Arizona.

     8.     On information and belief, Defendant, Earnwell Hong Kong LTD operates, controls, and/or owns Filesonic.com.

     9.     On information and belief, Oron.com, FileFactory.com , FileMonster.com, FilePost.com, FileServe.com, FileSonic.com, Hotfile.com, i-Filez.com, Rapidshare.com, and Shragle.com, own, operate, and/or control websites that copy, store, distribute, display, profit from unauthorized copyrighted materials, and/or induce and assist others to infringe copyrighted materials. On information and belief, Rapidshare AG operates, controls, and/or owns Rapidshare.com.

     10.    On information and belief, Defendants, John Does 1-26, posted links to copyrighted videos that were located on the websites of Oron.com, FileFactory.com,

FileMonster.com, FilePost.com, FileServe.com, FileSonic.com, Hotfile.com, i-Filez.com, Oron.com, Rapidshare.com, and Shragle.com, Earnwell Hong Kong LTD, and Rapidshare AG.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act.

12. Personal jurisdiction is proper over the Defendant, FF Magnat Limited d/b/a Oron.com. Defendant has entered into a contract with CC Bill, a Tempe, Arizona company that handles payment processing for Oron.

13. Personal jurisdiction is proper over the Defendant, Earnwell Hong Kong LTD d/b/a Filesonic.com. Defendant has entered into a contract with Paypay.com Company that handles payment processing for Filesonic.com

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district. The copyrights being infringed on are owned by Flava Works, Inc. Plaintiff is a corporation incorporated under the laws of the State of Florida with a principal place of business in both Miami, Florida and in Chicago, Illinois.

## FACTUAL BACKGROUND

15. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

16.     Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, www.RawRods.com, and www.ThugBoy.com, among others.

17.     Plaintiff has applied for and/or has registered various copyrights for its works. See attached Exhibit A for works with registered copyrights.

18.     Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

19.     On information and belief, Oron.com, FileFactory.com , FileMonster.com, FilePost.com, FileServe.com, FileSonic.com, Hotfile.com, i-Filez.com, Rapidshare.com, and Shragle.com, Earnwell Hong Kong LTD, and Rapidshare AG, operate, control, and/or own internet websites which are accessible throughout the United States and the world.   On information and belief, these websites sell access to large amounts of unauthorized intellectual property to the public without paying the rightful owners of that property.

20.     On information and belief, Oron.com, FileFactory.com, FileMonster.com, FilePost.com, FileServe.com, FileSonic.com, Hotfile.com, i-Filez.com, Rapidshare.com, and Shragle.com, Earnwell Hong Kong LTD, and Rapidshare AG, and its users upload copyrighted and trademarked intellectual property (movies, songs, software, or pictures, etc.) to its computer servers.

21.     On information and belief, after a file is uploaded, the aforesaid websites provides to its users a unique Uniform Resource Locator ("URL") which allows its users to view or

download the file from the website. The URL's are disseminated throughout the internet by the aforesaid website and its users, which enable anyone with the URL to access, copy, and download the intellectual property from the website's servers.

22. On information and belief, in order to view, copy, or download such files from the aforesaid websites without waiting, the customer must purchase a membership fee. On information and belief, some of the aforesaid websites paid members for directing web traffic to its site through a rewards program.

23. On information and belief, Defendants, John Does 1-26 are members of the following Yahoo groups:

http://groups.yahoo.com/group/P-I-LOVE

http://groups.yahoo.com/group/oron-links

http://groups.yahoo.com/group/UrbanLatino

http://groups.yahoo.com/group/UrbanBrothers

http://groups.yahoo.com/group/men4men_who_love_black_men

http://groups.yahoo.com/group/blkloverboyz/

On information and belief, the primary purpose for these five Yahoo Groups are for illegal copyright file sharing.

24. On information and belief, Defendants, John Does 1-26, posted links to copyrighted videos that were located on the websites Oron.com, FileFactory.com, FileMonster.com, FilePost.com, FileServe.com, FileSonic.com, Hotfile.com, i-Filez.com, Rapidshare.com, and Shragle.com, Earnwell Hong Kong LTD, and Rapidshare AG.

25. On information and belief, Defendants John Does 1-26 posted copyright materials of the Plaintiff without authorization.

