UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Flava Works, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-05844 |
| | ) |
| | ) |
| | ) |
| | ) |
| John Doe Nos. 1 to 26, | ) |
| FF Magnat Limited d/b/a Oron.com, | ) |
| Earnwell Hong Kong LTD d/b/a Filesonic.com, | ) |
| Maxim Bochenko a/k/a Roman Romanov, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF, FLAVA WORKS, INC.'S, MOTION FOR LEAVE TO TAKE LIMITED AND EXPEDITED DISCOVERY**

Plaintiff, Flava Works, Inc. moves for leave to take limited and expedited discovery pursuant to FRCP 26(d)(1):

**FACTS**

This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff, Flava Works, Inc. is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media. (1st Amended Complaint, par. 15.) Plaintiff has applied for and/or has registered various copyrights for its works. (1st Amended Complaint, par. 17, and Exhibit A to 1st Amended Complaint.)

Defendants, John Does 1-26 are members of the following Yahoo! groups:

http://groups.yahoo.com/group/P-I-LOVE

http://groups.yahoo.com/group/oron-links

http://groups.yahoo.com/group/UrbanLatino

http://groups.yahoo.com/group/UrbanBrothers

http://groups.yahoo.com/group/men4men_who_love_black_men

http://groups.yahoo.com/group/blkloverboyz/

The primary purpose for these five Yahoo! groups is for illegal copyright file sharing. . (1st Amended Complaint, par. 23.) Plaintiff has identified each John Doe Defendant by his or her alias and email address.

    Phillip Bleicher is the CEO of Flava Works, Inc. (Affidavit of Bleicher, par. 2, Exhibit "A".) Plaintiff investigated the Defendants and gathered evidence of the infringing activities. . (Affidavit of Bleicher, par. 5.) Mr. Bleicher observed members of the aforesaid Yahoo! groups sharing Flava Works, Inc.'s copyrighted content with the groups' members via email. (Affidavit of Bleicher, par. 6.) He observed members of the aforesaid Yahoo! groups sending emails with links to copies of Flava Works, Inc.'s copyrighted content on file-sharing websites and the copyrighted images from the Flava Works, Inc.'s videos. (Affidavit of Bleicher, par. 7.) He observed the aliases and email addresses of certain members of the aforesaid Yahoo! Groups. (Affidavit of Bleicher, par. 8.) He observed the members of certain Yahoo! Groups copy other Yahoo! groups whose purpose is for illegal copyright file sharing on their emails. (Affidavit of Bleicher, par. 9.) Mr. Bleicher observed the email exchanges of members in these other Yahoo! groups. (Affidavit of Bleicher, par. 10.)

    Plaintiff has identified the email address and alias for each Defendant. On information and belief, Yahoo! should have the IP address for each Defendant and other information and data, including the IP log. An individual has to create a Yahoo! ID access the group. (Affidavit of Bleicher, par. 11.) The unique IP address for each Defendant can be used to identify the Internet Service Provider ("ISP"). (Affidavit of Bleicher, par. 12.) Once the ISP is identified, Plaintiff can issue a subpoena to the ISP for information and data on each Defendant to identify

Defendant's real name and address via the ISP subscriber's activity log files. (Affidavit of Bleicher, par. 13.) On information and belief, the log files of a subscriber activities are retained for only a limited period of time. (Affidavit of Bleicher, par. 14.)

## ARGUMENT

## PLAINTIFF SEEKS EXPEDITED DISCOVERY UNDER FRCP 26(d).

Pursuant to FRCP 26(d)(1), Plaintiff seeks expedited discovery from any source to identify the John Doe Defendants, before Plaintiff has conferred with any party.

FRCP 26(d)(1) gives the Court authority to order expedited discovery. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Rule 26(d) allows for discovery before the parties have conferred, as required by Rule 26(f), when authorized by a court order. Fed.R.Civ.P. 26(d)(1). A court has wide discretion in managing the discovery process. Merrill Lynch v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000); Lynch v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000); Ibarra v. City of Chicago, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

In assessing whether expedited discovery is necessary, directs courts are to evaluate a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances. Ibarra v. City of Chicago, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

Plaintiff has a need for expedited discovery because the discovery will allow the Plaintiff identify the John Doe Defendants in this case. Here, the lawsuit against the John Doe Defendants cannot proceed without discovering the identities of the John Doe Defendants.

