**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Flava Works, Inc.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-05844 |
| ) | |
| **FF Magnat Limited d/b/a Oron.com, et. al,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF, FLAVA WORKS, INC.'S,**

**RESPONSE TO DEFENDANT, MAXIM BOCHENKO'S MOTION TO DISMISS,**

**MOTON FOR ENTRY OF DEFAULT ORDER AGAINST DEFENDANT, FF MAGNAT LIMITED, LTD,**

**AND MOTION TO VOLUNTARILY DISMISS DEFENDANT, MAXIM BOCHENKO ONLY**

Plaintiff, Flava Works, Inc. ("Flava"), by its attorneys, Meanith Huon, states as follows:

**PREFATORY NOTE**

Flava moves for entry of default order against Defendant, FF Magnat Limited d/b/a Oron.com. Defendant, FF Magnat Limited, has not appeared or responded to the First Amended Complaint. Defendant, FF Magnat Limited, was served via personal service on its agent Maxim Bochenko.

Defendant, Maxim Bochenko, has denied any connection to Defendant, FF Magnat Limited. For that reason, Flava responds to Defendant, Bochenko's, contention that he was not an agent of Defendant, FF Magnat Limited.

For other reasons, Flava moves to voluntarily dismiss only Defendant, Maxim Bochenko, without prejudice, pursuant to FRCP 41.

## FACTS

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq..* ), Flava alleges, among other things, that Defendant, Bochenko, conspired with FF Magnat Limited d/b/a Oron.com and John Does 1 to 26 to infringe on Flava's copyrighted works. Count IV of the First Amended Complaint. (Docket No. 4).

### DOCUMENTS FILED IN LIBERTY MEDIA HOLDINGS, LLC V. BOCHENKO, ET. AL. ("NEVADA LITIGATION")

2. Flava relies on the documents filed in 2:12-cv-01057-GMN-RJJ Liberty Media Holdings LLC v. FF Magnat Limited et al (U.S. District Court of Nevada) (hereinafter referred to as the "Nevada Litigation"). See Docket No. 83 in the Nevada Litigation:

3. Maxim Bochenko is associated with the email address at main_max@mail.ru. (see payment in PayPal Account. Exhibit "1"; see also Exhibit "19") and mainroman@gmail.com ( see Exhibit "3"). Roman Romanov has used the same the mainroman@gmail.com address, identifying himself as Maxim Bochenko. Exhibit "18".

4. Numerous payments were made to the account associated with the email addresses at main_max@mail.ru , mainmax@gmail.com, and mainroman@gmail.com. Exhibit "2". A report on royalfoam.us website lists Maxim Bochenko as the owner, the email address listed is main_max@mail.ru, the owner's address is listed as Jacksonville, Florida. Exhibit "19".

5. A Dell computer was shipped to Maxim Bochenko at the address in Ponte Vedra Beach, Florida and associated with the email address mainroman@gmail.com. Exhibit "3".

6. The LeaseWeb.com hosting bills to Oron.com was directed to "Mr. G. Maksim." Exhibit "4". Oron.com emails instructions on paying its LeaseWeb.com hosting bills. Exhibit "4".

7. An email from alertpay.com was sent to via mainroman@gmail.com with the account history of FF Magnat. Several emails are sent to Oron.com via mainroman@gmail.com. Group Exhibit "5".

8. DMCA notices or copyright violation notices to Oron.com were forwarded to mainroman@gmail.com. Group Exhibit "6".

9. Oron.com sent emails to mainroman@gmail.com, including instructions to make payments for hosting services. Exhibits "4" and "7".

10. Oron.com targeted the entire world, including the United States, for advertising and marketing of its file-sharing services. Exhibit "8".

11. Oron.com's marketing and advertising focused on users being able to make money based on the number of downloads, not on long-term legitimate file-storage services. Exhibit "9".

12. A DMCA or copyright violation notice to another file-sharing service, Fileserve.com, was sent to mainroman@gmail.com. Exhibit "10".

13. Emails from mainroman@gmail.com were sent to himself with a file called "Oron Work.txt." and "Oron Abuses". Exhibit "11". Email from mainroman@gmail.com to another individual with an Oron.com password. Exhibit "11".

