# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-26, FF MAGNAT LIMITED, et al., <br><br> Defendants. | Case No. 12-cv-05844 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Young B. Kim |

## FF MAGNAT LIMITED'S MOTION TO QUASH FALSE PROOF OF SERVICE

## SPECIAL APPEARANCE

As a preliminary matter, this Motion in opposition to Plaintiff's attempts at service of process and fraudulently filed motions for Entry of Default Order Against Defendant FF Magnat Limited (Dkt. Nos. 23 and 24)[1] is intended as a limited appearance, specifically by and through the undersigned attorneys and the attorneys pending for admission *pro hac vice*. Specifically, FF Magnat Limited d/b/a Oron.com ("Oron") does not consent to the jurisdiction of this Court and seeks only to quash the procedurally inadequate service of process.

---

[1] Flava Works actually filed two Motions for Entry of Default – one in conjunction with its opposition to Maxim Bochenko's Motion to Dismiss and its own Motion to Dismiss Maxim Bochenko (Dkt. No. 23), and another as a separate motion (Dkt. No. 24). Flava Works also erroneously filed its separate Motion for Entry of Default as a motion for default judgment through the ECF system. Thus, the Motion for Entry of Default has been mis-categorized as a motion for default judgment on the ECF file system. ECF Dkt. Entry for Dkt. No. 24.

1

## **OVERVIEW**

The Plaintiff, Flava Works, Inc. ("Flava") is playing a dishonest and deceitful game with the Court. Flava's legal sleight-of-hand works like this: (1) Flava filed its suit against and served an individual, Mr. Maxim Bochenko, which Flava knew or should have known was not related to Oron in any way, (2) Flava then falsely represented to this Court that its service on Mr. Bochenko constituted good service on Oron, (3) knowing that Mr. Bochenko had no relation to Oron, Flava then dismissed its case again Mr. Bochenko, but (4) maintained its false representations to this Court that Oron was properly served through Mr. Bochenko and (5) filed for an entry of default against Oron (which it subsequently withdrew).

The result of Flava's improper actions is that there is now a false return of service pending with this Court, which necessitates Oron's response. When Oron is forced to respond to Flava's improprieties (despite never having been properly served), Flava will likely shrug and say "well, Oron is here *now*, so service isn't necessary because Oron knows about the case." However, service of process is not a "procedural nicety" and Flava should not be allowed to treat it as such. The Court should not allow Flava to reap the fruit of the poisonous tree.

Because Oron has *not* been served, the Court should quash Flava's false "proof of service" and award Oron its attorney's fees incurred in connection with this Motion to Quash. Oron is filing a Motion for Sanctions concurrently with this Motion. In further support of this Motion, Oron states as follows:

## **BACKGROUND**

On July 24, 2012, Flava filed the present action against FF Magnat Limited d/b/a Oron.com , a Hong Kong corporation ("Oron"), Earnwell Hong Kong LTD d/b/a Filesonic.com

and 26 John Doe defendants alleging copyright violations at a variety of websites, including Oron.com (which is owned and operated by Oron). Flava's complaint was a copy-cat of a lawsuit filed on June 20, 2012 by Liberty Media Holdings LLC ("Liberty Media") in the United States District Court for the District of Nevada. *See Liberty Media v. FF Magnat Ltd.*, Case No. 2:12-cv-01057-GMN (D. Nev.). Flava amended its complaint on August 9, 2012 to add another defendant, "Maxim Bochenko a/k/a Roman Romanov," whom Flava alleged "owns, operates or controls Oron.com." (Dkt. 4, p. 3).

Flava's amendment was dumbfounding for two reasons: (1) Mr. Bochenko, a resident of Florida, is not Roman Romanov, a resident of Russia, and (2) Mr. Bochenko has no relation to Oron and is not an agent of Oron and is certainly not an owner, operator or controller of Oron. *See* Declaration of Maxim Bochenko, Dkt. No. 10, Ex. A, ¶¶9-15; Declaration of Roman Romanov, Dkt. No. 10, Ex. B, ¶¶4, 10-12. The only possible explanation is that Flava purposefully included Mr. Bochenko, a resident of Florida, so that it could manufacture fraudulent jurisdiction in the United States – Oron is a Hong Kong corporation and is not itself subject to jurisdiction in the United States.

