UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., | Case No. 12-cv-05844 |
| Plaintiff, | Judge Robert W. Gettleman |
| v. | Magistrate Judge Young B. Kim |
| DOES 1-26, FF MAGNAT LIMITED, et al., | |
| Defendants. | |

**FF MAGNAT LIMITED'S MOTION FOR SANCTIONS**

**SPECIAL APPEARANCE**

As a preliminary matter, this Motion for Sanctions is intended as a limited appearance, specifically by and through the undersigned attorneys and the attorneys pending for admission *pro hac vice*. Specifically, FF Magnat Limited d/b/a Oron.com ("Oron") does not consent to the jurisdiction of this Court and seeks only a sanction for Flava Works, Inc's bad faith, abusive and unreasonable actions and omissions in relation to its filings with this Court.

**OVERVIEW**

The Plaintiff, Flava Works, Inc. ("Flava") is playing a dishonest and deceitful game with the Court. Flava's legal sleigh-of-hand seems to work like this: (1) Flava filed its suit against and served an individual, Mr. Maxim Bochenko, which Flava knew or should have known was not related to Oron in anyway, (2) Flava then falsely represented to this Court that its service on Mr. Bochenko constituted good service on Oron, (3) knowing that Mr. Bochenko had no relation

1

to Oron, Flava then dismissed its case again Mr. Bochenko, but (4) maintained its false representations to this Court that Oron was properly served through Mr. Bochenko and (5) filed for an entry of default against Oron (which it subsequently withdrew).

## BACKGROUND

On July 24, 2012, Flava filed the present action against FF Magnat Limited d/b/a Oron.com , a Hong Kong corporation ("Oron"), Earnwell Hong Kong LTD d/b/a Filesonic.com and 26 John Doe defendants, alleging copyright violations at a variety of websites, including Oron.com (which is owned and operated by Oron). Flava's complaint was a copy-cat of a lawsuit filed on June 20, 2012 by Liberty Media Holdings LLC ("Liberty Media") in the United States District Court for the District of Nevada. *See Liberty Media v. FF Magnat Ltd.*, Case No. 2:12-cv-01057-GMN (D. Nev.). Flava amended its complaint on August 9, 2012 to add another defendant, "Maxim Bochenko a/k/a Roman Romanov," whom Flava alleged "owns, operates or controls Oron.com." (Dkt. 4, p. 3).

Flava's amendment was dumbfounding for two reasons: (1) Mr. Bochenko, a resident of Florida, is not Roman Romanov, a resident of Russia, and (2) Mr. Bochenko has no relation to Oron and is not an agent of Oron and is certainly not an owner, operator or controller of Oron. *See* Declaration of Maxim Bochenko, Dkt. No. 10, Ex. A, ¶¶9-15; Declaration of Roman Romanov, Dkt. No. 10, Ex. B, ¶¶4, 10-12. The only possible explanation is that Flava purposefully included Mr. Bochenko, a resident of Florida, so that it could manufacture fraudulent jurisdiction in the United States – Oron is a Hong Kong corporation and is not itself subject to jurisdiction in the United States.

With a blatant disregard to the obvious facts, Flava filed a false return of service on both Oron and Mr. Bochenko claiming that it effectuated good service on Oron (a Hong Kong

corporation) by delivering a copy of the complaint directly to Mr. Bochenko (a party wholly unrelated to Oron) in Florida.  Dkt. No. 8.

In response, on September 28, Mr. Bochenko sent Flava a letter, including a notice under Fed. R. Civ. P. Rule 11, explaining and demonstrating irrefutably that Mr. Bochenko is not related to Oron in any way.  *See* Notice of Frivolous Claims and Violation of Rule 11 from Mr. Bochenko to Attorney for Flava, Mr. Meanith Huon, attached hereto as Exhibit 1, and filed previously by Flava as Dkt. No. 23, Ex. 25 ("Bochenko's Rule 11 Notice").  Thereafter, Mr. Bochenko appeared *pro se* and filed a motion to dismiss on the basis that Mr. Bochenko is not subject to personal jurisdiction in Illinois and that Mr. Bochenko has absolutely no connection to Oron or the activities alleged in Flava's complaint.

