|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| 4 | LIBERTY MEDIA HOLDINGS, LLC, ) <br> a California Corporation, ) | Case No.: 2:12-cv-01057-GMN-RJJ |
| 5 | ) | **AMENDED ORDER** |
| 6 | Plaintiff, ) <br> ) | |
| 7 | vs. ) <br> ) | |
| 8 | FF MAGNAT LIMITED, *d/b/a* Oron.com; ) <br> MAXIM BOCHENKO, *a/k/a* Roman ) | |
| 9 | Romanov; and John Does 1-500, ) <br> ) | |
| 10 | Defendants. ) <br> ) | |

The Plaintiff has shown a substantial likelihood of success on the merits of its claims sufficient for the Court to issue a limited Temporary Restraining Order. Plaintiff alleges copyright infringement, contributory copyright infringement, vicarious copyright infringement and inducement of copyright infringement. (Compl., ECF No. 1.) To show a substantial likelihood of prevailing on the merits of a copyright infringement claim, Plaintiff must show that: (1) it owns the copyright to which its infringement claims relate; and, (2) Defendants violated one of the Plaintiff's exclusive rights in the works. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991); *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1232-33 (11th Cir. 2010); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1162 (9th Cir 1977); *Educational Testing Servs. v. Katzman,* 793 F.2d 533, 538 (3d Cir. 1977). These two factors have been clearly established by the Plaintiff.

Plaintiff has established irreparable harm wherein there is a substantial chance that upon final resolution, the movant cannot be made whole. Plaintiff has demonstrated that Defendants are engaged in allegedly fraudulent transfers that may impinge on the Court's

ability to issue effective equitable relief. *See In re Estate of Ferdinand Marcos, Human Rights Litigation*, 25 F.3d 1467 (9th Cir. 1994) (proper to issue an injunction to keep assets from being dissipated overseas, especially where defendant had engaged in a pattern of such activity).

The balance of equities favors the issuance of a temporary restraining order in that it is limited in scope and it does nothing more than prohibit Defendants from fraudulent transfers and compels that they unwind those in which they have already engaged. Freezing the domain names and any U.S. funds protects Plaintiff's ability to receive any possible relief. There is also a genuine public interest in upholding copyright protections. *See Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1066 (7th Cir. 1994) (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("It is virtually axiomatic that the public interest can only be served by upholding copyright protections …")).

Finding that the Plaintiff has demonstrated good cause for the relief requested herein,

**IT IS HEREBY ORDERED** that:

1. **Any bank or financial institution in the United States with an account belonging to FF Magnat Limited, Oron.com; Maxim Bochenko, Roman Romanov, or anyone acting demonstrably in concert with them, will immediately freeze those funds from being withdrawn for a period of fourteen (14) days until a hearing on the Preliminary Injunction can be held;**
2. **PayPal, Inc. will immediately freeze any and all funds in any FF Magnat Limited or Oron.com accounts from being withdrawn for a period of fourteen (14) days until a hearing on Preliminary Injunction can be held;**
3. **CCBill, LLC will immediately freeze any and all funds in any FF Magnat Limited or Oron.com accounts from being withdrawn for a period of fourteen (14) days until a hearing on Preliminary Injunction can be held;**

4.     AlertPay will immediately freeze any and all funds in any FF Magnat Limited or Oron.com accounts from being withdrawn for a period of fourteen (14) days until a hearing on Preliminary Injunction can be held;

5.     VeriSign will freeze the www.oron.com domain name from any further transfers;

6.     All Defendants are hereby enjoined from disgorging or dissipating any funds, property, domain names, or other assets until further notice;

7.     Defendants are not permitted to dispose of or delete any and all information that appears reasonably calculated to lead to discovery of admissible evidence, including but not limited to any information contained in the account(s) Defendants maintain with Network Solutions, Inc., Yahoo!, Inc., Google, Inc., CCBill, LLC, AlertPay, and any and all other accounts in which Defendants maintain any business records.

8.     Defendants shall restore any business records that they have deleted since the time that negotiations between Plaintiff and Defendants commenced on May 30, 2012.

    **IT IS FURTHER ORDERED** that **security** pursuant to Federal Rule of Civil Procedure 65 shall be **posted immediately** after entry of this Order in the amount of **ONE HUNDRED ($100.00) DOLLARS AND NO CENTS.**

    **IT IS FURTHER ORDERED** that Plaintiff **immediately serve** the Complaint, Motion For Temporary Restraining Order, Motion For Preliminary Injunction, and copy of this Order on Defendants.

    **IT IS FURTHER ORDERED** that a hearing is scheduled for **Tuesday, July 3, 2012 at 2:30 p.m., before the Honorable Gloria M. Navarro, United States District Judge, in Courtroom 7D** of the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard,

Page 3 of 4

South, Las Vegas, Nevada, for Defendants to show cause why an Order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting to Plaintiff a preliminary injunction extending the relief granted by this Temporary Restraining Order. Plaintiff's request to have a receiver appointed to take possession of the Defendant's assets will also be addressed at that hearing.

**IT IS FURTHER ORDERED** that Defendants' answering papers shall be filed with the Clerk of this Court and served on Plaintiff's attorneys, with a courtesy copy being delivered to Judge Gloria M. Navarro's chambers, on or before **5:00 p.m. on Wednesday, June 27, 2012**. Reply papers shall be likewise filed with the Clerk of this Court and served on Defendants' attorneys, with a courtesy copy being delivered to Judge Gloria M. Navarro's chambers, on or before **12:00 noon on Monday, July 2, 2012**.

**IT IS FURTHER ORDERED** that Plaintiff's request for expedited discovery is **DENIED without prejudice**, as Plaintiff gives no proposed timeline or justification for expedited discovery in its motion.

**DATED** this 22nd day of June, 2012.

_____
Gloria M. Navarro
United States District Judge