**DAVID S. KAHN** (Nevada Bar No. 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (Nevada Bar No. 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (Nevada Bar No. 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727.1400; FAX (702) 727-1401

**KENNETH E. KELLER** (CA Bar No. 71450) (*pro hac vice*) kkeller@kksrr.com
**STAN G. ROMAN** (CA BAR. NO. 87652) (*pro hac vice*) sroman@kksrr.com
**MICHAEL D. LISI** (CA Bar No. 196974) (*pro hac vice*) sroman@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
(415) 249-8330; FAX (415) 249-8333

**STEVAN LIEBERMAN** (Washington, DC Bar No. 448218) (*pro hac vice)*
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
(202) 625-7000; fax: 202-625-7001
stevan@APLegal.com

Attorneys for Defendant FF MAGNAT LIMITED

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,

Plaintiff

vs.

FF MAGNAT LIMITED d/b/a/ ORON.COM; MAXIM BOCHENKO a/k/a/ ROMAN ROMANOV; and JOHN DOES 1 - 500.

Defendants.

Case No. CV 2:12-cv-01057 GMN

**DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**HEARING REQUESTED**

**Judge:** **Hon. Gloria M. Navarro**
**Courtroom:** **7D**

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendant FF Magnat Limited hereby moves this Court for an order dismissing the Complaint in this action based on lack of personal jurisdiction. Defendant FF Magnat Limited requests a hearing on its Motion.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(2) and is based upon this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the accompanying Declaration of Davidoglov Stanislav, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: July 31, 2012

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: ______________/s/______________________
KENNETH E. KELLER
Attorneys for Defendant FF MAGNAT LIMITED

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 1

III. LEGAL STANDARD .......... 2

IV. ARGUMENT .......... 4

A. Oron Does Not Have Sufficient Minimum Contacts With Nevada or the United States To Establish Personal Jurisdiction .......... 4

1. Plaintiff Cannot Establish General Jurisdiction .......... 4

2. Plaintiff Cannot Establish Specific Jurisdiction .......... 6

B. Exercise of Jurisdiction Over Oron Would Not Be Reasonable .......... 9

1. The Extent of Purposeful Interjection .......... 9

2. The Burden on the Defendant to Defend the Suit in the Chosen Forum .......... 10

3. The Extent of Conflict with the Sovereignty of the Defendant’s State .......... 10

4. The Forum State’s Interest in the Dispute .......... 11

5. The Most Efficient Forum for Judicial Resolution of the Dispute .......... 11

6. The Importance of the Chosen Forum to the Plaintiff’s Interest in Convenient and Effective Relief .......... 11

7. The Existence of an Alternative Forum .......... 11

V. CONCLUSION .......... 12

i

DEFENDANT FF MAGNAT LIMITED’S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507 GMN-RJJ

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848 (9th Cir. 1993) .......... 4

*Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) .......... 10

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) .......... 4

*Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082 (9th Cir. 2000) .......... 4

*Bauman v. Daimlerchrysler Corp.*, 644 F.3d 909 (9th Cir. 2011) .......... 11

*Be2LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011) .......... 7

*Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126 (1995) .......... 11

*Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994). .......... 2

*Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240 (9th Cir. 1984) .......... 10

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) .......... 2

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2005) .......... 10

*Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589 (E.D. Va. 2003). .......... 5

*Hanson v. Denckla*, 357 U.S. 235 (1958) .......... 6

*Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450 (9th Cir. 2007) .......... 3

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .......... 3

ii

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507

*Judas Priest v. Second Judicial Dist. Court of Nev.*, 104 Nev. 424, 760 P.2d 137, 138 (1988) .......... 2

*Liberty Media Holdings LLC v. Serge Letyagin d/b/a Sunporno.com*, Case No. 11-62107-CV-WILLIAMS (S.D. Fla. 2011) .......... 7

*Mavrix Photo, Inc., v. Brand Technologies, Inc.*, 2011 WL 3437047, (9th Cir. 2011) .......... 6

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) .......... 3

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) .......... 4

*Porche v. Pilot & Associates, Inc.*, 2009 WL 688988 (9th Cir. 2009) .......... 2

*Weinstein v. Norman M. Morris Corp.*, 432 F.Supp. 337 (E.D. Mich. 1977) .......... 3

