# BOSTON LAW GROUP, PC

ATTORNEYS AT LAW

825 BEACON STREET, SUITE 20
NEWTON CENTRE, MASSACHUSETTS 02459

Main (617) 928-1800

Fax (617) 928-1802

### NOTICE OF VIOLATION OF RULE 11

VIA US PRIORITY MAIL AND E-MAIL

December 28, 2012

Meanith Huon
Huon Law Firm
P.O. Box 441
Chicago, IL 60690
huon.meanith@gmail.com

  RE: Flava Works, Inc. v. John Doe 1 to 26 et al
     Case No. 1:12-cv-05844, N.D. Ill.

Dear Attorney Huon,

  Please be on notice that this firm represents FF Magnat Limited ("Oron") in connection with the above referenced action. This purpose of this letter is to put you on notice that the filings by you and on behalf of Flava Works, Inc. in the above referenced action against Oron contained knowing misrepresentations and were in violation of Rule 11 of the Federal Rules of Civil Procedure for the reasons set forth in detail below. As you know, or should have known, Maxim Bochenko is not an agent of Oron and Oron was NOT properly served. Unless you immediately withdraw the Return of Service of Process for Oron (Docket No. 8) and the Motion for Entry of Default (Docket No. 23), Oron will have no choice but to file a Motion to Quash (incurring substantial legal fees and expenses in the process) and then to move for sanctions and damages against you and your client.

  Your filings with the Court clearly exhibit a modus operandi of dishonesty. You have known, and have been shown many times, that Maxim Bochenko is not an agent of or affiliate with Oron in any way and is not authorized to accept service on behalf of Oron. Despite knowing this, you represented to the Court that you have served Oron through Mr. Bochenko.

  As Mr. Bochenko explained and demonstrated to you irrefutably and in no uncertain terms in his Rule 11 letter dated September 28, 2012 (which you filed with the Court as Docket No. 23, Exhibit 25 and which is attached hereto as <u>Exhibit A</u>), Mr. Bochenko is not Roman Romanov and Mr. Bochenko has never been associated with Oron. Mr. Bochenko has never been employed by Oron, has never provided services to Oron and has never owned any part of Oron. See Declaration of Maxim Bochenko, Docket No. 10, p.3-4.

1

In his motion to dismiss filed with the court on October 2, 2012 (Docket No. 10), Mr. Bochenko attached sworn declarations from himself and Roman Romanov, stating under the pains and penalties of perjury that they are not the same person and that Mr. Bochenko has no connection to Oron. Mr. Bochenko additionally enclosed notarized copies of his own identification card and Roman Romanov's identification card (with a certified translation) proving that they are not the same person. (These affidavits are attached hereto as Exhibits B and C respectively.)

Despite the undisputable evidence offered to the contrary, in your Motion for Entry of Default of December 3, 2012 (Docket No. 23), you continued to misrepresent to the Court that Mr. Bochenko is an agent of Oron and that Oron has therefore been properly served. Your statements to the Court were either outright lies or lacking in the fundamental inquiry which you have a duty to make. You knew perfectly well that Mr. Bochenko is not affiliated with Oron in any way and you knew perfectly well that Mr. Bochenko is not authorized to accept service of process on behalf of Oron.

In your Motion you give the Court every piece of information that has been provided to you proving that Mr. Bochenko is not related to Oron and yet, without any reasonable basis, you continue to claim that Oron has been served through Mr. Bochenko.

The only substantiation for your incorrect conclusion which you offered to the Court was based on an absurd misreading of the documents provided to you by Mr. Bochenko. You claim that Mr. Bochenko signed his Declaration on September 28 in Florida and he allegedly also signed his English translation of the Romanov document in Russia on the same day. (Pages 16-17) This very claim demonstrates your utter failure to make a reasonable inquiry before making a representation to the Court, and proves your Rule 11 violation. Had you taken time to examine the documents provided by Mr. Bochenko, you would have seen that Mr. Bochenko did not certify his translation before a notary in Russia. That certification is the translation of the certification stamp on the Romanov document that Mr. Bochenko himself translated. Had you looked at the second page of the Romanov document, you would have seen a stamp by the Russian notary public who certified the copy of the Romanov document and Mr. Bochenko simply translated this stamp as part of his English translation. Mr. Bochenko did not make his certified translation before a notary, much less a notary in Russia. I cannot fathom how you came to your conclusion that he did, except that you have been either utterly reckless or intentionally dishonest.

You also, without any support, state that Mr. Bochenko and Roman Romanov's declarations are "rebutted by the documents filed in the Nevada Litigation." (Page 17) However, the exact opposite is true (which once again demonstrates your failure to make a reasonable inquiry). The Romanov and Bochenko declarations rebut the claims made in the Nevada Litigation (which themselves were wholly unsupported and which were subsequently dismissed). The Bochenko and Romanov declarations clearly explain that the allegations against them in the Nevada Litigation were incorrect.

2

However, even assuming arguendo that the documents filed in the Nevada Litigation do show some association between Mr. Bochenko and Oron, they show only what you stated in your Motion – that the "emails . . . connects [sic] Mr. Bochenko to emails sent to and from Oron.com." They do not support the contention "that Mr. Bochenko is a development manager or agent or one of the principals of FF Magnat Limited d/b/a oron.com." (Page 17) Moreover, no document presented by you or in the Nevada Litigation (or in any litigation for that matter) supports your declaration to the Court that Mr. Bochenko is authorized to accept service on behalf of Oron. In fact, the paper record clearly demonstrates that you had every reason to believe that Mr. Bochenko is **not** authorized to accept service on behalf of Oron – which explains why you offer absolutely no explanation as to how it is possible that service on Mr. Bochenko is service on Oron. (Page 10) Your line of reasoning is so fraught with holes that it is nothing short of recklessness, dishonesty or both.

Your signature on the Return of Service for Oron and your Motion for Entry of Default against Oron certified that your factual contentions had evidentiary support. However, the written record clearly demonstrates the exact opposite - that you had absolutely no support whatsoever to claim that Oron has been properly served through Mr. Bochenko, and in fact you have been given ample factual to support the exact opposite. Your Return of Service for Oron and your Motion for Entry of Default against Oron are therefore entirely illegitimate.

It is not possible in good faith to show the Court on the one hand that Mr. Bochenko is not associated with Oron at all but on the other hand to represent to the Court that Mr. Bochenko is an agent of Oron authorized to accept service of process.

**Accordingly, Oron requests pursuant to Rule 11(b)(3) that you immediately withdraw the Return of Service and the Motion for Entry of Default.** If you fail to do so immediately, Oron will have no choice but to file a Motion to Quash and move for sanctions against you and your client.

I hereby inform you that neither I, nor the attorneys who have filed appearances in this action (specifically to contest the service of process and the entry of default), are authorized to accept service of process on behalf of Oron.

Very Truly Yours,

Val Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

3