UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., <br><br>　　Plaintiff, <br><br>　　　　v. <br><br>DOES 1-26, FF MAGNAT LIMITED, et al., <br><br>　　Defendants. | Case No. 12-cv-05844 <br><br>Judge Robert W. Gettleman <br><br>Magistrate Judge Young B. Kim |

**FF MAGNAT LIMITED'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH FALSE PROOF OF SERVICE**

**AND**

**OPPOSITION TO PLAINTIFF FLAVA WORKS, INC.
SEEKING LEAVE TO SERVE DEFENDANT BY ALTERNATIVE SERVICE**

As an initial matter, because Plaintiff Flava Works, Inc. ("Flava") apparently failed to read the very first paragraph of the Motion to Quash by Defendant FF Magnat Limited d/b/a Oron.com ("Oron"), Oron's appearance in this Court is a special and limited appearance only in opposition to Flava's attempts at service of process and fraudulently filed motions. Therefore, despite Flava's claims that Oron "has not raised the issue of personal jurisdiction and, thus, has waived it," Flava's Opposition, p.12, Oron has explicitly stated that it "does not consent to the jurisdiction of this Court and seeks only to quash the procedurally inadequate service of process." Oron's Motion to Quash, p. 1. Oron continues not to consent to the jurisdiction of this Court.[1]

---

[1] Should Flava ever properly serve Oron, Oron will timely file a Motion to Dismiss for Lack of Personal Jurisdiction.

1

**ARGUMENT**

I.  **Maxim Bochenko and Roman Romanov Continue to Not Be the Same Person**

It is frankly shocking that despite the irrefutable evidence provided to Flava to the contrary, Flava continues to argue that Maxim Bochenko and Roman Romanov are the same person. Time and time again, Flava has been presented with undeniable proof that Mr. Bochenko and Mr. Romanov are distinct individuals who simply happened to be childhood friends. Both Mr. Bochenko and Mr. Romanov have provided certified copies of their government issued IDs and have filed numerous declarations attesting to the fact that they are different people. See, e.g., Exhibits to Mr. Bochenko's Motion to Dismiss for Lack of Jurisdiction, Docket No. 10 (declarations with notarized copies of IDs); Declaration by Mr. Bochenko in Liberty Media Holdings, LLC v. FF Magnat Limited, filed by Flava as Docket No. 23-24; Rule 11 Notice from Mr. Bochenko to Flava, filed by Flava as Docket No. 23-25.

Moreover, despite Flava's accusations, Mr. Bochenko has never "held himself out as Roman Romanov or as a manager or principle of Oron.com." Flava's Opposition, p. 7. None of the evidence that Flava has introduced supports Flava's allegation. The evidence simply shows that Mr. Romanov, a resident of Russia, used Mr. Bochenko's name and United States address to purchase several personal items from United States retailers. See Bochenko Decl., Docket No. 10, p. 4, ¶ 14 ("My relation with Roman Romanov is limited to providing him a [sic] personal favors such as: letting him use my PO BOX address to purchase goods in US and forwarding received parcels to Russia."); Romanov Aff., Docket No. 10, p. 7, ¶ 8 ("When Mr. Bochenko purchases these items on my behalf, the receipts (which go to my personal e-mail address so that I can track and manage the orders with less of a burden on Mr. Bochenko) list his name and his

address in the United States."); Email Receipts from Dell USA and iTunes store, Docket No. 58-12 (copies of email receipts to Mr. Romanov showing Mr. Bochenko's delivery address).

The other connections that Flava attempts to create between Mr. Bochenko and Mr. Romanov are inexplicable fabrications. For example, referencing exhibits filed as Docket Numbers 58-15 and 58-24, Flava states as part of its "proof" that Oron's webhost LeaseWeb sent bills to Oron care of an individual named "Mr. G. Maksim." Flava's Opposition, p. 3. Oron cannot understand how this is relevant unless Flava believes that anyone with a name even minimally similar to "Maxim," whether it be that person's first or last name, is the same person as Mr. Bochenko. Flava also suggests that because both Mr. Bochenko and Mr. Romanov used PayPal (an online service used by millions of people worldwide), they must also be the same person. Flava's Opposition, p. 3. This "evidence" proffered by Flava is bizarre and should not be entertained by the Court.

Flava's insistence at beating its head against the wall, claiming that Mr. Bochenko and Mr. Romanov are the same person, cannot change the simple fact that these two people, living separate lives on different continents, are not the same person.

