UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLAVA WORKS, INC., | Index No.: 1:12-CV-5844 (RWG) |
| Plaintiff, | |
| -against- | Judge Robert W. Gettleman |
| JOHN DOE NOS. 1 TO 26, et al., | Magistrate Judge Young B. Kim |
| Defendants. | |

**DEFENDANT "JOHN DOE #19'S" RENEWED
MOTION TO DISMISS**

Defendant "John Doe #19" ("Defendant"), by and through undersigned counsel, respectfully submits this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b), 12(b)(5) and 4(m). The Court should dismiss John Doe #19 with prejudice because Plaintiff has not served him within 240 days of filing the Complaint.

**BACKGROUND**

Plaintiff Flava Works, Inc. ("Plaintiff") filed a Complaint in this action on July 24, 2012, alleging copyright violations by two companies and 26 unnamed defendants. (Dkt. No. 1). On October 23, 2012, this Court dismissed this action for want of prosecution. (Dkt. No. 14). On Plaintiff's motion, this action was reinstated on October 31, 2012. (Dkt. No. 19). On January 29, 2013, 189 days after the Complaint was filed, Defendant filed a Motion to Dismiss for Failure to Serve. (Dkt. No. 48). On the same day, Plaintiff filed a Motion for Extension of Time to Serve Defendants Who Have Not Been Served (Dkt. No. 50), asking the Court for 120 additional days to serve the unserved defendants. On February

6, 2013, the Court issued a Minute Entry granting Plaintiff's motion for extension of time of 120 days to serve defendants. (Dkt. No. 53). The Court noted: "This is the final extension."

It has now been 262 days since the Complaint was filed in this matter. To this day, Defendant has not yet been served. No proof of service as to Defendant has been filed. Plaintiff has failed to serve Defendant, even despite the Court's 120 day extension. Defendant therefore now moves to dismiss the Complaint with prejudice as against him pursuant to Fed. Rule Civ. P. 41(b), 12(b)(5) and 4(m).

## ARGUMENT

The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). Any defendant who is not properly served must be dismissed from an action. Federal Rule of Civil Procedure 4 explicitly states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). A defendant may enforce the service of process requirements through a pretrial motion to dismiss under Fed. Rule Civ. P. 12(b)(5).

Even when Rule 4(m) applies, however, courts may be justified in dismissing the action under Fed. R. Civ. P. 41(b) for failure to prosecute. Such a dismissal, when warranted, "operates as an adjudication on the merits," and is therefore with prejudice. As the Seventh Circuit has ruled, "[i]f the delay in obtaining service has been so long that it signifies failure to prosecute—or if the delay entails disobedience to an order of the court— then dismissal may be with prejudice under Rule 41(b), which covers 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *O'Rourke Bros. Inc. v.*

*Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000).  When, as here, "a court has been indulgent and has allowed the plaintiff time beyond the 120 days, a dismissal with prejudice would not be unfair to the plaintiff."  *Id.* (quoting *Federal Practice and Procedure: Civil 2d* § 1137, p. 393).

      Despite the fact that 262 days have passed since Plaintiff filed this complaint against Defendant, Plaintiff has yet to serve Defendant.  This delay far surpasses that established in Rule 4(m), which provided Plaintiff with 120 days after the commencement of the action to serve all defendants, including John Doe #19.  It even far surpasses the 240 total days the Court allowed for the Plaintiff to serve the defendants—which the Court warned Plaintiff would be the "final extension."  It therefore shows flagrant disregard of the Court's orders, in addition to causing substantial prejudice, anguish and cost to Defendant.  Plaintiff has blatantly ignored its obligation to name and serve all defendants in a timely manner.  As such, and pursuant to Rule 41(b), 12(b)(5), and 4(m), Plaintiff's claims against Defendant John Doe #19 should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendant John Doe #19 respectfully requests that this Court grant his Motion to Dismiss with prejudice.

Dated: Brooklyn, New York
April 12, 2013

Respectfully submitted,

LEWIS & LIN, LLC

By: _____
David D. Lin
(*Admitted Pro Hac Vice*)
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Defendant John Doe #19*

## **CERTIFICATE OF SERVICE**

I, David D. Lin, do hereby certify that service of this **DEFENDANT "JOHN DOE #19'S" RENEWED MOTION TO DISMISS** was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this 12th day of April 2013.

Dated this 12th day of April 2013.

_____
David D. Lin

David D. Lin
   (*Admitted Pro Hac Vice*)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com

## **SERVICE LIST**

All current appearances of record are ECF users.