# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Flava Works, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-05844 |
| | ) |
| John Doe Nos. 1 to 26, | ) |
| FF Magnat Limited d/b/a Oron.com, | ) |
| Earnwell Hong Kong LTD d/b/a Filesonic.com, | ) |
| Maxim Bochenko a/k/a Roman Romanov, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF, FLAVA WORKS, INC.'S, RESPONSE TO DEFENDANT JOHN DOE NO. 19'S RENEWED MOTION TO DISMISS.**

Plaintiff, Flava Works, Inc., ("Flava") by its attorneys, Meanith Huon, states as follows:

## I. PREFATORY NOTE

Defendant, John Doe No. 19, has noticed up his or her Renewed Motion to Dismiss for April 23, 2013. Flava's attorney, Mr. Huon, will be out of town for depositions on that day and apologizes for any inconvenience to the Court and opposing counsels. Flava files this Response and Motion to Convert.

## II. FACTS

### A. THE FINAL 120 DAYS PERIOD HAS NOT ELAPSED.

1. On or about February 16, 2013, the Court gave Flava an additional 120 days to serve the John Doe Defendants. Docket No. 53.

2. On information and belief, 120 days from February 16, 2013 is June 16, 2013, which has not passed.

## B. DEFENDANT'S MOTION REVISITS THE SAME FACTS THAT FLAVA HAD PRESENTED TO THE COURT.

3.     As Flava stated in its Motion for Extension of Time, Docket No. 50, in this case, Defendants, John Does 1-26 are all unknown members of a Yahoo! Group.

4.     On September 25, 2012, the Court gave Plaintiff leave to conduct expedited discovery. Docket No. 7.

5.     On October 11, 2012, Flava Works, Inc. issued its subpoena to Yahoo! for the IP addresses of the John Doe 1 to 26 Defendants. The return date was for November 8, 2012. Docket No. 12.

6.     Yahoo! did not produce the requested documents by November 8, 2012. In an effort to resolve compliance without court intervention and due to the holidays, counsel for Flava Works, Inc. gave Yahoo! until January 20, 2013 to respond to the subpoena.

7.     On or about January 8, 2013, Yahoo! produced the Internet Protocol ("IP") addresses for certain John Doe Defendants.

## C. FLAVA HAS BEEN CONFERRING WITH ATTORNEYS FOR CERTAIN INTERNET SERVICE PROVIDERS REGARDING FEES BEING DEMANDED FOR EACH INTERNET PROTOCOL ADDRESS LOOKUP.

8.     On or about January 29, 2013 and January, 31, 2013, Flava issued subpoenas to Internet Service Providers ("ISP") for certain John Doe Defendants. Dockets Nos. 49 and 52.

9.     In response to Flava's subpoena, Flava received objections from attorneys for the ISPs. Attorneys for ATT has asked for $60.00 to look up each IP address plus a $500.00 legal fee. Exhibit "A". Flava just received a bill from ATT for $3,140.00 to look up 44 IP addresses. Exhibit "B". (Flava has objected to paying this amount and has asked counsel for ATT to not disclose the IP addresses until Flava and ATT has reached an agreement on the fee dispute).

During Comcast's "orientation", Comcast asked for $90.00 for each positive IP address lookup and $60.00 for each negative IP address lookup. Exhibit "C". After Flava's counsel objected to amount of the fee for each lookup, attorneys for Comcast filed their appearance in this case and in another Flava lawsuit, No. 12-cv-7869, prompting the Court to order Flava to file a motion to compel. Docket No. 55. Flava's motion to compel recites its history with Comcast in that motion. Exhibit "D". Flava has also been in discussion with the attorney for Time Warner Cable, Inc.'s ("TWC") attorney who seeks $100.00 to $120.00 for each IP address lookup. Exhibit "E". TWC has also filed objections "F".

10. Flava has offered to pay $25.00 to $30.00 for each positive lookup.

### D. FLAVA HAS BEEN ABLE TO IDENTIFY JOHN DOE NO. 19.

11. Flava has been able to identify John Doe No. 19 with the information provided by Yahoo!.

12. The affidavit of Phillip Bleicher, the CEO of Flava Works, Inc., is attached as Exhibit "G". See also Flava's Motion to Convert the John Doe Defendant No. 19 to a named Defendant.

13. Mr. Bleicher attests as follows: he reviewed the Yahoo! response to the subpoena. Yahoo! provided information for John Doe #19 "ruff abs <ruffabs6@yahoo.com> ", including his telephone number and date of birth and his address and the state in which he lives.

