

**Locke Lord** LLP
Attorneys & Counselors

100 Congress, Suite 300
Austin, TX 78701
Telephone: 512-305-4700
Fax: 512-305-4800
www.lockelord.com

Bart Huffman
Direct Telephone: 512-305-4746
Direct Fax: 512-391-4741
bhuffman@lockelord.com

February 15, 2013

*Via U.S. Certified Mail*

Mr. Meanith Huon
THE HUON FIRM
933 W. Irving Park Rd.
Suite C
Chicago, IL 60613

Re: Subpoena dated February 1, 2013 to SBC Internet Services Inc. in Cause No. 1:12-cv-05844, *Flava Works, Inc., v. Does 1-26, et al.*, in the United States District Court for the Northern District of Illinois

Dear Mr. Huon:

I am writing on behalf of SBC Internet Services, LLC d/b/a AT&T Internet Services, ("AT&T") with respect to the above-referenced subpoena (the "Subpoena").[1] It is AT&T's policy and practice to comply with lawful process and valid subpoenas. However, AT&T has concerns regarding the Subpoena and hereby objects to it, as follows:

1. The Subpoena fails to specify a reasonable time and place for a response. Information and/or documents responsive to the Subpoena, if any, would be produced from AT&T's Internet records compliance center based in San Antonio, Texas. You have specified your office in Chicago, Illinois as the place of production. AT&T objects to producing records at your office in Chicago. Further, AT&T's Internet records center handles, on an ongoing basis, numerous subpoenas from law enforcement and other civil litigants, and AT&T objects to providing a response to the Subpoena in an unreasonably short period of time.

2. AT&T objects to the Subpoena on the ground that it subjects AT&T, a non-party to the underlying litigation, to undue burden. Such burden includes not only legal resources associated with evaluating and handling the subpoenas and the personnel time associated with performing IP address research, but also personnel hours and expenses required to notify and respond to inquiries from affected subscribers. *See, e.g., DigiProtect USA Corp. v. Does 1-0240*, No. 10-cv-8760, 2011 WL 4444666 at *4 (S.D.N.Y. Sep. 26, 2011) (observing that "Plaintiff should recognize that its approach imposes a substantial burden on parties with no formal interest in the litigation").

---

[1] The Subpoena, as served on AT&T through its registered agent, did not include date and time information for the IP address information sought. However, on February 13, 2013, your office sent an Excel spreadsheet with date and time information supplementing the Subpoena directly to AT&T's Internet records compliance center. The information in the spreadsheet is excessively detailed and will impose significant, incremental burdens on AT&T in performing subscriber lookups for the subject IP addresses. Moreover, the spreadsheet was not served as part of the Subpoena in the appropriate manner, through AT&T's registered agent. Nonetheless, for this Subpoena (only), we will accept service on behalf of AT&T of the Subpoena as supplemented by that spreadsheet.

Mr. Meanith Huon
February 15, 2013
Page 2

3. The scope of information sought by the Subpoena is overly broad, especially in the context of an early discovery request. The Subpoena seeks "[d]ocuments, electronically stored information, items, materials, records, [and] data;" "login details;" "records identifying the Full Name, Address, Telephone Number, [and] Aliases;" "documents or electronic information relating to payments made;" "Credit Card information, billing information, [and] bank account information;" "email addresses, or other secondary email addresses;" "any other personally identifiable information;" "any and all documents sufficient to identify [alleged defendants];" and the "name (sic), current and permanent addresses, telephone numbers, cell phone numbers, email addresses, Media Access Control Addresses," related to individuals identified by IP address in an attachment to the Subpoena. Permissible discovery prior to a Rule 26(f) conference is limited to that information necessary for the identification of defendants. Moreover, even if it were a proper subject of early discovery, some of the financial and other specifically-protected information sought may implicate statutory or other legal restrictions and requirements. AT&T reserves all applicable rights and objections with respect to such statutory and other legal restrictions and requirements associated with any production of financial or other specifically-protected information. Without limiting the foregoing, AT&T objects to the extent compliance with the Subpoena would require AT&T to violate any state law, federal law, or other legal duty AT&T may have with respect to the information requested.

4. The extensive listings of consecutive times for the subject IP addresses will impose undue burdens on AT&T. Moreover, AT&T objects to providing any information pertaining to time periods outside of applicable records retention at the time when lookups under the Subpoena are performed by AT&T.

5. It is unduly burdensome to require AT&T to respond to the Subpoena to the extent that it seeks information concerning Internet subscribers who are not subject to the jurisdiction of the court and/or as to which joinder is inappropriate or venue is not proper. To the extent such is the case, it would follow that Plaintiff has not taken reasonable steps to avoid the imposition of burden or expense on AT&T, as required by Rule 45(c)(1), in that the process of obtaining and producing information for an overly-inclusive list of IP addresses, in a case that is subject to severance and dismissal IP addresses, would likely be a wasteful exercise. *Cf., e.g., Compaq Computer Corp. v. Packard Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (noting that, "if the sought-after [discovery is] not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [a third party] would be by definition 'undue'") (emphasis in original).

6. In the absence of the appointment of an attorney *ad litem*, or even any efforts to secure service by publication or substituted service on the unnamed defendants, AT&T objects to identifying its subscribers without first notifying them and giving them a reasonable period of time to assert their rights to privacy or whatever other rights they may wish to assert.[2]

7. AT&T objects to the extent the provisions and purported requirements of the Subpoena exceed or are inconsistent with the provisions and available relief under Rule 45 of the Federal Rules of Civil Procedure.

---

[2] Given the special concerns raised by this case, AT&T also objects to the Subpoena to the extent it resulted from an *ex parte* motion for expedited discovery with no representation of the rights and interests of AT&T's subscribers.

Mr. Meanith Huon
February 15, 2013
Page 3

Subject to the foregoing, and with respect to the Subpoena only, please note as follows:

1. AT&T will make attempts to identify and notify the Internet service subscribers corresponding to the IP addresses listed in the Subpoena at the dates and times listed in the spreadsheet supplementing the Subpoena, giving such subscribers up to thirty (30) days to file objections or a motion to quash with respect to the Subpoena.

2. Thereafter, AT&T will disclose to you responsive, identifying information limited to the name(s) and address(es) of each Internet subscriber for the listed IP addresses at the corresponding dates and times set forth in the Subpoena (as supplemented), to the extent such information is then still within AT&T's retention and can reasonably be located in a routine search of AT&T's systems, unless such subscriber first files objections or a motion to quash. AT&T will make best efforts to provide such information as soon as reasonably possible, taking into account the requirements of law enforcement and AT&T's obligations to comply with other civil subpoenas.

3. AT&T will charge $60 per IP address lookup requested in the Subpoena, which is less than AT&T's actual costs associated with responding to the Subpoena. In this regard, please note that AT&T may assess multiple lookup charges for each IP address, given the additional work and burden required by the extensive listing of dates and times set forth in your spreadsheet supplement to the Subpoena. In addition, AT&T will charge a legal review and handling fee of $500. Such payment should be made within ten (10) days after AT&T submits its response to the Subpoena, and shall be made payable to "AT&T Internet Services" and sent to me.

AT&T reserves and does not waive its objections to the Subpoena or to any other subpoenas that may issue in any other lawsuit or the lawsuits at hand. Please let me know if you wish to discuss any of the matters addressed herein further.

Sincerely,

Bart W. Huffman
*w/ permission*
*TX State Bar No. 24070547*

cc: Charles M. Salmon – Firm

493578v.1 0054225/00001