UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-7869 |
| | ) | |
| v. | ) | |
| | ) | |
| John Does 1 to 293, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF, FLAVA WORKS, INC.'S, MOTION TO COMPEL

Plaintiff, Flava Works, Inc., moves to compel Comcast Cable Communications, LLC ("Comcast") as follows:

### I. INTRODUCTION

This motion is essentially about Comcast's demand that it be paid $90.00 to look up each IP address successfully and that it be paid $60.00 to look up each IP address unsuccessfully.

Counsel for Plaintiff, Flava Works, Inc. ("Flava") did not have an opportunity to conduct a FRCP 37(f) conference with counsel for Comcast Cable Communications, LLC ("Comcast"). In response to Flava's subpoenas, Comcast contacted counsel for Flava, asking for a spreadsheet of the IP address of the John Doe defendants in a particular format and asking for a telephone conference on or about February 21, 2013. Flava submitted the spreadsheet to Comcast. On February 21, 2013, counsel for Flava objected to reimbursing Comcast "$90.00 for each positive IP address identification and $60.00 for each negative IP address identification" but left the issue open for discussions at a later date, because he had to confer further with his client, Flava. Counsel for Flava was and is planning to file a motion for an additional 120 days to serve the Defendants. The next day, on or about February 22, 2013, attorneys for Comcast emailed its

objections and filed its appearance.[1] On February 26, 2013, counsel for Comcast appeared in Court and incorrectly advised the Court that Flava had filed a motion to compel. However, Flava had not filed a motion to compel and counsel for Flava stated that he had not done so. Counsel for Flava stated that he intended to file a motion for an additional 120 days to serve the Defendants and that he had not had an opportunity to conduct a FRCP 37(f) conference with Comcast's attorneys. The Court ordered Flava to file its motion to compel by March 19, 2013. For that reason, Flava submits its Motion to Compel.

Flava suspects that Comcast objected to Flava's subpoena, because Flava would not agree to give Comcast $90.00 or $60.00 for each IP address lookup. Until that disagreement over the amount Comcast wanted for each IP address lookup, Comcast had never interposed any objections to Flava's subpoena. Flava believes the issue of Comcast' costs or fees to be the moving force behind its objections. Flava Works, Inc. is willing to pay $30.00 for each positive IP address lookup.

## II. FACTS

Flava Works' Subpoenas, Riders, and IP Log are attached as Group Exhibit "A". All the subpoenas had the same Riders and IP Log. Comcast acknowledge service of the subpoenas in its counsel's letter setting forth its objections. A copy of Comcast's counsel's letter with the objection is attached as Exhibit "B".

The emails between Comcast and counsel for Flava dated February 13, 2013 to February 20, 2013 asking Flava to provide more information in a spreadsheet is attached as Exhibit "C". The spreadsheet that was provided to Comcast at its request is attached as Exhibit "D" (conversion of the spreadsheet to a PDF file truncated the document). Comcast also

---

[1] The same attorneys for Comcast also emailed the same or similar objections on behalf of Suddenlink and filed appearances for Suddenlink. Flava is bringing separate but identical motions, because the same attorneys for Suddenlink and Comcast asked that separate motions be filed.

scheduled a time and date with counsel for Flava and Flava's CEO, Phillip Bleicher for "Orientation." Group Exhibit "E". Comcast sent an email recapping a summary of the "Orientation". Group Exhibit "E".

The day after "Orientation", after counsel for Flava objected to paying $90.00 for each IP address lookup, Comcast's counsel sent his objections for both Comcast and Suddenlink. Exhibit "B".

### III. ARGUMENT

#### A. FLAVA WITHDRAWS ITS REQUEST FOR MEDIA ACCESS CONTROL ADDRESS AND FINANCIAL INFORMATION.

Flava withdraws its request for the Media Access Control address, credit card and other payment information.

Flava seeks the telephone numbers and email addresses of the John Doe Defendants. The telephone numbers and email addresses of the John Doe Defendants will help to identify the John Doe Defendants and establish their contacts with this forum. See Ingenuity13 LLC v. Doe, 2012 U.S. Dist. LEXIS 137201 (N.D. Cal. Sept. 24, 2012) (Court order provided that plaintiff shall immediately serve a Rule 45 subpoena on Comcast Cables Communications LLC as servicing IP address 67.160.239.96, including the subscriber's name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.)