26.     On information and belief, Defendants John Does 1-26 sent emails to other members of the Yahoo Groups stating the location of the infringing materials. Exhibit "B1" to "B26".

27.     On information and belief, Oron is not a legitimate file storage company. Oron's affiliates reward program offered members the opportunity to make money by uploading copyrighted videos. Affiliates members are paid based upon the number of downloads of their posted materials and based upon how many other premium memberships were bought by users accessing Oron through the member's links.

28.     On information and belief, at all relevant times, Filesonic.com is not a legitimate file storage company. Filesonic.com's affiliates reward program offered members the opportunity to make money by uploading copyrighted videos. Affiliates members are paid based upon the number of downloads of their posted materials and based upon how many other premium memberships were bought by users accessing Filesonic.com through the member's links.

## COUNT I

**(Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)**

1-28.   Plaintiff incorporates and re-alleges paragraphs 1-28 of this Complaint as paragraphs 1-28 of Count I.

29.     Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

30. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

31. Instances of copyright infringement occur whenever one of Defendants' user, without authorization of the copyright owner, uses Defendants' website to download a copyrighted content file and/or images. Such acts constitute unauthorized reproduction and distribution and result in unauthorized copies. Defendants participate in, facilitate, materially contribute to and encourage these infringements.

32. On information and belief, Defendants, John Does 1-27 are users of the aforesaid Yahoo groups.

33. On information and belief, Defendants, John Does 1-27 are users of one or more of the aforesaid websites who caused copies of Plaintiff's copyrighted works to be made, distributed or posted on the websites.

34. On information and belief, Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

35. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

**(Contributory Copyright Infringement.)**

1-28.	Plaintiff incorporates and re-alleges paragraphs 1 to 28 of this Complaint as paragraphs 1-28 of Count II.

29.	On information and belief, Defendants, John Does 1-27 posted or email messages to members of the aforesaid Yahoo users groups, advising all members how to locate copyrighted works of Flava Works that the Defendants had posted on various websites. Without authorization, Defendants reproduced and distributed Flava Works' Intellectual Property by posting the videos on websites and sending links to the videos, thereby contributing to the infringement of those copyrighted works.

30.	On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to helping those individuals to reproduce and distribute Flava Works' Intellectual Property.

31.	On information and belief, Defendants received direct financial benefits from the infringements by earning money through a rewards program.

32.	Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

33.	As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count III

**(Inducement of Copyright Infringement.)**

1-33. Plaintiff incorporates and re-alleges paragraphs 1-33 of Count II of this Complaint as paragraphs 1-33 of Count III.

34. On information and belief, Defendants received direct financial benefits from the infringements by earning money through the rewards program of some of the aforesaid websites.

35. Defendants' conduct constitutes inducement copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

36. As a result of the injury suffered by Plaintiff's business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count IV

### (Conspiracy.)

1-28. Plaintiff incorporates and re-alleges paragraphs 1 to 28 of this Complaint as paragraphs 1-28 of Count IV.

29. The Defendants conspired to infringe on the Plaintiff's copyrighted works.

30. All Defendants are jointly and severally liable for the actions of their co-conspirators.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendants.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

  a.    Restraining and enjoining Defendants from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

  b.    Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

  c.    Restraining and enjoining Defendants from doing any other act, through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

  d.    Restraining and enjoining Defendants from otherwise Using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

  e. Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

  f. Restraining and enjoining Defendants from otherwise Using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants' website;

  g. Restraining and enjoining Defendants from otherwise doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected associated with Plaintiff, or Plaintiff's business;

  h. Restraining and enjoining Defendants from otherwise unfairly competing with plaintiffs in any manner.

3. Requiring Defendants to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Disgorging Defendants of any profits they may have made as a result of his infringement of Flava Works' Intellectual Property;

5. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendants' infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

6. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendants;

7. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

8. Awarding Plaintiff statutory damages pursuant to the Copyright Act.

9. Awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

10. Requiring Defendants to deliver up for destruction all DVDs, DVD covers, labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the name or mark of any of the Plaintiff's trademarks or any other reproduction, counterfeit, copy or colorable imitation of the Plaintiff's trademarks.

12. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:

August 9, 2012

Respectfully Submitted,

By: __/s/Meanith Huon_____

                                                                   Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996