In addition, Plaintiff seeks expedited discovery, because evidence of infringement may be destroyed and because infringement may be ongoing and continuous. The ISP have the user

activity logs may erase the data. In that case, Plaintiff will have no ability to identify the John Doe Defendants.

Furthermore, the infringement may be ongoing and continuous. Plaintiff needs to discover the identities of the John Doe Defendants to prevent further infringement.

Plaintiff's request is reasonable in light of the circumstances. Yahoo! would have the IP address, login information, profile and contact information, Yahoo! ID of the John Doe Defendants. This information would assist Plaintiff in identifying the John Doe Defendants.

Defendants should not have an expectations of privacy when Defendants engaged in copyright infringement. The information requested by the Plaintiff is limited to basic information of the Defendants. Defendants disclosed this information to a third party. Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties. See United States v. Miller, 425 U.S. 435, 443, 48 L. Ed. 2d 71, 96 S. Ct. 1619 (1976); Guest v. Leis, 255 F.3d 325, 335 (6th Cir. Ohio 2001) Internet subscribers do not have an expectation of privacy in their subscriber information, because they have already disclosed such information to their ISPs. Guest v. Leis, 255 F.3d 325, 335–36 (6th Cir. 2001). A person does not have an interest in the account information given to the ISP in order to establish the e-mail account, which is non-content information. United States v. Hambrick, 2000 U.S. App. LEXIS 18665 (4th Cir. Va. Aug. 3, 2000).

Discovery is also reasonable appropriate under the circumstances where there are no known defendants with whom to confer. As the 7th Circuit explained regarding John Doe Defendants:

> Judge Sharp dismissed the John Doe arresting officers on the ground that the service of summonses upon them in the Gary Police Department was insufficient under Rule 4(d)(1) of the Federal Rules of Civil Procedure. n2 In so holding, he relied on Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), and Green v.

United States, 385 F. Supp. 641, 642 (S.D.Cal.1974), which necessarily followed the Wiltsie case in the same circuit. n3 We disagree with those authorities because the use of fictitious names for defendants has been routinely approved even without discussion. See, e. g., Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619. n4 Here both officers were represented by counsel and their names were surely in the arrest records, so that their names should have been divulged in order to reach the merits of Maclin's claims. Indeed at oral argument defense counsel admitted that Judge Sharp could readily have told Chief Boone to supply the missing names.

As Bivens and the cases collected in note 4 recognize, when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can [**13] be learned through discovery or through the aid of the trial court. In this case, since the pro se plaintiff was denied counsel by the district court, he could hardly be expected to discover the names of the arresting officers through the discovery route. Therefore, the district judge should have ordered their disclosure, as in Southern Methodist University Ass'n v. Wynne and Jaffe, 599 F.2d 707, 710, 712-713 (5th Cir. 1979), or else plaintiff should have been permitted to obtain their identity through limited discovery. See Owens v. Haas, 601 F.2d 1242, 1247 (2d Cir. 1979); Gordon v. Leeke, 574 F.2d 1147, 1152-1153 (4th Cir. 1978), certiorari denied, 439 U.S. 970, 99 S. Ct. 464, 58 L. Ed. 2d 431. n5 Once their names were divulged, proper service could be made pursuant to Rule 4(d)(1).

WHEREFORE, Plaintiff, Flava Works, Inc., requests that this Honorable Court grant it

leave to take expedited and limited discovery.

Respectfully Submitted,

By: /s/ Meanith Huon /s/

Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, IL 60690
312-405-2789
huon.meanith@gmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Flava Works, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-05844 |
| | ) |
| | ) |
| | ) |
| | ) |
| John Doe Nos. 1 to 26, | ) |
| FF Magnat Limited d/b/a Oron.com, | ) |
| Earnwell Hong Kong LTD d/b/a Filesonic.com, | ) |
| Maxim Bochenko a/k/a Roman Romanov, | ) |
| | ) |
| Defendants. | ) |

## PROOF OF SERVICE

Under penalties of law, I certify that on September 20, 2012, I served the following documents or items:

## PLAINTIFF, FLAVA WORKS, INC.'S, MOTION FOR LEAVE TO TAKE LIMITED AND EXPEDITED DISCOVERY

by electronically serving all counsel of record.

    Respectfully submitted,
    /s/ Meanith Huon
    Meanith Huon
    PO Box 441
    Chicago, Illinois 60690
    Phone: (312) 405-2789
    E-mail: huon.meanith@gmail.com
    IL ARDC. No.: 6230996