14. Email from Oron.com was sent asking a third party to contact Oron.com via Skype under the alias "mainroman." Exhibit "12". An email from mainroman identifying himself as a manager from Oron.com was sent. Exhibit "12". Oron.com support emails a webmaster to contact him at his confidential and private Skype alias at "mainroman." Exhibit "12". Support@Oron.com emails to rapidgator.net "mailroman" in response to an inquiry as to the owner of Oron.com.

15. An email from Oron.com is signed "Maxim." Exhibit "13". An email is sent to Maxim at Oron.com. Exhibit "13".

16, A series of email to Oron.com refers to the same individual as "Roman" and "Maxim", associated with a Skype alias "mainroman." Exhibit "14".

17. An email is sent from GoDaddy.com to Roman Romanov at the email address mainroman@gmail.com. Exhibit "15".

18. As previously stated above, Maxim Bochenko is associated with the email address mainroman@gmail.com ( see Exhibit "3"). Numerous payments were made to the account associated with the email addresses at main_max@mail.ru , mainmax@gmail.com, and mainroman@gmail.com. Exhibit "2". A Dell computer was shipped to Maxim Bochenko at the address in Ponte Vedra Beach, Florida and associated with the email address mainroman@gmail.com. Exhibit "3".

19. An email from Roman Romanov at mainroman@gmail.com asks Tulipworld.com to ship a delivery to Maxim Bochenko in Ponte Vedra Beach, Florida. Exhibit "16". A search online reveals several order confirmation, shipping confirmations associated with the mainroman@gmail.com address that were sent to Maxim Bochenko. Exhibit "16".

20. Payments are made to Maxim Bochenko by Pay Pal associated with email address main_max@mail.ru . Exhibit "1"). Numerous payments were made to the account associated with the email addresses at main_max@mail.ru , mainmax@gmail.com, and mainroman@gmail.com. Exhibit "2". Pay Pal corresponds with Oron.com. Exhibit "17".

21. Roman Romanov emails Clips4Sale.com using the mainroman@gmail.com address identifies himself as Maxim Bochenko. Exhibit "18". On information and belief,

Clips4Sale.com is a site for adult amateur porn, fetish, sex videos, hardcore movies, videos and clips with 600 fetish categories from 50000 different studios.

22. Attached as Exhibit "20" is a text file that contains picsforfriends.info image links and Oron.com links. The file includes posts with the username "mainroman." The subject of the posts seems to be adult porn.

23. Plaintiff, Liberty Media Holdings, LLC's response to Defendant, Bochenko's jurisdictional motion in the Nevada Litigation is attached as Exhibit "21."

## BOCHENKO'S DECLARATION

24. On September 28, 2012, Maxim Bochenko signs his Declaration before a Notary Public in the State of Florida. Exhibit "22".

25. On September 28, 2012, Maxim Bochenko certifies that he can speak English and Russian and that the English translation of the Roman Romanov document is correct. The certification is made before a notary in the City of Piatigorsk of Stavropol'Skiy Krai, in Russia—the same date that Mr. Bochenko is having his Declaration notarized in the State of Florida. Exhibit "23".

26. In his Declaration, Mr. Bochenko states that he believes Mr. Romanov currently resides in Russia, even though his Russian-notarized certification of Mr. Romanov's driver's license appears that he traveled to Russia on September 28, 2012—the same date Mr. Bochenko was having his Declaration notarized in the State of Florida.

27. In his Declaration, Mr. Bochenko admits that goods were ordered under the name of Roman Romanov and shipped to his address.

28. In his Affidavit, Mr. Romanov admits that he ordered goods that were shipped to Mr. Bochenko's address.

29. Neither Mr. Bochenko nor Mr. Romanov explains why Dell computers and tulips cannot be ordered in Russia. See http://www.dell.ru/ and http://www.ru.all.biz/en/tulips-bgg1056140.