With a blatant disregard to the obvious facts, Flava filed a false return of service on both Oron and Mr. Bochenko claiming that it effectuated good service on Oron (a Hong Kong corporation) by delivering a copy of the complaint directly to Mr. Bochenko (a party wholly unrelated to Oron) in Florida. Dkt. No. 8.

In response, on September 28, Mr. Bochenko sent Flava a letter, including a notice under Fed. R. Civ. P. Rule 11, explaining and demonstrating irrefutably that Mr. Bochenko is not related to Oron in any way. *See* Notice of Frivolous Claims and Violation of Rule 11 from Mr. Bochenko to Attorney for Flava, Mr. Meanith Huon, attached hereto as <u>Exhibit 1</u>, and filed

3

previously by Flava as Dkt. No. 23, Ex. 25 ("Bochenko's Rule 11 Notice"). Thereafter, Mr. Bochenko appeared *pro se* and filed a motion to dismiss on the basis that Mr. Bochenko is not subject to personal jurisdiction in Illinois and that Mr. Bochenko has absolutely no connection to Oron or the activities alleged in Flava's complaint.

Flava finally responded to Mr. Bochenko with what is on its face a baffling document: On December 3, 2012, Flava filed a combined (1) Response to Mr. Bochenko's Motion to Dismiss, (2) Motion for Entry of Default Order against Oron and (3) Motion to Voluntarily Dismiss Mr. Bochenko. Dkt. No. 23 ("Combined Motion"). In this filing Flava put forth its logically impossible reasoning that (a) Mr. Bochenko should be dismissed from the case (presumably because he has no relation to Oron), and (b) Mr. Bochenko is an agent of Oron and therefore service on Mr. Bochenko is service on Oron. It is actually quite impressive that Flava had the audacity to put forth this logical and factual impossibility.

As there was no longer any controversy about whether Mr. Bochenko had any place in this action, the Court ordered that Mr. Bochenko was dismissed from the action. Dkt. No. 29.

Upon learning of Flava's filings requesting an order of default against it, Oron authorized counsel to file an appearance in this case for the limited purpose of opposing the Return of Service and the Motion for Entry of Default. Following a hearing on December 10, 2012, Flava withdrew its Motion for Entry of Default against Oron and the Court entered an order providing Oron time to file a responsive pleading. Dkt. No. 33.[2]

---

[2] Although the Court's Order only states that "Motion for default judgment [24] is withdrawn" and does not mention the Motion for Entry of Default that was combined into Docket No. 23, Oron presumes that the Motion for Entry of Default contained in Docket No. 23 was also simultaneously withdrawn and is no longer pending. To the extent that this is not the case, Oron is also seeking an order denying any pending Motion for Entry of Default.

In an attempt to give Flava Works a chance to voluntarily withdraw the false return of service so as to avoid needlessly belaboring this Court and incurring significant legal expenses, Oron's counsel sent Flava's counsel, Mr. Meanith Huon, a Notice of Violation of Rule 11 requesting that Flava withdraw its return of service on Oron on the basis that Flava knew that Mr. Bochenko was not an agent of Oron for any reason, including for service of process. *See* Notice of Violation of Rule 11 from Oron to Attorney for Flava, Mr. Meanith Huon, attached hereto as Exhibit 2 ("Oron's Rule 11 Notice").

Flava and Mr. Huon ignored Oron's Rule 11 Notice and did not bother to respond to it at all. *See* Declaration of Valentin Gurvits, attached hereto as Exhibit 3, ¶ 9. Despite repeated demonstrations that their actions are improper and constitute ongoing and multiple misrepresentations to the Court, Flava refuses to withdraw its false Return of Service on Oron, forcing Oron to respond with this Motion to Quash and the Motion for Sanctioned filed concurrently.