Flava finally responded to Mr. Bochenko with what is on its face a baffling document: On December 3, 2012, Flava filed a combined (1) Response to Mr. Bochenko's Motion to Dismiss, (2) Motion for Entry of Default Order against Oron and (3) Motion to Voluntarily Dismiss Mr. Bochenko.  Dkt. No. 23 ("Combined Motion").  In this filing Flava put forth its logically impossible reasoning that (a) Mr. Bochenko should be dismissed from the case (presumably because he has no relation to Oron), and (b) Mr. Bochenko is an agent of Oron and therefore service on Mr. Bochenko is service on Oron.  It is actually quite impressive that Flava had the audacity to put forth this logical and factual impossibility.

As there was no longer any controversy about whether Mr. Bochenko had any place in this action, the Court ordered that Mr. Bochenko was dismissed from the action.  Dkt. No. 29.

Upon learning of Flava's filings requesting an order of default against it, Oron authorized counsel to file an appearance in this case for the limited purpose of opposing the Return of Service and the Motion for Entry of Default.  Following a hearing on December 10, 2012, Flava

withdrew its Motion for Entry of Default against Oron and the Court entered an order providing Oron time to file a responsive pleading.  Dkt. No. 33.[1]

In an attempt to give Flava Works a chance to voluntarily withdraw the false return of service so as to avoid needlessly belaboring this Court and incurring significant legal expenses, Oron's counsel sent Flava's counsel, Mr. Meanith Huon, a Notice of Violation of Rule 11 requesting that Flava withdraw its return of service on Oron on the basis that Flava knew that Mr. Bochenko was not an agent of Oron for any reason, including for service of process.  *See* Notice of Violation of Rule 11 from Oron to Attorney for Flava, Mr. Meanith Huon, attached hereto as Exhibit 2 ("Oron's Rule 11 Notice").

Flava and Mr. Huon ignored Oron's Rule 11 Notice and did not bother to respond to it at all.  *See* Declaration of Valentin Gurvits, attached hereto as Exhibit 3, ¶ 9.  Despite repeated demonstrations that their actions are improper and constitute ongoing and multiple misrepresentations to the Court, Flava refuses to withdraw its false Return of Service on Oron, forcing Oron to respond with a Motion to Quash filed concurrently with this Motion for Sanctions.

## ARGUMENT

### I. Flava Should Be Sanctioned for Filing a Return of Service and Motion for Entry of Default that was Clearly False and Misleading, Necessitating the Present Motion

"District judges have the inherent authority to impose sanctions – including dismissal – when a litigant engages in conduct that abuses the judicial process." *White v. Williams*, 423 Fed. Appx. 645, 646 (7th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

---

[1] Although the Court's Order only states that "Motion for default judgment [24] is withdrawn" and does not mention the Motion for Entry of Default that was combined into Docket No. 23, Oron presumes that the Motion for Entry of Default contained in Docket No. 23 was also simultaneously withdrawn and is no longer pending.  To the extent that this is not the case, Oron is also seeking an order denying any pending Motion for Entry of Default.

"Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012). *See also Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) ("A court has inherent power . . . to punish by an award of reasonable attorneys' fees or other monetary sanction . . . .").

Moreover, under Rule 11(b) of the Federal Rules of Civil Procedure, by presenting to the Court a written motion, an attorney certifies that "after an inquiry reasonable under the circumstances . . . the factual contentions [therein] have evidentiary support." Rule 11 also provides for sanctions for violations of Rule 11(b). *See* Fed. R. Civ. P. 11(c).

In the present case, Flava – knowing that Oron had not been properly served – represented to this Court that service had been accomplished and that a default should enter as to Oron. In doing so, Flava engaged in litigation in bad faith and in conduct that abused the judicial process. Flava also failed its obligations under Rule 11 to present its filings after a reasonable inquiry into factual contentions. Flava's Return of Service of Process on Oron (Dkt. No. 8) and its two Motions for Entry of Default (Dkt. Nos. 23 and 24) exhibited at the very least a complete lack of reasonable inquiry and factual support, and demonstrate a modus operandi of dishonesty and bad faith.