**Statutes**

Fed. R. Civ. P. 12(b)(2) .......... 1

iii

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Although Plaintiff Liberty Media Holdings LLC ("Plaintiff") has spent an inordinate amount of time and energy seeking to freeze the assets of defendant FF Magnat Limited ("Oron") and accusing it of all manner of wrongdoing, it has overlooked – or purposely ignored – one crucial fact. Notwithstanding Plaintiff's trumped up and unsupported allegations of copyright infringement, the facts of this case demonstrate that Oron, a Hong Kong company, has not had sufficient minimum contacts with the forum state of Nevada to establish either general or specific jurisdiction in this Court. Given this lack of personal jurisdiction, the Complaint against Oron should be dismissed. [1]

### II. FACTUAL BACKGROUND

Oron is a legitimate business located in Hong Kong, which owns the domain name oron.com ("Oron"). Oron is a computer file storage company that provides data storage services accessible on the internet throughout the world to private individual, business and professional users through its website. Like well-known "cloud services" offered by such companies as Apple ("iCloud" and apple.me), Amazon, Google, Hewlett Packard and DropBox, Oron offers its users the ability to upload and store large amounts of data on remote and secure servers. The users have complete control over their stored data and decide whether to share their data with others. Oron.com was registered in 2001. (Declaration of Davidoglov Stanislav in support of Motion to Dismiss ("Stanislav Decl."), ¶ 2).

Oron offers its storage services to users throughout the world. Publicly available information, such as the information available through WHOIS domain tools, demonstrates that only 14.3% of visitors to Oron's website come from the United States. (*See* Site Profile on http://whois.domaintools.com/oron.com). The majority of Oron's users are from Europe, Asia, and Russia, and the overwhelming percentage of its revenue is derived from users outside of the United States. (*Id.*, ¶ 3).

[1] Defendant Maxim Bochenko has separately moved to dismiss the Complaint against him for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (Dkt. No. 21).

None of Oron's employees, officers, directors or owners is a United States resident or a resident of the state of Nevada. The owner, Davidoglov Stanislav, resides in Moldova. The complaint alleges that defendant Maxim Bochenko is a resident of Florida and Colorado and is a "director/controlling party" of Oron. That is false. Mr. Bochenko is not and never has been an employee, officer, director, managing agent or owner of Oron. (*Id.*, ¶ 4; Declaration of Maxim Bochenko in Support of Motion to Dismiss (Dkt. No. 21-1) ("Bochenko Decl."), ¶ 8). Indeed, Mr. Bochenko's only connection to Nevada is a two-day personal vacation he took to Las Vegas five years ago. (Bochenko Decl., ¶¶ 4, 5).

The website oron.com is not registered with any registrar within Nevada, but rather is registered outside of the United States. (Stanislav Decl., ¶ 5). Oron has not entered into any contracts with vendors in Nevada, does not have a registered agent to accept service of process in Nevada or any other state, does not advertise or solicit its business in Nevada or in any other state, and is not incorporated in Nevada or any other state. (*Id.*, ¶ 6).

## III. LEGAL STANDARD

Plaintiff bears the burden of demonstrating that personal jurisdiction exists over each of the defendants in an action as of the date the complaint was filed. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Porche v. Pilot & Associates, Inc.*, 2009 WL 688988 (9th Cir. 2009) (measuring contacts as of the date the complaint was filed). "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Id*. "Second, the exercise of jurisdiction must comport with federal due process." *Id*. at 1404-05.

Plaintiff contends that this Court has personal jurisdiction over Defendants under Nevada's long-arm statute, which extends jurisdiction to the limits of what due process allows. *Judas Priest v. Second Judicial Dist. Court of Nev.*, 104 Nev. 424, 426, 760 P.2d 137, 138 (1988). Plaintiff also contends that this Court has personal jurisdiction over Defendants under Federal Rule of Civil

Procedure 4(k)(2), the federal long arm statute.[2] Under that Rule, Plaintiff must establish that 1) the claim arises under federal law; 2) defendant is not subject to jurisdiction of any state's court of general jurisdiction; and 3) the court's exercise of jurisdiction comports with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).