II. **Mr. Bochenko is Not an Agent of any Kind for Oron and Oron was Not Properly Served When Flava Served Mr. Bochenko**

Although Flava has produced evidence that Mr. Romanov was at some time associated with Oron,[2] there is absolutely no evidence to support that Mr. Bochenko is associated with Oron

---

[2] Because Mr. Romanov has never been served in this case, Oron does not wish to waste this Court's time by providing an in-depth explanation as to why Mr. Romanov is not a proper agent for service of process on Oron. However, to be brief, Mr. Romanov is not an officer, managing or general agent or any other agent authorized by appointment or law to receive service of process for Oron. *See* Fed. R. Civ. P. 4(h)(1). Moreover, given that Oron's business operations have completely ceased since the initiation of

in any way, and certainly no practical evidence that Mr. Bochenko is an agent for service of process on Oron. The "evidence" that Flava introduces is unavailing.

First, Flava suggests that Oron's demand that Mr. Bochenko be included in the negotiated settlement in the Liberty Media case is "telling." Flava's Opposition, p. 2. However, the only thing this tells the Court is that Oron believed that settling the case against Mr. Bochenko was in the best interest of Oron because any litigation related to Oron that proceeded would be detrimental to Oron's business.

Second, Flava suggests that because Oron did not argue against insufficiency of process of service in the Liberty Media case (where Mr. Bochenko was served on behalf of Oron), Mr. Bochenko is an agent for service of process for Oron. Flava's Opposition, p. 2, n. 3. However, this is once against unavailing evidence under the circumstances. Given the temporary restraining order issued by the Liberty Media court,[3] Oron learned of the litigation through alternative means and determined that it was in Oron's best interest to waive service of process so that it could promptly attend to the restraining order.

Finally, Flava's current request for leave to serve Oron by alternative means further evidences its knowledge that, not only was its previous attempt to serve Oron through Mr. Bochenko procedurally faulty, but also fraudulent.

---

two other lawsuits by two other Copyright trolls (See Liberty Media Holdings, LLC v. FF Magnat Limited, Case No. 2:12-cv-0105 (D. Nev.) and DataTech Enterprises, LLC v. FF Magnat Limited, Case No. C-12-4500 (N.D. Cal.)), Mr. Romanov's association with Oron has similarly ceased.

[3] See Order in Liberty Media Holdings, LLC v. FF Magnat Limited, Case No. 2:12-cv-0105, Docket No. 13 (D. Nev. June 22, 2012).

Flava is clearly grasping for straws and federal court is a forum where grasping for straws should not be tolerated. Mr. Bochenko is not an agent of any kind for Oron and therefore Oron was not properly served when Flava served Mr. Bochenko.

### III. The Court Should Deny Flava Leave to Serve Oron by Alternative Service Because Flava Did Not Exhaust (or Even Attempt) Any of the Internationally Recognized and Available Means of Accomplishing Service, Such as the Hague Convention

Despite Flava's reliance on Illinois law in its request to serve Oron by alternative means,[4] Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations like Oron, which is a Hong Kong corporation. Rule 4(h)(2) requires that such a corporation be served in accordance with Rule 4(f) of service on a foreign individual. Rule 4(f)(1) provides that service may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Process may also be served pursuant to Rule 4(f)(3) "by other means not prohibited by international agreement, as the court orders." However, "compliance with the [Hague] Convention is mandatory in all cases to which it applies." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988).

---

[4] One can only surmise the reason that Flava believes it can rely on Illinois law to serve a foreign corporation, but perhaps it was relying on the cited decision Fifth Third Bank v. Malone, 2010 U.S. Dist. LEXIS 4352 (N.D. Ill. Jan., 20, 2010). However, this decision was regarding a natural person living in Illinois. Therefore the Court properly relied on Rule 4(e)(1) for "Serving an Individual Within a Judicial District of the United States," which allows for "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1) is completely inapplicable here and Rule(4)(h)(2) has no similar provision for service under state law.

Therefore, because Hong Kong is a party to the Hague Convention,[5] Flava is required to serve Oron through the Hague Convention before requesting alternative service pursuant to Rule 4(f)(3).