14. Mr. Bleicher Googled the telephone number for John Doe No. 19. provided by Yahoo!, and Google gave him a search result link to 411.info.

15. When Mr. Bleicher clicked on search result link to 411.info, he got the same

address for John Doe No. 19 that Yahoo! provided in response to the subpoena. He was also given the full name associated with the telephone number from the 411.info link.

16. He then typed the full name of John Doe No. 19 into the search tool for Facebook.com and found John Doe No. 19's profile. The Facebook profile lists the same city and state as the city and state information that was registered with Yahoo!.

17. The information on John Doe No. 19 is not being disclosed in this Response and Motion to protect John Doe No. 19's privacy and pursuant to the Court's prior directions to bring a motion to convert the John Doe Defendants to named Defendants.

18. Counsel for Flava is willing to tender Mr. Bleicher and any supporting documentation related to the Google search and Yahoo! response to the subpoena.

### III. ARGUMENT

#### A. FLAVA HAS NOT VIOLATED ANY COURT ORDER.

The Seventh Circuit noted that dismissal for want of prosecution is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003) (Maynard) (quoting Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998)). Harris v. Skytech Enters., 2008 U.S. Dist. LEXIS 94444 (N.D. Ill. Nov. 13, 2008).

In Harris v. Skytech Enters., defendant moved to quash service and dismiss the complaint with prejudice, after plaintiff tried to serve defendant more than 10 months after the complaint was filed. The Court held that plaintiff had good cause for the delay in service under FRCP 4(m) and granted Plaintiff additional time, because he did not have the correct spelling of defendant's name and the lack of knowledge of defendant's address.

In this case, Flava had already established good cause under FRCP 4(m) in a prior motion and the Court gave Flava an additional 120 days to serve the John Doe Defendants. That 120 days has not elapsed.

Furthermore, Flava has been actively prosecuting this case. Flava was engaged in responding to the motions of Defendants, Maxim Bochenko and FF Magnat Limited.

In addition, Flava has been attempting to resolve its disputes with the ISPs over the costs of the lookup of each IP address. The attorneys for certain ISPs have asked Flava to pay $60.00 to $120.00 to look up each IP address. Some of the ISPs, upon receiving Flava's objections to paying the costs, filed objections. Counsel for Flava and counsel for the ISPs have been conferring pursuant to FRCP 37. In a separate lawsuit, Flava was ordered to file a motion to compel Comcast and to brief the issues raised in Comcast's objections. Flava should not be penalized for attempting to confer with counsel for the ISPs to resolve their disputes, pursuant to FRCP 37 as opposed to rushing to Court to file motions to compel against nonparties. Flava has attempted to exercise caution and courtesy and to avoid burdening non parties to this lawsuit, by attempting to first confer over the issues of fees and other matters, before filing motions to compel against non-parties.

In the meantime, Flava has been able to identify John Doe No. 19 by the telephone number and address provided by Yahoo!.

Thus, Flava has demonstrated that it has been prosecuting this case.

### B. DEFENDANT'S CASE DOES NOT APPLY.

In O'Rourke Bros., Inc. v. Nesbitt Burns, Inc., 201 F.3d 948 (7th Cir. Ill. 2000), the magistrate issued a report and recommendation that the case be dismissed for lack of

prosecution. The parties were given 10 days to object. No objections were filed. The district judge then entered an order dismissing the case with prejudice. Plaintiffs' counsel made no effort to have the dismissal transformed into one without prejudice, which could have been attempted, of course, with a motion to alter or amend the judgment, pursuant to Rule 59. Nor did the plaintiffs appeal. In fact, they did nothing at all until March 16, 1999, when they filed a motion under Rule 60 claiming excusable neglect for being "remiss in failing to serve summons within 120 days, as required by Rule 4(m) . . . ." The delay in filing the Rule 60 motion was, as they put it, "either because they had not received a copy of the court's Order of August 21, 1998, or because they had not carefully reviewed that Order, plaintiffs' counsel were not aware of the dismissal 'with prejudice' until they received and reviewed a copy of it in late February 1999." The district court found it "somewhat curious, as it would seem that either they had a copy of the Order in their files (or recalled having seen it at some point) or they did not." O'Rourke Bros., Inc. v. Nesbitt Burns, Inc., 201 F.3d 948 (7th Cir. Ill. 2000). As the Court explained, "Once a plaintiff has gone beyond a failure to serve **and** has also failed to adhere to the orders of the court, the situation may transform itself from a simple failure to obtain service to a failure to prosecute the action" (emphasis supplied). O'Rourke Bros., Inc. v. Nesbitt Burns, Inc., 201 F.3d 948 (7th Cir. Ill. 2000). In O'Rourke Bros., plaintiffs failed to adhere to the orders of the Court. The plaintiffs in O'Rourke continuously neglected the case, failing to effect service, failing to respond to a letter, failing to follow court orders, and failing to file objections to dismissal for lack of prosecution. The court in O'Rourke also found that the plaintiff's neglect of the case was worse after the dismissal than it was before the dismissal. O'Rourke, 201 F.3d at 950; Harris v. Skytech Enters., 2008 U.S. Dist. LEXIS 94444 (N.D. Ill. Nov. 13, 2008).