#### B. COMCAST SHOULD NOTIFY THE RELEVANT JOHN DOE DEFENDANT OF THE SUBPOENA.

Comcast has raised the same objections under 47 U.S.C. § 551 in other cases with the same result. 47 U.S.C. § 551 precludes a cable operator such as Comcast from disclosing its

subscribers' personal information unless it notifies the subscriber. 47 U.S.C. § 551(c)(2). Pac. Century Int'l v. Doe, 2012 U.S. Dist. LEXIS 82796, 8-9 (N.D. Ill. June 12, 2012). Flava has not prevented Comcast from notifying its subscribers. As one Court held,

> Accordingly, this Court orders that such notice be provided to the individual Doe defendants before identifying information is turned over to Plaintiff, and will allow the Doe defendants to file objections and appropriate motions before that information is turned over. Accordingly, the Court gives Comcast 30 days to identify the relevant Doe and provide them with notice of the litigation and subpoena, along with a copy of this order. Those defendants have 30 days from the date that they receive the subpoena to file an objection or other appropriate motion with this Court. Only after all such objections are resolved is Comcast to turn over the remaining information (as modified by this and any subsequent orders) to Plaintiff. Cf. Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 229, 2012 WL 263491, at *6 (adopting similar procedures). Pac. Century Int'l v. Doe, 2012 U.S. Dist. LEXIS 82796, 8-9 (N.D. Ill. June 12, 2012).

Similarly, another the District Court gave Comcast 30 days to identify the relevant John Doe and provide them with notice of the litigation and subpoena:

> 47 U.S.C. § 551 precludes a cable operator such as Comcast from disclosing its subscribers' personal information unless it notifies the subscriber. 47 U.S.C. § 551(c)(2). See Pac. Century Intern., Ltd. v. Does 1-37, 2012 U.S. Dist. LEXIS 72092, 2012 WL 1072312, at *3. Accordingly, this Court orders that such notice be provided to the individual Doe defendants before identifying information is turned over to Plaintiff, and will allow the Doe defendants to file objections and appropriate motions before that information is turned over. Accordingly, the Court gives Comcast 30 days to identify the relevant Doe and provide them with notice of the litigation and subpoena, along with a copy of this order. Those defendants have 30 days from the date that they receive the subpoena to file an objection or other appropriate motion with this Court. Only after all such objections are resolved is Comcast to turn over the remaining information (as modified by this and any subsequent orders) to Plaintiff. Cf. Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 229, 2012 WL 263491, at 6 (adopting similar procedures). Pac. Century Int'l v. Doe, 2012 U.S. Dist. LEXIS 82796, 8-9 (N.D. Ill. June 12, 2012).

Accordingly, Flava seeks the same order in this case ordering Comcast to notify the relevant Doe Defendant regarding the subpoena and giving him or her 30 days to object to the subpoena.

## C. FLAVA REQUESTS THAT THE COURT DETERMINE A REASONABLE FEE FOR EACH SUCCESSFUL IP ADDRESS LOOKUP.

FRCP 45(c)(2) provides as follows:

c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

The comments to FRCP 45 provides as follows:

A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court. This provision applies, for example, to a non-party required to provide a list of class members. The court is not required to fix the costs in advance of production, although this will often be the most satisfactory accommodation to protect the party seeking discovery from excessive costs. In some instances, it may be preferable to leave uncertain costs to be determined after the materials have been produced, provided that the risk of uncertainty is fully disclosed to the discovering party. See, e.g., United States v. Columbia Broadcasting Systems, Inc., 666 F.2d 364 (9th Cir. 1982).

As counsel for Comcast points out in his letter, the D.C. Circuit held that the District Court can order a party to "half the reasonable copying and labor costs" of the non-party responding to a subpoena. Linder v. Calero-Portocarrero, 251 F.3d 178, 180 (D.C. Cir. 2001).

In this case, Flava has taken reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Flava did not initiate bringing this motion to compel. Flava was still in discussions with Comcast over its protocol and fees for obtaining the IP addresses of the John Doe Defendants. Flava complied with all of Comcast's requests for a spreadsheet in a particular format. Flava even sent its CEO and counsel to attend Comcast's "Orientation" by telephone. Flava was willing to withdraw and has withdrawn in this Motion its request for the Media Access Control address, credit card and other payment information.