## BOCHENKO FRCP 11 LETTERS.

30. On information and belief, Mr. Bochenko was served individually and as an agent of FF Magnat Limited d/b/a Oron.com in 2:12-cv-01057-GMN-RJJ Liberty Media Holdings LLC v. FF Magnat Limited et al (U.S. District Court of Nevada). In that case, separate attorneys appeared for FF Magnat Limited d/b/a Oron.com and for Mr. Bochenko after Mr. Bochenko was served.

31. On information and belief, Mr. Bochenko was represented by an attorney in the Nevada Litigation, who e-filed a Declaration of Mr. Bochenko. Exhibit "24".

32. After Mr. Bochenko was served in this lawsuit, counsel for Flava received a telephone call from an individual identifying himself as Mr. Bochenko's attorney.

33. Subsequent to the telephone call, counsel for Flava received a letter from Mr. Bochenko advising him that if counsel for Flava failed to dismiss this case against Mr. Bochenko, he will do the following:

    a) File a motion for sanctions against you under Rule 11 with the Illinois court.

    b) File a grievance against you with the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

    c) Hire an attorney at my own expense and, once I am vindicated, hold you, your firm and your client personally liable for my legal fees. Exhibit "25".

**ORON.COM**

34.     On information and belief, at all relevant times, Defendant FF Magnat Limited d/b/a Oron.com own, operate, and/or control the Internet website Oron.com. Paragraph 5 of the First Amended Complaint (Docket No. 4). ). See the Affidavit of Phillip Bleicher, Exhibit "28".

35.     On information and belief, at all relevant times, Oron.com is registered through Network Solutions, an American company operating out of Herndon, Virginia. Oron.com utilizes the services of the company CC Bill to process its payments. CC Bill is an American company operating out of Tempe, Arizona. Paragraph 7 of the First Amended Complaint (Docket No. 4). ). See the Affidavit of Phillip Bleicher, Exhibit "28".

**DOCUMENTS FILED IN LIBERTY MEDIA HOLDINGS, LLC V. BOCHENKO, ET. AL. ("NEVADA LITIGATION")**

36.     Flava relies on the documents filed in 2:12-cv-01057-GMN-RJJ <u>Liberty Media Holdings LLC v. FF Magnat Limited et al</u> (U.S. District Court of Nevada) (hereinafter referred to as the "Nevada Litigation"). See Docket No. 84 in the Nevada Litigation and the Affidavit of Phillip Bleicher.

37.     On information and belief, at all relevant times, Oron.com is not a legitimate file storage website. Oron.com's affiliates reward program offered members the opportunity to make money by uploading copyrighted videos. Affiliates members are paid based upon the number of downloads of their posted materials and based upon how many other premium memberships were bought by users accessing Oron.com through the member's links. Paragraph 27 of the First Amended Complaint (Docket No. 4). See the Affidavit of Phillip Bleicher, Exhibit "28"; Exhibit "31".

38. On information and belief, at all relevant times, Defendant FF Magnat Limited d/b/a Oron.com is a foreign defendant with significant contacts with the United States. Exhibit "26". See the Affidavit of Phillip Bleicher, Exhibit "28".

39. Plaintiff, Liberty Media Holdings, LLC's response to Defendant, Defendant FF Magnat Limited d/b/a Oron.com's jurisdictional motion in the Nevada Litigation is attached as Exhibit "27." That response brief contains a spreadsheet listing Oron.com's contacts with the United States.

## FLAVA WORKS, INC.

40. Phillip Bleicher is the CEO of Flava Works, Inc. Plaintiff is incorporated under the laws of the State of Florida with its principal places of business at 2610 N. Miami Ave., Miami, Florida 33127 and at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613. Exhibit "28"

41. The Flava videos are filmed in Florida and Illinois. Exhibit "28". Post production work and edits are performed in the Illinois location. All of Flava Works, Inc.'s professional staff is located in the Chicago, Illinois offices. Exhibit "28". The professional staff work out of the offices located at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613. Exhibit "28".

42. The web hosting company, Steadfast, that provides hosting services to Flava Works, Inc.'s websites are located in Illinois. Exhibit "29". The computer servers that host the Flava Works, Inc.'s websites are physically located in Chicago, Illinois. Exhibit "29". The credit card processing company that processes credit cards that are used in connection with Flava Works, Inc.'s websites is located in Schaumburg, Illinois. Exhibit 30".