## ARGUMENT

**I.     Flava's Representations that Service on Mr. Bochenko is Sufficient Service of Process on Oron Borders on the Fraudulent.**

As the Proof of Service filed by Flava makes clear, the *only* purported service was made on Mr. Bochenko at Mr. Bochenko's Florida address. However, as Flava has known and has been shown many times, Mr. Bochenko is not (and has never been) an agent of or affiliate with Oron in anyway and is not (and has never been) authorized to accept service on behalf of Oron (a Hong Kong corporation). *See* Bochenko Decl.; Romanov Decl.; Bochenko's Rule 11 Notice; Bochenko's Motion to Dismiss; Oron's Rule 11 Notice. Mr. Bochenko has never been associated with Oron. *Id.* Mr. Bochenko has never been employed by Oron, has never provided

5

services to Oron and has never owned any part of Oron. Bochenko Decl., p. 3-4. In short, Mr. Bochenko is not an agent for service of process on Oron.

Preliminarily, it is important to note that, once a defendant brings the sufficiency of service into question, it is the Plaintiff's burden to prove sufficient service. *See Pagel v. Inland Paperboard & Packaging, Inc.*, 2010 U.S. Dist. LEXIS 1070 *9 (C.D. Ill. Jan. 7, 2010) ("It is the plaintiff's burden to prove that service was proper once it has been challenged." (citing *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000))) *reversed on other grounds* 695 F.3d 622 (7th Cir. 2012). *See also Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

In the Northern District of Illinois, Flava must prove service sufficient to satisfy the requirements of the Federal Rules of Civil Procedure and either Illinois or (in this case) Florida law:

> Under Fed. R. Civ. P. 4(h)(1), service of process on a domestic or foreign corporation may be properly effected in a judicial district of the United States "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process . . . ." Rule 4(e)(1) provides that service of process may properly be effected pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of summons upon the defendant in an action brought in the courts of general jurisdiction of the state.

*Chung v. Tarom*, S.A.*,* 990 F. Supp. 581, 583 n. 1 (N.D. Ill. 1998). Under any relevant jurisdiction's standard, whether federal, Illinois or Florida, Flava has failed its burden.

Pursuant to Florida law (where Mr. Bochenko was served), "Statutes governing service of process should be strictly construed, and valid service on a corporation may be effected only by complying with such statutes. . . . Absent strict compliance, the court lacks personal jurisdiction over the corporation." *Bank of America, N.A. v. Bornstein*, 39 So. 3d 500, 502 (Fla. Dist. Ct.

6

App. 4th Dist. 2010). Under Section 48.081 of the Florida code, service upon a foreign corporation may be made only upon "the president or vice president, or other head of the corporation," "the cashier, treasurer, secretary of general manager," "any director," "any officer," or a "business agent"[3] of the corporation.

Illinois law also requires "strict compliance" with the statutes governing service of process over out-of-state defendants. *See In re Marriage of Lewis*, 572 N.E. 2d 1246, 1247 (Ill. App. 1991). Service upon an out-of-state party "shall be made in like manner as service within [Illinois] . . . ." 735 ILCS § 5/2-2-8. Service upon a corporation in Illinois may be accomplished "(1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any manner now or hereafter permitted by law." 735 ILCS § 5/2-204.

Flava has not and cannot show that service upon Mr. Bochenko is proper service on Oron under any of the above referenced standards because Mr. Bochenko is simply and completely unconnected with Oron in any manner.

It is beyond dispute that Mr. Bochenko is not an officer, managing or general agent, or any other agent or even employee of Oron whatsoever. In Mr. Bochenko's Motion to Dismiss, Mr. Bochenko attached sworn declarations from himself and Roman Romanov, stating under the pains and penalties of perjury that Mr. Bochenko has no connection to Oron. Dkt. No. 10. It

---

[3] "A business agent as contemplated by the law means more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state. Its duties must be closely related to the duties of the officers of the corporation." *Bank of America, N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. Dist. Ct. App. 4th Dist. 2010) (holding service on a bank teller who was a "mere employee" and "not authorized to accept service" insufficient). Moreover, a "business agent of the corporation" needs to be "a person who acts as a representative of the corporation and who officially speaks for it in its local business affairs." *Dade Erection Serv. v. Sims Crane Serv.*, 379 So. 2d 423, 426 (Fla. Dist. Ct. App. 2d Dist. 1980). Mr. Bochenko is obviously not a "business agent" of Oron.

bears repeating that, as Flava has known and has been shown many times, Mr. Bochenko is not (and has never been) an agent of or affiliate with Oron in anyway and is not (and has never been) authorized to accept service on behalf of Oron. *See* Bochenko Decl.; Romanov Decl.; Bochenko's Rule 11 Notice; Bochenko's Motion to Dismiss; Oron's Rule 11 Notice. In fact, Mr. Bochenko has never been associated with Oron, has never been employed by Oron, has never provided services to Oron and has never owned any part of Oron. Bochenko Decl., p. 3-4.