Flava knew, and had been shown many times, that Mr. Bochenko is not and has never been an agent of or an affiliate of Oron in any way and that Mr. Bochenko was not authorized to accept service on behalf of Oron. *See* Oron's Motion to Quash, filed concurrently herewith. Mr. Bochenko is not (and has never been) an agent of or affiliate with Oron in anyway and is not (and has never been) authorized to accept service on behalf of Oron. *See* Bochenko Decl.; Romanov Decl.; Bochenko's Rule 11 Notice; Bochenko's Motion to Dismiss; Oron's Rule 11

Notice. Mr. Bochenko has never been associated with Oron. *Id.* Mr. Bochenko has never been employed by Oron, has never provided services to Oron and has never owned any part of Oron. Bochenko Decl., p. 3-4. In short, Mr. Bochenko is not an agent for service of process on Oron.

Despite knowing this, Flava in the Combined Motion, misrepresented to the Court that it had served Oron through Mr. Bochenko and requested that the Court enter a default as to Oron.

Prior to the filing of the Combined Motion, Flava had been notified multiple times in multiple forms about the complete disconnect between Mr. Bochenko and Oron. Mr. Bochenko served Flava's counsel with a notice pursuant to Rule 11 setting out in detail how Flava Works was mistaken. *See* Bochenko Rule 11 Notice. Mr. Bochenko provided Flava with sworn affidavits from both himself and the individual whom Flava believed Mr. Bochenko was (Mr. Roman Romanov). Mr. Bochenko also included copies of his and Mr. Romanov's identification cards. *Id.*

When Mr. Bochenko received no response from Flava, he filed a Motion to Dismiss (Dkt. No. 10) with this court which again provided all the necessary documentation and proof that Flava did not undertake a reasonable investigation, that its filings were not based on fact, that it was conducting litigation in bad faith and as an abuse of process and that its claims against Mr. Bochenko were frivolous.

Regardless, Flava moved forward and filed the Combined Motion with, at best, an unreasonable review of the facts before it. Oron's counsel, now forced to enter an appearance in the case to stop the Court from entering the default, tried once again to have Flava engage in a reasonable inquiry of the facts. *See* Oron's Rule 11 Notice. Oron even asked this Court for an extension of time to file its Motion to Quash so as to give Flava Works a reasonable amount of time to withdraw its purported service on Oron. Dkt. No. 39. However, Flava Works never

responded to Oron's Rule 11 Notice and did not withdraw its purported service on Oron. Gurvits Decl., ¶ 9.

Each and every following action and/or omission by Flava Works, standing alone and/or together, constitutes bad faith, abuse of judicial process and a violation of Rule 11:

1.      Despite undisputable evidence to the contrary, Flava, in its Combined Motion, continued to falsely represent to this Court that Mr. Bochenko is an agent of Oron and that Oron has therefore been properly served. Generally, Flava's false statements to the Court would be considered either outright intentional misrepresentations or lacking in the fundamental inquiry which Flava and its counsel have a duty to make. However, given that Flava was actually on notice that Oron cannot be served through Mr. Bochenko, its initial decision to filed the Return of Service and its subsequent refusal to withdraw it constitute intentional misrepresentation to the Court.

2.      The only retort that Flava offers against Mr. Bochenko is based on an intentional misreading of the translation of Mr. Romanov's identification card. *See* Combined Motion, pp.16-17. Flava alleges that Mr. Bochenko signed his own declaration in Florida on the same day that he signed his translation of Mr. Romanov's identification card in Russia. Had Flava made a reasonable examination of the documents, it would have clearly seen that the second page of the copy of Mr. Romanov's identification card contained a certification stamp by a notary public in Russia. Mr. Bochenko simply translated this stamp, including the date, as part of his translation. Mr. Bochenko did not make his translation before a notary, much less a notary in Russia. Flava's misreading of Mr. Bochenko's translation demonstrates an utter failure to make a reasonable inquiry before making a representation to the Court. Oron brought this misreading to Flava's attention, but Flava nonetheless refused to withdraw the Return of Service.

7

3.      Flava states, without offering any support, that the Bochenko and Romanov Declarations are "rebutted by the documents files in the Nevada [Liberty Media] Litigation." Combined Motion, p. 17.  However, as is clearly evident, the exact opposite is true.  The Romanov and Bochenko Declarations were made for the explicit purpose of rebutting the documents filed in the Liberty Media litigation, which themselves were wholly unsupported and lead to the dismissal of that action.  The Declarations clearly explain, and provide admissible and undeniable evidence, that the allegations against Mr. Bochenko and Mr. Romanov in the Liberty Media litigation were incorrect.  Flava's contention demonstrates yet either another failure to make a reasonable inquiry or another attempt to mislead this Court.