Under either Nevada's long arm statute or Rule 4(k)(2), the principal question is whether the exercise of personal jurisdiction here comports with due process, which requires that a nonresident defendant have sufficient minimum contacts with the relevant forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole."). However, jurisdiction under Rule 4(k)(2) is particularly difficult to establish. As the Ninth Circuit noted in *Holland America Line Inc.*, contacts with the United States must be "extensive" to warrant jurisdiction under the Rule; "[i]ndeed, in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule." *Id.* at 462.

Oron does not have sufficient minimum contacts with either the state of Nevada or the United States to establish jurisdiction under Nevada's long arm statute or Rule 4(k)(2). It is respectfully submitted that the Court lacks personal jurisdiction over Oron and that the exercise of jurisdiction here would be unreasonable.

[2] Plaintiff also alleges that "[a]s a foreign defendant, Oron is subject to jurisdiction in any district." Complaint, ¶ 22 (citing 28 U.S.C. 1391). That statute, however, is a venue provision, and does not in any way create personal jurisdiction over Oron. *See, e.g., Weinstein v. Norman M. Morris Corp.*, 432 F.Supp. 337, 339 (E.D. Mich. 1977) ("Section 1391(d), as its title indicates, is a venue statute and not a statute creating personal jurisdiction in federal district courts.").

3

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507

## IV. ARGUMENT

### A. Oron Does Not Have Sufficient Minimum Contacts With Nevada or the United States To Establish Personal Jurisdiction

#### 1. Plaintiff Cannot Establish General Jurisdiction

Applying the "minimum contacts" analysis, a court may obtain either general or specific jurisdiction over a defendant. General jurisdiction is available where the foreign defendant's activities in the forum are substantial, continuous and systematic, even if the subject of the suit is unrelated to his or her contacts to the forum. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446 (1952). "The standard for establishing general jurisdiction is 'fairly high," … and requires that the defendant's contacts be of the sort that approximate physical presence….Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In fact, the Ninth Circuit has "regularly … declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 850, n 3 (9th Cir. 1993).[3]

Plaintiff simply cannot meet the rigorous and "exacting" standards enunciated by the Ninth Circuit for establishing general jurisdiction over Oron. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In the Complaint, Plaintiff alleges that personal jurisdiction is proper because "the wrongful activity at issue concerns Defendant's operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals and companies in the United States." (Complaint, ¶ 21). Plaintiff further premises jurisdiction on the allegation that "Oron's largest contingent of users are from the United States," and that the "illegal

---

[3] In *Amoco Egypt Oil Co., supra*, 1 F.3d 848, 851, n.3, the Ninth Circuit noted that the non-resident corporate defendant's lack of a license to do business in the forum state, its lack of offices, property, or employees in the state, and an absence of advertising or business solicitation in the state suggested that the defendant's contacts were inadequate to support the exercise of general jurisdiction.

distribution of the Plaintiff's works takes place, if not entirely, at least partially, in the United States." (*Id.*, ¶¶ 24, 26). Finally, Plaintiff alleges that jurisdiction is proper because the "director/controlling party for Oron is [defendant] Bochenko, a resident of Jacksonville, Florida and Golden, Colorado." A review of those allegations, however, demonstrates that they are factually inaccurate, and do not support the exercise of jurisdiction over Oron.

First, this Court does not have general jurisdiction over Oron, a Hong Kong corporation that primarily does business with internet users from Europe, Asia and Russia. (Stanislav Decl., ¶ 3). The website oron.com is not registered with any registrar within Nevada and now is registered outside of the United States.[4] (*Id.*, ¶ 5). Oron has not entered into any contracts with vendors in Nevada, does not have a registered agent to accept service of process in Nevada or the United States, does not advertise or solicit its business in Nevada or the United States, and is not incorporated in Nevada or the United States. (*Id.*, ¶ 6).

At the same time, the allegation that the largest contingent of Oron's users are from the United States is also demonstrably false. To the contrary, only 14.3% of Oron's online traffic is from the United States. (*See* Site Profile on http://whois.domaintools.com/oron.com). Plaintiff has not shown *any* particular contacts that Oron has had with the State of Nevada specifically.