In the case of service on foreign defendants like Oron, concerns of foreign comity and respect for international treaties also counsel that Flava must first attempt service on Oron through the Hague Convention. *See*, *e.g.*, C & F Sys., LLC v. Limpimax, S.A., 2010 U.S. Dist. LEXIS 973, 5-7 (W.D. Mich. 2010). In Limpimax, the Court held that:

> Plaintiff wishes to skip the express provisions of subsections (1) and (2) of Rule 4(f), in favor of the catchall provision allowing the court to order service "by other means not prohibited by international agreement" under Fed. R. Civ. P. 4(f)(3). This provision "serves as a safety valve for unanticipated situations . . . ." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1133 at 313 (3d ed. 2002). "Rule 4(f)(3) is most likely to be employed when a foreign country's Central Authority fails to effect service within the six-month period provided by the Hague Convention or refuses to serve a complaint based on its own public policy or substantive law limitations." Id. at 313-14. Consequently, the better view is that Rule 4(f)(3) should be viewed as a "final effort to make service when other means have failed." Marcantonio v. Primorsk Shipping Corp., 206 F. Supp. 2d 54, 58 (D. Mass. 2002). Some cases have authorized alternative service under Rule 4(f)(3) without first resorting to traditional means of service . . . but these cases seem to ignore the requirements of international comity and accord insufficient weight to the methods of service officially sanctioned by the governments of both the United States and its sister nation. Therefore, even if other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant. . . . Additionally, a court's insistence that a plaintiff follow procedures sanctioned by foreign law can have an ancillary benefit in plaintiff's favor: a failure to employ the safe harbor procedures of the Inter-American Convention may make enforcement in Peru of any judgment difficult or even impossible.

---

[5] Oron requests the court take judicial notice of this fact and provides in support Exhibit 1, a print-out of the U.S. Department of State's website regarding Hong Kong Judicial Assistance, available at http://travel.state.gov/law/judicial/judicial_650.html, stating that Hong Kong is a party to the Hague Service Convention and providing information how to comply with the Hague Convention when serving process in Hong Kong.

Moreover, it is Flava's burden to demonstrate a need for alternative service, which it has failed to do. See <u>Ortiz v. Green Bull, Inc.</u>, 2011 U.S. Dist. LEXIS 131598 (E.D.N.Y. 2011) ("Thus, the Court finds that the Plaintiff has not satisfied its burden of showing that service on Green Bull by serving Chris Prentice or Thomas Greco would be impracticable so that it would warrant granting leave to serve Green Bull by alternative means."); <u>Progressive Southeastern Ins. Co. v. J & P Transp.</u>, 2011 U.S. Dist. LEXIS 73946 (N.D. Ind. 2011) (denying alternative service where Plaintiff failed to first use "reasonable diligence" in attempting traditional service); <u>Henry v. Black</u>, 2011 U.S. Dist. LEXIS 11473 (D. Utah 2011) (denying alternative service where "it appears that Plaintiff has taken no efforts to locate Defendant, let alone reasonably diligent efforts"); <u>Alvarez v. County of Maricopa</u>, 2010 U.S. Dist. LEXIS 62121, 32-33 (D. Ariz. 2010) ("Plaintiff has made only one attempt to serve Ava Arpaio, and the Court does not find that this is sufficient to show that personal service is impracticable.").

Flava should not be permitted to blithely ignore international treaties and the Rules of Civil Procedure. Flava would, one hopes, demand due process before allowing itself be haled into foreign court and Oron should be entitled to no less in the Court of the United States.

## CONCLUSION

For the reasons articulated herein and in Oron's Motion to Quash, Oron respectfully reiterates its request that the Court:

1.    Quash the Proof of Service on Oron filed by Flava;

2.    To the extent that any Motion for Entry of Default is pending, deny such Motion for Entry of Default;

3. Award Oron its reasonable attorney's fees in connection with this Reply and Oron's Motion to Quash; and

4. In light of Flava's newly requested leave to serve Oron by alternative service, Oron respectfully requests that the Court deny Flava leave to serve Oron by alternative service.

Dated: March 20, 2013

    Respectfully submitted,
    FF MAGNAT LIMITED
    By its Attorneys,

    /s/ Matthew Shayefar
    Matthew Shayefar
    BOSTON LAW GROUP, PC
    825 Beacon Street, Suite 20
    Newton Centre, MA 02459
    Tel: 617-928-1806
    Fax: 617-928-1802
    matt@bostonlawgroup.com
    *Pro Hac Vice*