In the case at hand, Flava has complied with Court's orders. The additional 120 days extension of time has not even elapsed. Flava has been continuing to confer with the ISP's attorneys regarding the cost of IP address lookup. Following Flava's discussions with Comcast, Comcast's attorneys filed an appearance in this case and in <u>Flava v. John Does 1-293,</u> No. 12-cv-7869. There, attorney for Comcast appeared in Court, prompting the Court to order Flava to file a motion to compel and brief the issues, including the issue of cost. The same issues that were briefed on Flava's motion to compel Comcast in <u>Flava v. John Does 1-293,</u> No. 12-cv-7869 would equally apply in this case.

In distinguishing <u>O'Rourke Bros</u>, one District Court explained:

> The Court finds that the facts of this case to fall short of a failure to prosecute under Rule 41(b), warranting dismissal with prejudice. Further, because the "less drastic" sanction of a Rule 4(m) dismissal was denied, it would be contrary to the rule set forth in Maynard to now grant a Rule 41(b) dismissal.

> Also, since only particularly egregious conduct may warrant dismissal for want of prosecution without warning the Plaintiffs, the Court cannot dismiss under Rule 41(b) without first warning the Plaintiffs. Bolt, 227 F.3d at 226. This is that warning. Seldin's Motion to Dismiss Complaint under Rule 41(b) is denied. <u>Harris v. Skytech Enters</u>., 2008 U.S. Dist. LEXIS 94444 (N.D. Ill. Nov. 13, 2008)

In this case, the Court advised Flava that this 120 days extension is final. But the 120 days has not run and Flava has not violated any court order.

## C. MOTION TO CONVERT JOHN DOE NO. 19 to a NAMED DEFENDANT.

This Court previously advised counsel for Flava to file a motion seeking leave of Court to convert any of the John Doe Defendants into Defendants and to disclose the actual names of the Defendants. Flava has been able to identify John Doe No. 19 with the information provided by Yahoo!. Flava adopts and incorporates the argument in its Motion to Convert John Doe Defendant No. 19 to a named Defendant. Flava was working with attorneys for the ISP to

resolve its dispute regarding costs for each IP address lookup to further to obtain or confirm the John Doe identities. However, counsel for John Doe No. 19 now seeks to dismiss the complaint with regard to John Doe No. 19, because Flava isn't moving fast enough. Therefore, Flava seeks to convert the Defendant John Doe No. 19 to a named Defendant. Alternatively, Flava seeks the remaining time it has—the remainder of the final 120 days previously given by the Court--to obtain John Doe No. 19's information from the ISP.

  WHEREFORE, Plaintiff, Flava Works, Inc., requests that this Honorable Court deny Defendant, John Doe No. 19's, Motion to Dismiss, and to grant Plaintiff, Flava Works, Inc., leave to convert Defendant, John Doe No. 19, into a named Defendant using Defendant's real name.

  Respectfully Submitted,

  By: /s/ Meanith Huon /s/

  Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, IL 60690
312-405-2789
huon.meanith@gmail.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Flava Works, Inc.,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-05844 |
| | ) |
| **John Doe Nos. 1 to 26,** | ) |
| **FF Magnat Limited d/b/a Oron.com,** | ) |
| **Earnwell Hong Kong LTD d/b/a Filesonic.com,** | ) |
| **Maxim Bochenko a/k/a Roman Romanov,** | ) |
| | ) |
| **Defendants.** | ) |

## PROOF OF SERVICE

Under penalties of law, I certify that on April 18, 2013, I served the following documents or items:

### PLAINTIFF, FLAVA WORKS, INC.'S, RESPONSE TO DEFENDANT JOHN DOE NO. 19'S RENEWED MOTION TO DISMISS.

on all counsel of record by electronically filing.

/s/ Meanith Huon
Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996