Comcast demanded that Flava agree in advance to pay a fixed fee for each IP address. Comcast has produced no affidavit or evidence and an explanation as to why looking up an IP address costs $90.00. Comcast has provided no explanation and an affidavit or evidence as to why looking up an IP address and not finding an IP address would cost $60.00. Counsel for Flava merely advised Comcast that he needed more time to discuss the costs issue with his client.

After Flava would not agree to pay $90.00 for a successful IP address lookup and $60.00 for an unsuccessful IP address lookup, Comcast's attorneys emailed its objections. Comcast's attorney then appeared in Court and mistakenly advised the Court that Flava had filed a motion to compel. Flava had not filed a motion to compel. Comcast's counsel's remarks led to the Court setting a deadline for Flava to file this Motion to Compel.

Flava has taken steps to avoid imposing undue burden or expense on a person subject to the subpoena. Flava is willing to pay $30.00 for every IP address that is successfully looked up by Comcast. In the alternative, Flava asks the Court order Comcast to explain, with supporting documents and affidavits, why it costs $90.00 or $60.00 to look up an IP address and to set a reasonable fee for every IP address that Comcast successfully looks up.

When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome. AF Holdings LLC v. Does, 286 F.R.D. 39, 51 (D.D.C. 2012). In AF Holdings LLC v. Does, 286 F.R.D. 39, 50-51 (D.D.C. 2012), Comcast and other Internet Service Providers argued that any burden placed upon them in this case was unacceptable. Comcast and the ISPs supplied declarations from five individuals, but only two of these declarations from the representatives of Cox Communications and Verizon mentioned the administrative burden, and that was essentially all they did. Both of these declarations merely stated in conclusory fashion that subpoenas associated with similar

copyright infringement cases "have imposed (and continue to impose) a substantial administrative burden . . . ." The declarants provided no further detail as to Cox's or Verizon's cost of complying with the plaintiff's subpoenas, the time associated with producing the requested information, or the procedure by which the information is obtained and released. The declarations from AT&T and Bright House Networks did even less, making no mention whatsoever of any burden associated with compliance with the plaintiff's subpoenas. The District Court found that ISPs' declarations made clear that the administrative burden incurred by the ISPs in responding to the plaintiff's subpoenas was minimal. AF Holdings LLC v. Does, 286 F.R.D. 39, 52 (D.D.C. 2012).

In this case, Comcast should produce witnesses or proper declarations regarding its costs.

### D. THE COURT HAS JURISDICTION OVER THE JOHN DOE DEFENDANTS AND FRCP 20 ALLOWS PERMISSIVE JOINDER OF THE JOHN DOE DEFENDANTS.

### 1. THE REQUIREMENTS OF FRCP 20 HAVE BEEN MET.

Under Federal Rule of Civil Procedure 21, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. The proper remedy for misjoinder is severance. First Time Videos, LLC v. Doe, 276 F.R.D. 241, 251 (N.D. Ill. 2011). First Time Videos, LLC ,276 F.R.D. at 251. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party. Id. Severance of parties creates separate actions containing the same claims against the same Putative Defendants. First Time Videos, LLC v. Doe, 276 F.R.D. 241, 251 (N.D. Ill. 2011). Id.

Under Rule 20, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). First Time Videos, LLC v. Doe, 276 F.R.D. 241, 251-253 (N.D. Ill. 2011). In addition to the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay. First Time Videos, LLC, 276 F.R.D. at 251-253. At root, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged. Id. In many courts such requirements for joinder are liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive outcome of the action.