43. Plaintiff's alleged injury arose from defendant's Illinois-related activities., because Flava Works, Inc.'s intellectual property are located in Illinois.

44. Attached as Exhibit "31" are screenshots of copyrighted works being infringed on Oron.com at all relevant times.

45. Attached as Exhibit "32" are the DMCA takedown notices that Flava sent to Oron.com.

## THE NEVADA AND CALIFORNIA LITIGATION

46. In the Nevada Litigation, the District Court entered the following order:

Docket Text: ORDER Granting [33] Motion to Enforce Settlement. The Clerk shall enter judgment against "FF Magnat Limited, d/b/a Oron.com" and in favor of Plaintiff in the amount of $550,000.00, and execution of that amount shall be issued forthwith. FURTHER ORDERED that FF Magnat's account shall remain frozen, in order to satisfy any fee award, which may be sought by Plaintiff, but which must be brought within 30 days of this Order. FURTHER ORDERED that this case is DISMISSED with prejudice against Defendant FF Magnat and Defendant Maxim Bochenko. FURTHER ORDERED that [32] Motion to Seal is DENIED. All documents filed under seal shall be immediately unsealed by the Clerk. FURTHER ORDERED that Motions [4], [5], [6], [21], [68], [70] and [73] are DENIED as moot. FURTHER ORDERED that [34] Motion for Attorney's Fees remains under submission with the Court. FURTHER ORDERED that the Motion Hearing scheduled for Thursday, August 9, 2012 at 1:30 p.m. in Courtroom 7D, is hereby VACATED. Signed by Judge Gloria M. Navarro on 8/7/12. (Copies have been distributed pursuant to the NEF - MMM) (Docket No. 85). Exhibit "33".

47. Defendant, FF Magnat, Ltd., was also sued in 3:12-cv-04500-CRB <u>Datatech Enterprises, LLC v. FF Magnat Limited et al</u> (N. Dist. of California) (the "California Litigation"). The District Court entered granted a motion for alternative service on FF Magnat, Limited and granted the plaintiff's motion for a TRO and for a preliminary injunction. (Docket Nos. 29, 34, 35.). The Memorandum granting the preliminary injunction is attached as Exhibit "34".

48. The Declaration and documents filed in the California litigation explains how Oron.com works. Exhibit "35".

## DEFENDANT, FF MAGNAT LIMITED, WAS SERVED IN THIS CASE.

49. The Defendant, FF Magnat Limited, was served on September 12, 2012 by personal service on its agent, Maxim Bochenko. Exhibit "36". Defendant, FF Magnat Limited, has not appeared.

## ARGUMENT

**I. This court has jurisdiction over the Defendant, FF Magnat Limited d/b/a Oron.com.**

The jurisdictional analysis depends upon whether any statute or rule authorizes the forum court to exercise its dominion over the defendants, and if so, whether the court's exercise of that jurisdiction would comport with due process. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35-36 (1st Cir. Mass. 1999).

First, the Court must have statutory authorization to exercise specific personal jurisdiction over defendants of the type that the plaintiff targets. This authorization may derive from a federal statute or from a state statute of general application. A state long-arm statute furnishes a mechanism for obtaining personal jurisdiction in federal as well as state courts. See Fed. R. Civ. P. 4(k)(1)(A). In limited circumstances, the requisite authorization can be provided by Rule 4(k)(2), quoted infra Part II(C), which functions as a sort of federal long-arm statute. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35-36 (1st Cir. Mass. 1999).

FRCP 4(k)(2) provides that:

(2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

Under 28 U.S.C § 1391(c)(3), "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

Second, the Court must perform the constitutional inquiry of due process. This constitutional inquiry proceeds in three steps: relatedness, purposeful availment, and reasonableness. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35-36 (1st Cir. Mass. 1999). At the first stage, the court must ask whether the claim at issue arises out of or is related to the defendant's conduct within the forum state. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35-36 (1st Cir. Mass. 1999).