However, despite the undisputable evidence to the contrary already presented to it, throughout its Combined Motion Flava continued to misrepresent to the Court that Mr. Bochenko was an agent of Oron and that Oron had been properly served through Mr. Bochenko. Seemingly arguing against itself, Flava even provided the Court with each and every piece of evidence that clearly disproved its own allegations.

The only substantiation that Flava offered to the Court was based on an absurd misreading of the documents provided to Flava by Mr. Bochenko. Flava claimed that Mr. Bochenko signed his Declaration on September 28 in Florida and that he allegedly also signed his English translation of Mr. Romanov's declaration in Russia on the same day. Combined Motion, pp. 16-17. However, even a brief but reasonable glance at the documents would reveal that Mr. Bochenko did not certify his translation before a notary in Russia. The certification that Flava points to is the translation of the certification stamp on the Romanov document that Mr. Bochenko himself translated. A simple examination of the second page of the Romanov document reveals a stamp by a Russian notary public who certified the copy of the Romanov document; Mr. Bochenko simply translated this stamp as part of his English translation. There is nothing to suggest that Mr. Bochenko made his certified translation before a notary, much less a notary in Russia.

Flava also states, without any support, that Mr. Bochenko and Mr. Romanov's declarations are "rebutted by the documents filed in the Nevada [Liberty Media] Litigation." Combined Motion, p. 17. However, the exact opposite is true. The declarations rebut the claims made in the Nevada litigation, which themselves were wholly unsupported and which lead to the subsequent dismissed of the case. The Bochenko and Romanov Declarations clearly explain that the allegations against them in the Nevada litigation were incorrect.

However, even assuming *arguendo* that the documents filed in the Liberty Media action do show some association between Mr. Bochenko and Oron, they show only what Flava stated in its Combined Motion – that the "emails . . . connects [sic] Mr. Bochenko to emails sent to and from Oron.com." Combined Motion, pp. 13-14. They do not support the contention "that Mr. Bochenko is a development manager or agent or one of the principals of FF Magnat Limited d/b/a oron.com." *Id.* at 17. Moreover, no document presented by Flava or filed in the Liberty Media action (or any litigation for that matter) supports Flava's declaration to the Court that Mr. Bochenko is authorized to accept service on behalf of Oron.

If, however, Flava will next attempt to argue that – although it did not actually serve Oron as required by the Rules – it should be excused from such "procedural niceties" because Oron now has actual knowledge of the present action, Flava should be refused.

As a threshold matter, Oron's attorneys appearing and pending to appear on behalf of Oron in this action are likewise not authorized to accept service on behalf of Oron. *See* Gurvits Decl., ¶ 10. Oron is a Hong Kong corporation, with a registered agent in Hong Kong, and should be served there in accordance with the provisions of the Hague Service Convention.

Moreover, the Seventh Circuit has stated with absolute clarity: "This court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a

9

defendant.  Moreover, it is well recognized that a 'defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.'"  *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (citing *Rabiolo v. Weinstein*, 357 F.2d 167 (7th Cir. 1966) and quoting *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir. 1988)).  It is not even enough that a defendant has received a copy of the summons and the complaint.  *See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint.").

      Indeed, to hold otherwise would simply be an invitation to every plaintiff to ignore the actual rules of service in favor of procedural tricks and sleight of hand.  Accordingly, because there has been no proper service on Oron, the purported Return of Service should be quashed.

## **CONCLUSION**

For the reasons articulated herein, Oron respectfully requests that the Court:

1. Quash the Proof of Service on Oron filed by Flava Works;

2. To the extent that any Motion for Entry of Default is pending, deny such Motion for Entry of Default;

3. Award Oron its reasonable attorney's fees in connection with this Motion and Oron's Motion to Quash.

Dated: January 22, 2013

Respectfully submitted,
FF MAGNAT LIMITED
By its Attorneys,

/s/ Matthew Shayefar
Matthew Shayefar
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com
*Pro Hac Vice*