4.      The *only* actual evidence that Flava based its contentions on are "emails . . . connect[ing] Mr. Bochenko to emails sent to and from Oron.com."[2]  Combined Motion, pp. 13-14.  However, from this innocuous assertion, Flava undertakes an illogical line of reasoning so fraught with holes that it is nothing short of recklessness, dishonesty or both.  The existence of those emails do not support the contention that "Mr. Bochenko is a development manager or agent or one of the principals of" Oron.  *Id.* at 14 and 17.  However, even if the emails do show a connection between Mr. Bochenko and Oron (which they do not), it does not support in any way Flava's contention that Mr. Bochenko is an individual through whom Oron can be served process.  And it is not surprising that Flava does attempt to back up its assertions because Flava knows that it cannot.  Even so, although every path to its goal has been blocked off by the incontestable truth, Flava is still attempting to deceive this court into believing its misrepresentations.

---

[2] As the Declarations explain, Mr. Bochenko and Mr. Romanov are childhood friends and Mr. Bochenko would let Mr. Romanov use Mr. Bochenko's name and address to purchase goods in the US.  Mr. Bochenko would then ship to Mr. Romanov in Russia.  Therefore, Mr. Bochenko's name would appear in emails to Mr. Romanov.

5.    It is not possible in good faith to show to this Court on the one hand that Mr. Bochenko is not associated with Oron (and therefore should be dismissed from the case) but on the other hand to represent to the Court that Mr. Bochenko is an agent of Oron through whom process could be served. In the Combined Motion, Flava attempts (but as demonstrated above, fails) to refute Mr. Bochenko's connection to Oron but states "For other reasons, Flava moves to voluntarily dismiss only Defendant, Maxim Bochenko . . . ." Combined Motion, p. 1. Despite stating that it has other reasons for dismissing Mr. Bochenko, Flava offers absolutely zero reasons. *Id.* at 17. Based on the circumstances, one is instantly drawn to the conclusion that Flava realized its potential liability to Mr. Bochenko for its errors and therefore chose to dismiss him, but Flava still wanted to benefit from the "fruit of the poisonous tree" and claim proper service of process against Oron.

The signatures by Flava's counsel on the Return of Service for Oron, the Combined Motion and the stand-alone Motion for Entry of Default against Oron certified that its factual contentions had evidentiary support and that Flava and its counsel engaged in a reasonable inquiry. However, the written record clearly demonstrates the exact opposite – that Flava had absolutely no support whatsoever to claim that Oron had been properly served through Mr. Bochenko. In fact, Flava has been proffered time and time again ample factual support for the opposite and has been proffered time and time again the chance to retract its misrepresentations. Based on the foregoing, Flava's Return of Service on Oron, its Combine Motion and its Motion for Entry of Default against Oron were entirely illegitimate, made in bad faith, and in violation of Rule 11.

Oron gave Flava the opportunity to voluntarily withdraw its false Return of Service, but Flava refused to do so. But for Flava's misrepresentations to this Court in an improper attempt

to subvert the requirement of proper service of process, Oron would not have incurred the costs associated with this Motion and the Motion to Quash.  Accordingly, Oron respectfully requests that it be awarded its reasonable costs and attorney's fees associated with its Motion to Quash and this Motion for Sanctions.  To mitigate further costs to Oron at this time, Oron's counsel shall submit an affidavit of costs and fees to the Court should it allow this Motion for Sanctions.

## CONCLUSION

For the reasons articulated herein, Oron respectfully requests that the Court:

1.      Sanction Flava and its Attorney, Meanith Huon, for knowingly filing and refusing to withdraw the false Return of Service on Oron and making numerous misrepresentations to this Court in other filings;

2.      Award Oron its reasonable attorney's fees in connection with its Motion to Quash and this Motion for Sanctions.

Dated:          January 22, 2013

Respectfully submitted,
FF MAGNAT LIMITED
By its Attorneys,

/s/ Matthew Shayefar
Matthew Shayefar
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com
*Pro Hac Vice*

11