Moreover, and contrary to Plaintiff's allegations, none of Oron's employees, officers, directors or owners is a resident of Nevada or of the United States. The owner of Oron, Davidoglov Stanislav, resides in Moldova. (*See* Stanislav Decl., ¶ 1) Although the complaint alleges that defendant Bochenko is a resident of Florida and Colorado and is a "director/controlling party" of Oron, that is untrue. Mr. Bochenko is not and never has been an employee, officer, director, managing agent or owner of Oron. (*Id.*, ¶ 4; Declaration of Maxim Bochenko in Support of Motion to Dismiss (Dkt. No. 21-1) ("Bochenko Decl."), ¶ 8). Indeed, Mr. Bochenko's only connection to Nevada is a two-day personal vacation he took to Las Vegas five years ago. (Bochenko Decl., ¶¶ 4,

[4] Moreover, registering a domain name with a U.S. company is insufficient to support personal jurisdiction over a website operator. *See Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 590 (E.D. Va. 2003).

5

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507

5).

Plaintiff nonetheless suggests that because the www.oron.com website is accessible to residents of the United States, including Nevada, minimum contacts are established. (*See* Complaint, ¶ 33 ("Oron operates the internet website Oron.com, which can be accessed throughout the United States as well as globally"); ¶ 50 (alleging Oron's infringing activities "serve as an inducement, attracting many individuals to purchase memberships to access the Defendant Oron.com website, including residents of Nevada")). However, it has been held that a website that permits forum residents, among all others in the world, to purchase products on-line is not sufficient to subject Oron to general jurisdiction. *See, e.g., Mavrix Photo, Inc., v. Brand Technologies, Inc.*, 2011 WL 3437047, *6 (9th Cir. 2011) (holding that occasional sales to forum residents by a nonresident defendant do not suffice to establish general jurisdiction, and that "Brand's operation of an interactive website – even a 'highly interactive' website – does not confer general jurisdiction").

**2. Plaintiff Cannot Establish Specific Jurisdiction**

A court may also exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court. The question is "whether the cause of action arises out of or has a substantial connection with that activity." *Hanson v. Denckla*, 357 U.S. 235, 250-253 (1958). The Ninth Circuit uses a three part test for specific jurisdiction: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters*, 223 F.3d at 1086. Applying these standards, it is respectfully submitted that this Court does not have specific jurisdiction over Oron.

Plaintiff cannot meet the first two prongs of the personal jurisdiction test because (1) Plaintiff has not demonstrated that Oron has performed any specific act or consummated any specific transaction within Nevada or the United States; and (2) even if Oron had some insignificant contacts with either forum, Plaintiff's claims do not "arise out of" those forum related contacts. Moreover, Plaintiff cannot satisfy the elements of the "effects test," under which the due process requirements

for personal jurisdiction may, under certain circumstances, be satisfied on the basis of the "effects" that out-of-state conduct had in the forum state.

Plaintiff's complaint does not identify any specific conduct by Oron occurring in Nevada or the United States other than to vaguely allege that Oron operates a business whose website is accessible by residents of the entire world. However, courts have been careful "in resolving questions of personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *Be2LLC v. Ivanov*, 642 F.3d 555, 558-559 (7th Cir. 2011). In other words, simply operating a website that is accessible by residents of Nevada or the United States as a whole does not amount to purposefully availing oneself of the privileges of conducting activities in the forum state.

Moreover, the fact that Oron operates a website that is accessible by Nevada or United States residents does not establish specific jurisdiction because Plaintiff's claims do not arise out of Oron's activity. There are no allegations in the complaint that the allegedly infringing material was loaded onto oron.com by a resident of Nevada or the United States. Although the Complaint alleges that "illegal distribution of the Plaintiff's works takes place, if not entirely, at least partially, in the United States," allegedly unlawful conduct of third parties that is not authorized by Oron cannot be attributed to Oron for purposes of establishing Oron's minimum contacts for jurisdictional purposes.