In First Time Videos, LLC, the Court held that plaintiff made well-pleaded allegations to satisfy Rule 20(a)(2)(A), which provides that joinder is proper if "any right to relief is asserted against [the joined defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." This test is flexible; courts are encouraged to seek the "broadest possible scope of action consistent with fairness to the parties." Plaintiff made well-pleaded allegations that the relief they seek arises out of the same transaction, occurrence, or series of transactions. Plaintiff alleged that the Doe Defendants have used BitTorrent protocol to reproduce its copyrighted materials without license or permission. Specifically, as peers in the BitTorrent swarms associated with movie or photograph, the Putative Defendants were alleged to have reproduced Plaintiff's copyrighted materials and "continue[d] [to] distribut[e] data to other peers in the swarm" until disconnecting their BitTorrent client. Based on these allegations, each Doe Defendant was a possible source of plaintiff's copyrighted materials, and each may be responsible for distributing the same to any other Putative Defendant. The Court considered the allegations under a flexible test to

constitute a series of transactions of plaintiff's copyrighted works, as required under Rule 20(a)(2)(A), as such a finding remains consistent with fairness to the parties. .  First Time Videos, LLC v. Doe, 276 F.R.D. 241, 251-253 (N.D. Ill. 2011).

The Court also found that plaintiff's well-pleaded allegations also satisfied Rule 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." On the legal merits, plaintiff would have to establish the validity of its copyrights in the materials at issue and the exclusive rights reserved to themselves as copyright holders. Against the Doe Defendants, plaintiff has alleged the use of the BitTorrent protocol to reproduce and distribute its copyrighted materials. Consequently, the factual inquiry into the method used in any alleged copyright infringement would be substantially identical, as the methods plaintiff would use to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant. The Court recognized that each Doe Defendant may later present different factual circumstances to support individual legal defenses. Prospective factual distinctions, however, will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).  First Time Videos, LLC v. Doe, 276 F.R.D. 241, 251-253 (N.D. Ill. 2011).

Finally, the Court ruled that joinder was consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both plaintiff and any future named defendants. Joinder did not create any unnecessary delay nor does prejudice any party. Rather, severance was more likely to likely to cause delays and to prejudice plaintiff and future named defendants alike. Delays were likely to occur, and the resources of the courts to be substantially taxed, in the event that Putative defendants were severed, as each resulting individual case would require its own proceedings,

including its own motion to issue subpoenas to identify the names and addresses associated with the Putative defendants' IP addresses. Additionally, plaintiff would be prejudiced if severance were granted, as each of the resulting claims would require its own filing fees, a multiplication of expense that would further inhibit plaintiff's ability to protect its legal rights. Such obstacles would make it highly unlikely plaintiff could protect its copyrights in a cost-effective manner. Future named defendants would also be disadvantaged if severance were granted, as joined defendants enjoyed the benefit of seeing what defenses, if any, other defendants might assert to avoid liability. Any future named defendant would still be considered individually for any ruling on the merits of plaintiff's claims, belying the notion that joinder would deny any defendant individual justice. First Time Videos, LLC v. Doe, 276 F.R.D. 241, 251-253 (N.D. Ill. 2011).

In Malibu Media, LLC v. Doe, the District Court explained that that the claim against each Defendant arose out of the same transaction or series of transactions, because each defendant simultaneously participated in a single swarm and, using the BitTorrent protocol, copied a piece of plaintiff's copyrighted work identified by the unique hash number. There, all of the transactions occurred over a period spanning only a month. Malibu Media, LLC v. Doe, 2012 U.S. Dist. LEXIS 174384, 19-20 (N.D. Ind. Dec. 10, 2012).

In Pac. Century Int'l v. Doe, the District Court also concluded that "at least at this stage, Plaintiff's allegations that the anonymous defendants participated in the same "swarm" (at varying times spanning just over one month) sufficiently alleges that they were involved in "a series of transactions" to warrant joinder under Rule 20." Pac. Century Int'l v. Doe, 2012 U.S. Dist. LEXIS 82796 (N.D. Ill. June 12, 2012).

With regard to the second requirement for joinder, Pac. Century Int'l v. Doe held that the second requirement is met when the lawsuit appears to involve questions of law and fact

common to all defendants, including whether plaintiff is a proper copyright holder, whether violations of the Copyright Act have occurred, and whether entering a BitTorrent swarm constitutes willful copyright infringement. Joinder would also be proper in light of the alleged civil conspiracy to unlawfully share the video. Pac. Century Int'l v. Doe, 2012 U.S. Dist. LEXIS 82796 (N.D. Ill. June 12, 2012). See also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332 (D.D.C. 2011).