At the second step, the court must scrutinize the defendant's contacts with the forum state to determine whether those contacts constitute purposeful activity, such that being haled into court there would be foreseeable. Id at 35-36.

Lastly, the Constitution imposes an overall reasonableness restraint on the exercise of personal jurisdiction. An exercise of personal jurisdiction thus complies with constitutional imperatives only if the defendant's contacts with the forum relate sufficiently to his claim, are minimally adequate to constitute purposeful availment, and render resolution of the dispute in the forum state reasonable. Id at 35-36.

The Seventh Circuit has set forth an analysis for determining whether personal jurisdiction lies under the Illinois Long-Arm Statute:

> [T]he requisite analysis consists of three questions: (1) whether the defendant engage in one of the jurisdictional acts enumerated in the statute . . . ; (2) whether the cause of action is one "arising from" the jurisdictional act; and (3) whether the

>exercise of long-arm jurisdiction is consistent with due process as defined by prevailing constitutional standards.

John Walker & Sons, 821 F.2d 399, 402 (7th Cir. 1987); Brode v. Tax Management, Inc., 1989 U.S. Dist. LEXIS 2570 (N.D. Ill. Mar. 15, 1989).

The Illinois long arm statute provides in relevant part: (a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

   (2) The commission of a tortious act within this state [.]

Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181, 183 (N.D. Ill. 1991).

A cause of action for copyright infringement sounds in tort. Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181, 183 (N.D. Ill. 1991). An infringement of a plaintiff's intellectual property right, which right is by definition intangible, must, by definition occur "where the owner suffers the damage", i.e. where the owner is located. Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181, 183 (N.D. Ill. 1991). In discussing the Illinois long arm statute, the Seventh Circuit held that under Illinois law, it is now well settled that the term "tortious act" inevitably includes the concept of injury, the situs of the tort is the place where the injury occurs. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1142 (7th Cir. Ill. 1975).

The state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor. Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club

Limited Partnership, 34 F.3d 410, 411-12 (7th Cir. 1994); Janmark Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir. Ill. 1997). As the Seventh Circuit explained:

> There is no tort without injury, Rozenfeld v. Medical Protective Co., 73 F.3d 154, 156 (7th Cir. 1996) (Illinois law), and the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders. A wrong does not become a "tort" until an injury has occurred (speeding is wrongful, but not tortious, if no one is injured), and the location of the injury therefore is vital to understanding where the tort occurred. The tort of which Janmark complains is interference with prospective economic advantage by making false claims of copyright infringement, and this tort was not complete (because no injury occurred) until Janmark's customer canceled the order; the injury and thus the tort occurred in Illinois. Janmark Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir. Ill. 1997).

In this case, Plaintiff, Flava Works, Inc. is incorporated under the laws of the State of Florida with its principal places of business locates at 2610 N. Miami Ave., Miami, Florida 33127 and at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613. The videos are filmed in Florida and Illinois. Post production work and edits are performed in the Illinois location. All of Flava Works, Inc.'s professional staff are located in the Chicago, Illinois offices. The web hosting company, Steadfast, that provides hosting services to Flava Works, Inc.'s websites is located in Illinois. The computer servers that host the Flava Works, Inc.'s websites are physically located in Chicago, Illinois. The credit card processing company that processes credit cards that are used in connection with Flava Works, Inc.'s websites is located in Schaumburg, Illinois. Flava Works, Inc.'s intellectual property are located in Illinois.

Arguing in the alternative, pursuant to FRCP 4(k)(2) Flava's copyright infringement claim arises under federal law and service of summons on Maxim Bochenko, the agent of FF Magnat Limited d/b/a Oron.com, establishes personal jurisdiction over FF Magnat Limited d/b/a Oron.com. The emails produced in the Nevada Litigation connects Mr. Bochenko to

emails sent to and from Oron.com. Based on these emails, it appears that Mr. Bochenko is a development manager or agent or one of the principals of FF Magnat Limited d/b/a Oron.com.