Significantly, Plaintiff has made – and lost – the exact same argument in an identical case filed against another file sharing company, SunPorno. In *Liberty Media Holdings LLC v. Serge Letyagin d/b/a Sunporno.com*, Case No. 11-62107-CV-WILLIAMS (S.D. Fla. 2011), Plaintiff initially sought a TRO to freeze assets, including the transfer of defendant's domain names to a third party, although at the hearing it sought only the injunction with respect to transfer of the domain name. (*See* Request for Judicial Notice, filed herewith, Ex. A, at 2). The allegations against SunPorno were essentially identical to the allegations that Plaintiff makes here. (*Id*., Ex. A at 1-2). The district court denied the injunction, in part because the Plaintiff had not shown that SunPorno's conduct could, "in line with the Constitution, subject it to jurisdiction." The court rejected the

7

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507

Plaintiff's argument – the same argument it raises here – that SunPorno's "considerable" web traffic originating from the United States (shown to be 15% of its total traffic) was sufficient to establish jurisdiction. As is the case here, there was also no showing that SunPorno's website directly targeted users within the forum state (Florida). (*Id*., Ex. A at 7-10). Finally, the *SunPorno* court also rejected Liberty's arguments that its "business model is premised on operating and broadcasting pirated works into the United States and that Defendant has "established several jurisdictions" in the United States through unidentified advertising and contracting activity. (*See* Request for Judicial Notice, Ex. A, at 8, n.5)

The situation and arguments for the exercise of jurisdiction in this case are identical although the percentage of Oron's users from the United States is even less than in SunPorno. There is no evidence that Oron has specifically targeted users from Nevada or that any user from Nevada has infringed Plaintiff's copyrights. Oron could not reasonably anticipate being "haled into court in Nevada" based on its operation of a worldwide hosting, file sharing website

Finally, Plaintiff cannot establish specific jurisdiction over Oron by relying on the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). The Ninth Circuit has held that for *Calder* to apply, the plaintiff must allege facts sufficient to meet a three-prong test. First, the defendant must have committed an intentional tort. Second, the defendant must have expressly aimed his tortious conduct at the forum state. Third, the defendant must have caused harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).

Plaintiff has not satisfied the elements of the *Calder* effects test. Although Oron is alleged to have engaged in copyright infringement, it cannot be said that Nevada or even the United States was the focal point of the alleged tortious activity in the sense that the tort was "expressly aimed" at Nevada. The express aiming requirement is satisfied when defendant is alleged to have engaged in wrongful conduct individually targeted at a plaintiff whom the defendant knows to be a resident of the forum state. *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). As discussed in Oron's Opposition to Motion for Preliminary Injunction and Appointment of

Preliminary Receiver, there is no evidence that Oron had actual knowledge that allegedly infringing material had been uploaded onto its website, or that the party claiming to have exclusive rights to the copyrighted material had a place of business in Nevada or even in the United States. And in any event, without individual targeting, mere knowledge that a plaintiff has a place of business in the forum is not necessarily sufficient to confer jurisdiction, even if harm occurs in the forum. *Schwarzenegger*, 374 F.3d at 807.

Plaintiff has failed to meet its burden of establishing minimum contacts under either the Nevada long arm statute or Rule 4(k)(2). Consequently, Plaintiff has not demonstrated that this Court has personal jurisdiction over Oron, and thus has not demonstrated that it is likely to prevail in the case.

**B. Exercise of Jurisdiction Over Oron Would Not Be Reasonable**

In addition to having the requisite contacts with the forum state to establish jurisdiction, the Court must also determine whether exercising jurisdiction would be reasonable. *Amoco Egypt Oil*, 1 F.3d at 851. In *Amoco*, the Ninth Circuit listed seven factors to be balanced in determining whether the exercise of personal jurisdiction over a particular defendant would be reasonable:

> [1] the extent of purposeful interjection, [2] the burden on the defendant to defend the suit in the chosen forum, [3] the extent of conflict with the sovereignty of the defendant's state, [4] the forum state's interest in the dispute, [5] the most efficient forum for judicial resolution of the dispute, [6] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and [7] the existence of an alternative forum.

*Id.* On balance, these factors weigh strongly against the exercise of personal jurisdiction over Oron. This case really involves a dispute between a Hong Kong company and a California corporation about allegedly infringing conduct on a website whose users are predominately from countries other than the United States. The fact that Plaintiff has not specifically identified any infringing conduct that took place within Nevada underscores the fact that jurisdiction over that Hong Kong company would be unreasonable.