In this case, Flava incorporates Exhibit "B" to the Complaint and contends that the Defendants participated in a single swarm that spanned one day: August 30, 2012. Flava also contends that a second group of Defendants participated in a single swarm that spanned one day: September 28, 2012. In both singe swarms—on August 30, 2012 and September 30, 2012, there is at least one John Doe Defendant with an IP address associated with an IP address in Chicago, Illinois, based on the information obtained from whatismyipaddress.com.

In addition, there are common questions of law and fact, including whether plaintiff is a proper copyright holder, whether violations of the Copyright Act have occurred, and whether entering a BitTorrent swarm constitutes willful copyright infringement. Furthermore, Flava alleges civil conspiracy: each Defendant engaged in a concerted action with other Defendants via BitTorrent Technology to copy, reproduce, share and/or distribute Plaintiff's copyrighted works in the torrent swarm. In furtherance of this civil conspiracy, each of the Defendant committed overt tortious or unlawful act by downloading, copying, sharing, reproducing, or distributing a piece of the BitTorrent file. Here, least one John Doe Defendant with an IP address associated with an IP address in Chicago, Illinois, based on the information obtained from whatismyipaddress.com.

## B. THE COURT HAS PERSONAL JURISDICTION.

At this juncture of the litigation, the issue of personal jurisdiction is premature. Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 347 (D.D.C. 2011). A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum. Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 347 (D.D.C. 2011). At this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction. Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 347 (D.D.C. 2011).

Arguing in the alternative, to plead successfully facts supporting application of the conspiracy theory of jurisdiction a plaintiff must allege both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum state. Textor v. Board of Regents, 711 F.2d 1387, 1392-1393 (7th Cir. Ill. 1983). If plaintiff's allegations are sufficient to establish both of these elements then it was an abuse of the district court's discretion to refuse plaintiff leave to amend. Textor v. Board of Regents, 711 F.2d at 1392-1393. A defendant can be subject to the jurisdiction of an Illinois court under the conspiracy theory if: 1) the defendant was part of an actionable conspiracy; and 2) a co-conspirator performed a substantial act in furtherance of the conspiracy in Illinois. Markarian v. Garoogian, 767 F. Supp. 173, 178 (N.D. Ill. 1991). To establish jurisdiction under a conspiracy theory, Plaintiffs must: (1) make a prima facie factual showing of a conspiracy (i .e., point to evidence showing the existence of the conspiracy and the defendant's knowing

participation in that conspiracy); (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in the forum. Bryant v. QuiBids LLC, 2012 U.S. Dist. LEXIS 14658 (N.D. Ill. Feb. 3, 2012).

In this case, Flava incorporates Exhibit "B" as part of its Complaint. Plaintiff alleges that each Defendant engaged in a concerted action with other Defendants via BitTorrent Technology to copy, reproduce, share and/or distribute Plaintiff's copyrighted works in the torrent swarm. In furtherance of this civil conspiracy, each of the Defendant committed overt tortious or unlawful act by downloading, copying, sharing, reproducing, or distributing a piece of the BitTorrent file. Flava contends that the Defendants participated in a single swarm that spanned a single day. Exhibit "B" identifies two sets of single swarm: one on August 30, 2012 and on September 28. 2012. Each single swarm had at least one John Doe Defendant with an IP address in the forum state of Illinois.

WHEREFORE, Plaintiff, Flava Works, Inc., requests that this Honorable Court:

1. Compel Comcast Cable Communications, LLC ("Comcast") to comply with the subpoena;

2. Notify the relevant John Does within 30 days of the Subpoena and give him or her 30 days to object;

3. Order Comcast to produce evidence in support of its Costs of $90.00 and $60.00 for each IP address lookup.

Respectfully Submitted,

By: /s/ Meanith Huon /s/

Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, IL 60690
312-405-2789
huon.meanith@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-7869 |
| | ) | |
| v. | ) | |
| | ) | |
| **John Does 1 to 293,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF SERVICE

Under penalties of law, I certify that on March 19, 2013, I electronically filed the following documents or items:

**PLAINTIFF, FLAVA WORKS, INC.'S, MOTION TO COMPEL COMCAST.**

                                                Respectfully submitted,
                                                /s/ Meanith Huon
                                                Meanith Huon
                                                PO Box 441
                                                Chicago, Illinois 60690
                                                Phone: (312) 405-2789
                                                E-mail: huon.meanith@gmail.com
                                                IL ARDC. No.: 6230996