With regard to the constitutional inquiry--relatedness, purposeful availment, and reasonableness—this copyright infringement claim arises out of or is related to the Defendants' conduct within the forum state. Defendants, FF Magnat Limited d/b/a Oron.com and Bochenko, conspired with John Does 1 to 26 to infringe on copyrighted works located in Illinois and hosted on Illinois servers. Defendants created Oron.com which made copies of copyrighted works on its servers. Oron.com's reward programs aided and encouraged users to upload copyrighted videos with financial incentives. Illinois residents and citizens have an interest in seeing that their property rights are not infringed on when the Intellectual property reside being a paywall on the World Wide Web.

With regard to the second and third steps, Defendants, FF Magnat, Limited and Bochenko, should have foreseen being hailed into Illinois courts when they engaged in purposeful activity by infringing on Flava's intellectual property. Defendants, FF Magnat, Limited and Bochenko, availed themselves of the protections afforded under Illinois law when they targeted the U.S. market and offered file-storage services, including to Illinois residents. Resolution of a dispute with an owner of the copyrighted works located on a server in Illinois in the forum state is reasonable.

The Seventh Circuit held in <u>Honeywell v. Metz Apparatewerke</u> that it did not does not offend "traditional notions of fair play and substantial justice" under due process to hold that a foreign defendant had sufficient minimum contacts with Illinois, when that defendant knew that its conduct would infringe on plaintiff's intellectual property. <u>Honeywell v. Metz Apparatewerke</u>, 509 F.2d 1137, 1144 (7th Cir. Ill. 1975). Direct

contact with the forum state is not essential to the exercise of personal jurisdiction. Id. The defendant Metz in Honeywell may not have physically entered the state of Illinois, but it placed its flash devices in the stream of commerce and infringed on plaintiff's patent under such circumstances that it should reasonably have anticipated that injury through infringement would occur there. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1144 (7th Cir. Ill. 1975). See also Peddinghaus Corp. v. Controlled Automation, 2012 U.S. Dist. LEXIS 33347 (C.D. Ill. Feb. 22, 2012).

A website that is interactive and commercial in nature that promotes the company or that solicits users from other jurisdictions to engage in a business relationship engages in an intentional and continuous business contact that subjects the website to personal jurisdiction of the federal courts in those jurisdictions. Publications International, Ltd. v. Burke/Triolo, Inc., 121 F. Supp. 2d 1178 (N.D. Illinois 2000); See also George S. May Int'l Co. v. Xcentric Ventures, LLC, 409 F. Supp. 2d 1052, 1059 (N.D. Ill. 2006) and Illinois v. Hemi Group LLC, 622 F.3d 754, 760 (7th Cir. Ill. 2010).

In this case, Defendants, FF Magnat, Limited and Bochenko, maintained an interactive, commercial websites through which users could download copyrighted works and earn money. Defendants promoted its website to the world, including the United States and Illinois, to sell file-storage services.

### II. The Court has jurisdiction over Maxim Bochenko.

For the same reason discussed in Section I, this Court has personal jurisdiction of Defendant, Maxim Bochenko, who was a development manager or principal of Oron.

An individual can be jointly liable for a company's infringing conduct. See Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997) (individual liability for company's copyright infringement); Chanel, Inc. v. Italian Activewear of Fla., 931 F.2d 1472, 1477 (11th Cir. 1991) (same for trademark infringement). Microsoft Corp. v. Rechanik, 249 Fed. Appx. 476, 478 (7th Cir. Ill. 2007). See also Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F.2d 809, 814 (7th Cir. Ill. 1942).

In this case, based on the documents filed in the Nevada litigation, Mr. Bochenko held himself out as Roman Romanov and as a manager or principal of Oron.com. Based on the same documents, DMCA take down notices were being sent to Oron.com at the email addresses associated with Mr. Bochenko. The documents also indicate that payments were being made to Mr. Bochenko. Roman Romanov emailed Clips4Sale.com using the mainroman@gmail.com address and identified himself as Maxim Bochenko. As the documents establish, Defendant, Bochenko is associated with the email address mainroman@gmail.com. Roman Romanov has used the same the mainroman@gmail.com address, identifying himself as Maxim Bochenko. An email sent from Oron.com via Support@Oron.com Oron.com asking a third party to contact Oron.com via Skype under the alias "mainroman." In response to an inquiry from rapidgator.net asking for the owner of Oron.com, Oron.com sends an email under the email address Support@Oron.com asking the inquirer to contact "mailroman" via Skype.