**1. The Extent of Purposeful Interjection**

"There may be circumstances under which the level of purposeful injection into the forum

supports a finding of purposeful availment yet still weighs against the reasonableness of jurisdiction." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114-1115 (9th Cir. 2005). In this case, even if the Court were to conclude that Oron had contacts sufficient to support the exercise of personal jurisdiction, the extent of its "purposeful interjection" into Nevada would be minimal. As discussed above, Oron itself conducts no business and has no employees in Nevada, and has not purposefully interjected itself into the state for any purpose.

**2. The Burden on the Defendant to Defend the Suit in the Chosen Forum**

Oron is a Hong Kong company, and it has no officers, directors or employees who reside in the United States. (Stanislav Decl., ¶¶ 2, 4) Because Oron conducts no business in Nevada or the United States as a whole, it would be very burdensome for it to defend itself in a Nevada court. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987); *see also Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1243 (9th Cir. 1984) ("It would not comport with fair play and substantial justice to assert jurisdiction over a West German corporation in the distant forum of California on a claim that arises out of activities in Europe, where the corporation had no contact with California other than a developing sales market.").

**3. The Extent of Conflict with the Sovereignty of the Defendant's State**

The third factor, conflict with the sovereignty of a defendant's state, entails an examination of the competing sovereign interests in regulating Oron's behavior. *See Dole*, 303 F.3d at 1115. Oron has no "significant ongoing relationships" with Nevada. *Id.* However, because Oron is a Hong Kong company, the Hong Kong courts may have an interest in regulating Oron's behavior, especially where an action has already been commenced between these same parties in Hong Kong.[5] This factor weighs against exercising personal jurisdiction over Oron.

---

[5] As the Court is aware, in addition to this action Plaintiff has also instituted legal proceedings against Oron in Hong Kong. In that action, Plaintiff obtained a temporary restraining order freezing up to three million United States dollars. (Stanislav Decl., ¶ 7 & Ex. A).

10

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507

**4. The Forum State's Interest in the Dispute**

Oron does not dispute that Nevada has an interest in providing a forum for its residents and citizens who are tortiously injured. *See Dole,* 303 F.3d at 1116. Although Oron disputes that it engaged in any tortious conduct or that Plaintiff suffered any injury as a result of such conduct, because Plaintiff maintains a place of business in Nevada, this factor arguably weighs in favor of personal jurisdiction.

**5. The Most Efficient Forum for Judicial Resolution of the Dispute**

Given that Oron is domiciled in Hong Kong (Stanislav Decl., ¶ 2), that its principal resides in Moldova (*id*., ¶ 1), and that Plaintiff has already initiated a legal action in the Hong Kong courts – and indeed obtained a TRO there – it cannot be said that Nevada would be the most efficient forum for resolution of the dispute. Consequently, this factor weighs against jurisdiction in a Nevada court or is, at worst, neutral.

**6. The Importance of the Chosen Forum to the Plaintiff's Interest in Convenient and Effective Relief**

In the Ninth Circuit, the plaintiff's convenience is not of paramount importance in making a reasonableness determination. *See Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 129 (1995). Moreover, the fact that Plaintiff has already initiated proceedings in Hong Kong demonstrates that any inconvenience to litigating abroad is minimal. Accordingly, this factor does not weigh overwhelmingly in Plaintiff's favor.

**7. The Existence of an Alternative Forum**

Plaintiff has the burden of proving the unavailability of an alternative forum. *Bauman v. Daimlerchrysler Corp.,* 644 F.3d 909, 928 (9th Cir. 2011). Plaintiff, however, has established just the opposite by filing a simultaneous legal action against Oron in the Hong Kong courts (Stanislav Decl.., ¶ 7, Ex. A). As such, this factor weighs in favor of Oron. The parties are actively litigating these same issues in the Hong Kong courts, so Plaintiff is already pursuing its claims in an alternative forum.

Balancing all of these factors, the majority of which favor Oron, it is evident that exercising personal jurisdiction over Oron here would not be reasonable. Consequently, the Complaint against

Oron should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Oron respectfully requests that the Court dismiss the Complaint against it in this action.

Dated: July 31, 2012

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: ______________/s/______________________
KENNETH E. KELLER
Attorneys for Defendant FF MAGNAT LIMITED

12

DEFENDANT FF MAGNAT LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 2:12-cv-01507