The declaration and affidavit filed by Defendant, Bochenko, on its face are not credible. On September 28, 2012, Maxim Bochenko signs his Declaration before a Notary Public in the State of Florida. On the same date, September 28, 2012, Maxim Bochenko certifies before a notary in Russia that he can speak English and Russian and that the English translation of the Roman Romanov document is correct. The certification is made before a notary in the City of

Piatigorsk of Stavropol'Skiy Krai, in Russia—the same date that Mr. Bochenko is having his Declaration notarized in the State of Florida. Defendant, Bochenko, cannot be both in Florida and Russia on the same date. Defendant, Bochenko's, Declaration and Roman Romanov's Affidavit is rebutted by the documents filed in the Nevada Litigation.

### III. Plaintiff moves to voluntarily dismiss Defendant, Maxim Bochenko, only.

FRCP 41(2) provides that "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Pursuant to FRCP 41, Flava moves to voluntarily dismiss, Defendant, Maxim Bochenko, only, without prejudice.[1]

### IV. Flava moves for entry of default order against Defendant, FF Magnat, Ltd.

Flava served Defendant, FF Magnat, Ltd. d/b/a Oron.com, via personal service on Maxim Bochenko on September 12, 2012 (Docket No. 8). Defendant, FF Magnat, Ltd. has not filed an appearance or responded to the First Amended Complaint.

WHEREFORE, Plaintiff, Flava Works, Inc., requests that this Honorable Court:

1. Voluntarily dismiss Defendant, Maxim Bochenko, without prejudice;

2. Enter an order of default against Defendant, FF Magnat, Ltd. d/b/a Oron.com;

3. Set this matter for hearing on prove-up of damages against Defendant, FF Magnat, Ltd. d/b/a Oron.com.

---

[1] Should the Court be inclined to deny Flava's motion to dismiss Defendant, Bochenko, **without** prejudice and grant Defendant, Bochenko', motion to dismiss with prejudice, Flava moves for limited discovery on the issue of jurisdiction. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 (9th Cir. 1977); Marshall v. McCown Deleeuw & Co., 391 F.Supp.2d 880, 882 (D. Idaho 2005). See also Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1271-72 (6th Cir. 1998); Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co., 440 F.3d 870 (7th Cir. Ill. 2006).

Respectfully Submitted,

By: /s/ Meanith Huon /s/

Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, IL 60690
312-405-2789
huon.meanith@gmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Flava Works, Inc.,** | ) |
| | ) |
| Plaintiff, | ) **Case No. 1:12-cv-05844** |
| | ) |
| | ) |
| | ) |
| | ) |
| **FF Magnat Limited d/b/a Oron.com**, et. al., | ) |
| | ) |
| Defendants. | ) |

## PROOF OF SERVICE

Under penalties of law, I certify that on December 3, 2012, I served the following documents or items:

**PLAINTIFF, FLAVA WORKS, INC.'S,**

**RESPONSE TO DEFENDANT, MAXIM BOCHENKO'S MOTION TO DISMISS,**

**MOTON FOR ENTRY OF DEFAULT ORDER AGAINST DEFENDANT, FF MAGNAT LIMITED, LTD,**

**AND MOTION TO VOLUNTARILY DISMISS DEFENDANT, MAXIM BOCHENKO ONLY**

by electronically filing and serving a copy on Defendants, Maxim Bochenko and FF Magnat Limited d/b/a Oron.com by U.S. Mail by mailing a copy, postage prepaid, to the following address by depositing same from a U.S. Post Office Box in Chicago, IL on December 4, 2012 before 5:00 p.m.:

Defendants, Maxim Bochenko and FF Magnat Limited d/b/a Oron.com
2392 Sunset Bluff Drive
Jacksonville, Florida 32216

/s/ Meanith Huon
Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996