IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 5844 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DOES 1-26, FF MAGNAT LIMITED, | ) | |
| EARNWELL HONG KONG LTD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 9, 2012, plaintiff Flava Works, Inc. ("plaintiff") filed an amended four-count complaint against FF Magnat Limited d/b/a Oron.com ("defendant"), Earnwell Hong Kong LTD d/b/a Filesonic.com, Maxim Bochenko a/k/a Roman Romanov, and twenty six John Does, alleging copyright violations involving the sharing of files on various websites, including Oron.com and Filesonic.com. On January 22, 2013, defendant filed a "motion to quash proof of false service," alleging that plaintiff's service on Maxim Bochenko did not constitute proper service on defendant. The court treats this motion as a motion to dismiss for improper service pursuant to Fed. R. Civ. P. 12(b)(5) because defendant essentially challenges the method and sufficiency of service. For the reasons described below, the court grants defendant's motion to dismiss for insufficient service of process.

**BACKGROUND**

On September 12, 2012, plaintiff served Maxim Bochenko by personal service in Florida, both in an individual capacity and on behalf of defendant. Plaintiff alleges that Bochenko is an agent of defendant, and that, as a result, defendant was properly served under Florida law. In response, on September 28, 2012, defendant contacted plaintiff by letter, stating that Bochenko

was not a registered agent of defendant. On October 2, 2012, Bochenko filed a motion to dismiss the amended complaint for lack of personal jurisdiction. In his motion, Bochenko stated that he is not an agent of defendant and has no connection to the state of Illinois. He further stated that he is not the same individual or known as Roman Romanov, but that Romanov is a childhood friend from Russia, Bochenko allows Romanov to use Bochenko's P.O. box address to purchase U.S. goods, and Bochenko forwards received parcels to Russia.

In response to Bochenko's motion, plaintiff filed a response that simultaneously argued that Bochenko is an agent of defendant, moved to voluntarily dismiss Bochenko from the action, and moved for an entry of default order against defendant. Plaintiff's unusual response provided extensive documentation that plaintiff claims links Bochenko to defendant. Plaintiff alleges that the email addresses mainroman@gmail.com and main_max@mail.ru were both used by Bochenko, under his own name and under the name Roman Romanov. Plaintiff claims that Digital Millennium Copyright Act (DMCA) or copyright violation notices were sent to these email addresses, and that the individual using these email addresses corresponded with Oron.com employees. Plaintiff produced bills from Oron.com's web hosting company that were sent to these email addresses, as well as Paypal notices and other transaction receipts. Plaintiff also makes much of a settlement in the District Court of Nevada, wherein defendant allegedly refused a settlement offer that did not include the settlement of claims against Mr. Bochenko. Despite this extensive filing, plaintiff voluntarily dismissed Bochenko, and Bochenko's motion to dismiss was deemed moot.

Defendant then filed the instant motion to quash false proof of service, contending that service was not proper for two reasons. First, defendant states that Bochenko is not the same

individual as Roman Romanov. Second, defendant contends that Bochenko is not an agent of defendant, and that as a result there has not been proper service on defendant.

## ARGUMENT

**A.      Legal Standard**

When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service was effectuated. Cardenas v. City of Chicago, No. 08 C 3174, 2010 WL 610621, at *2 (N.D. Ill. Feb.15, 2010). Under Fed.R.Civ.P. 4(m), a plaintiff must serve a defendant within 120 days of filing a complaint. That rule requires a court to dismiss the complaint without prejudice if the plaintiff cannot show that service was made in that time. Id. If the plaintiff can show, however, that good cause existed for the failure to serve, the court may extend the time for service. Id.

> Where defendant is a corporation, Rule 4(h) governs service:
>
> (h) Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Plaintiff claims to have properly served defendant in Florida by personal service on Bochenko, consistent with Rule 4(h)(1). In its reply brief, defendant argues that a foreign corporation must be served under Rule 4(h)(2), and that Rule 4(h)(1)(A) and Rule 4(e)(1) are

3

inapplicable in this case. Defendant is incorrect; Rule 4 allows a plaintiff to serve a foreign corporation either "in a judicial district of the United States" *or* "at a place not within any judicial district of the United States." It is not compulsory under the Federal Rules that a foreign corporation be served abroad.

In its initial motion to quash, defendant also claims that plaintiff has not complied with subsection (h)(1)(A) of Rule 4, which directs plaintiffs to subsection (e)(1). Rule 4(e)(1) states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Defendant contends that service was not proper under either Illinois or Florida law, and plaintiff asserts that service was proper under either standard. Plaintiff must demonstrate only that service was proper under one state's law to carry its burden.

**B.      Service under Florida Law**

Bochenko was served in Florida. Section 48.081 of the Florida Code provides that any private corporation, domestic or foreign, may be properly served:

> (1)(a) On the president or vice president, or other head of the corporation;
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Defendant argues that Bochenko is not a "president or vice president, or other head of the corporation," "the cashier, treasurer, secretary of general manager," "any director," "any officer," or "business agent" of the corporation. Plaintiff claims service was proper under subsection 48.081(3) because defendant does not have a registered agent in the state. The statute, however, does not simply state that a plaintiff may serve "any employee" of a foreign corporation; plaintiff has the burden of demonstrating that the proper prerequisites were met. First, the alternative service is allowed if "service cannot be made on a registered agent because of failure to comply with s. 48.091." Section 48.091 of the Florida Code states in relevant part that "every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607." Plaintiff has not alleged that defendant failed to comply with section 48.091. It is not clear from the complaint or from the parties' briefs that defendant is "qualified . . .to transact business in [the] state" and therefore required to have a registered agent. Under Florida law, "subsection 48.081(3) only applies to corporations licensed or qualified to do business in Florida." Washington Capital Corp. v. Milandco, Ltd., Inc., 665 So. 2d 375, 376 (Fla. Dist. Ct. App. 1996); see also White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990) (stating that subsection 48.081(3) pertains to "corporations that may not have been conducting business from a specific business office in Florida, but that had been licensed to do business in Florida."). A foreign corporation may be licensed to do business in Florida "by applying for a certificate of authority pursuant to the procedures set forth in section 607.1503, Florida Statutes (1993)." Id. Plaintiff does not allege that defendant is licensed to do business or qualified to do business in Florida.

Further, even if defendant failed to comply with section 48.091, plaintiff must serve the

employee at defendant's "principal place of business," or demonstrate that he is an "employee of the registered agent." Plaintiff states that Bochenko was served at his home, but argues that his home is defendant's principal place of business in Florida because Bochenko "received a Dell computer that was shipped to his home in Florida, Mr. Bochenko conducted business from his computer, he received instructions on making payments to Leaseweb for hosting services, he received payments from Paypal, he contacted Clips4sale.com for products, he received DMCA notices, he conferred with Oron.com about marketing and other business matters." Plaintiff bases these assertions on the correspondence associated with the email addresses plaintiff alleges Bochenko used.

To support the argument that service was sufficient under Florida law, plaintiff cites NTCA Corp. v. Associates Commercial Corp., 812 So. 2d 506, 507 (Fla. Dist. Ct. App. 2002). That case is inapposite; the plaintiff properly served a general manager under subsection 48.081(1), but the subsection in question in the instant case is 48.081(3). Plaintiff also cites Richardson v. Albury, 505 So. 2d 521, 522 (Fla. Dist. Ct. App. 1987), which likewise is not instructive. In Richardson, the foreign corporation did have a registered agent in Florida, but the process server was told that agent was no longer with the company, and therefore served the associate director at the corporation's place of business, in accordance with 48.081(3). Plaintiff has not demonstrated that these predicates have been met in the instant case.

Plaintiff cites Sehringer v. Big Lots, Inc., 532 F. Supp. 2d 1335, 1342 (M.D. Fla. 2007), for the proposition that in cases where actual notice of suit has been received by defendant, Rule

4(d)(1) should be liberally construed to effectuate service.[1] Florida appellate courts, however, generally state that "statutes governing service of process must be strictly construed, and valid service on a corporation may only be effected by complying with them." Int'l Steel Truss Co. v. Artec Group, Inc., 824 So.2d 340, 342 (Fla. 2d DCA 2002), quoting York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. 4th DCA 1999). The Sehringer court acknowledged that the case presented unique facts where, unlike the instant case, the entity served was a wholly owned subsidiary of the defendant company, and the defendant company exercised a degree of control over the subsidiary. In such a situation, the court found that the purpose of service had been accomplished. Plaintiff's reliance on Sehringer is improper.

Plaintiff has therefore not met its burden to demonstrate that service was proper under Florida law because plaintiff has not demonstrated that defendant was authorized to transact business in Florida or that Bochenko's personal residence served as defendant's principal place of business in Florida.

**C.      Service under Illinois Law**

This court is located in Illinois, which allows service on a corporation by, inter alia, "leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 Ill. Comp. Stat. 5/2-204.[2] Plaintiff cites various Illinois state

---

[1] Because Rule 4(d)(1) deals with the waiver of service, the court assumes plaintiff argues that Rule 4(h) should likewise be construed liberally.

[2] Although Bochenko was not served "in the State" of Illinois, § 2-204 is "incorporated by reference into § 2-208, which expressly provides for service outside Illinois 'in like manner as service within this State.'" Akari Imeji Co. v. Qume Corp., 748 F. Supp. 588, 591 n. 5 (N.D. Ill. 1990). The method of service authorized in § 2-204 therefore applies to service outside the state. Id.

7

court decisions to demonstrate that the concept of an "agent of the corporation" is liberally construed under Illinois law, and that agents who solicit business, secretaries, and receptionists may be deemed agents. In many of the cited cases, the individuals served were either authorized by the company to accept service, see, e.g., United Bank of Loves Park v. Dohm, 115 Ill. App. 3d 286, 292 (Ill. App. Ct. 2d Dist. 1983), "impliedly had authority to receive notice," People v. Beaulieu Realtors, Inc., 144 Ill. App. 3d 580, 584 (1986), or had allegedly accepted service on behalf of the corporation previously, see, e.g. Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949 (7th Cir. 1964). When a clerk, secretary, or typist is the individual served, Illinois courts have found the key question to be whether the individual "understood the purport of the service of summons" and "understand[s] her duty to deliver the summons to her employer." Island Terrace Apartments v. Keystone Serv. Co., Div. of Cole Coin Operated Laundry Equip., Inc., 35 Ill. App. 3d 95, 99 (1975) (internal citations omitted). Illinois courts have stated that whether an individual served is an agent for purpose of service is a factual question. Abron v. Public Pontiac, Inc., 64 Ill.App.2d 73, 77 (1965).

Whether defendant was properly served under Illinois law depends on Bochenko's relationship with defendant. If Bochenko could properly be considered an agent under Illinois law, then service was proper.

Defendant asserts that Bochenko is not and has never been an agent of or affiliated with defendant, is not associated with defendant, and has never been employed by defendant. In Bochenko's affidavit, referenced in defendant's motion, Bochenko admits that he allows Roman Romanov to use his P.O. Box address to purchase U.S. goods and forwards received parcels to Russia. Romanov's affidavit, also referenced in defendant's motion, acknowledges that

8

Bochenko purchases personal items for Romanov. Defendant also claims that Romanov is not an officer, managing or general agent or any other agent authorized by appointment or law to receive service of process for defendant.

Plaintiff counters that Bochenko is, in fact, affiliated with defendant. As evidence, plaintiff produces the emails included in its response to Bochenko's motion to dismiss. Plaintiff claims that copyright violations notices for Oron.com are sent to these email addresses, as well as correspondence with Oron.com employees and receipts of business transactions. Although the emails demonstrate some relationship between Bochenko and Romanov, they are insufficient to establish that Bochenko was defendant corporation's agent. Consequently, plaintiff has failed to carry its burden to prove that defendant was properly served under the law of Illinois.

**D.     Plaintiff's Request for Permission to Serve by Alternative Means**

Plaintiff requests that if the court finds that defendant was not properly served, the court grant plaintiff permission to serve defendant by alternative means. Rule 4(h)(2) allows for service on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) states that an individual may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:

9

>   (i) delivering a copy of the summons and of the complaint to the individual personally; or
>   (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>   (3) by other means not prohibited by international agreement, as the court orders.

The Hague Convention is in force in Hong Kong, and information on the State Department website indicates that service by the Convention is preferred to service by international registered mail or service by agent. Plaintiff contends that "it is impractical" to serve defendant, and asks leave to serve defendant by delivering documents to an address for defendant in Hong Kong and by emailing and delivering documents to defendant's attorneys.[3] Defendant objects and argues that Rule 4(f) requires that it be served in accordance with the Hague Convention. See Rule 4(f)(1); see also Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705, 108 S. Ct. 2104, 2111, 100 L. Ed. 2d 722 (1988) (holding that "compliance with the Convention is mandatory in all cases to which it applies").

"The decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" In re Potash Antitrust Litig., 667 F. Supp. 2d 907, 929 (N.D. Ill. 2009), vacated and remanded sub nom. Minn-Chem, Inc. v. Agrium Inc., 657 F.3d 650 (7th Cir. 2011) and aff'd sub nom. Minn-Chem, Inc. v. Agrium, Inc., 683 F.3d 845 (7th Cir. 2012). There is some disagreement among courts as to whether a plaintiff must first attempt to serve a defendant through means enumerated in subsections (f)(1) or (f)(2) before seeking permission to serve a defendant pursuant to (f)(3). Defendant cites C & F Sys., LLC v. Limpimax, S.A., 2010 WL 65200, *2 (W.D. Mich. 2010), in which the district court held that

---

[3]The court assumes that plaintiff argues that it is "impractical" to serve defendant by the means prescribed by Rule 4(f)(1), and therefore asks permission to serve under Rule 4(f)(3).

"even if other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." See also Marcantonio v. Primorsk Shipping Corp., 206 F. Supp. 2d 54, 58 (D.Mass. 2002) ("Rule 4(f) (3)[] . . . should be seen as a final effort to make service when other means have failed'"); but see Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002) (holding that Rule 4(f) does not give a favored method of service and service under Rule 4(f)(3) should not be considered last resort).

The Seventh Circuit has not addressed the issue of whether there is a hierarchy or preference for the method of service under Rule 4(f), nor whether a plaintiff must make any showing to be granted permission to serve under Rule 4(f)(3). In the absence of a directive from the court of appeals, the court finds that Rule 4(f) does not indicate a preference for any method of service. Subsection (f) allows for service "in *any* manner prescribed by Rule 4(f)," with the exception of one subsection of Rule 4(f)(2). (Emphasis added.) As the Ninth Circuit noted in Rio Properties, there is no indication of a hierarchy in the text or structure of Rule 4(f). The court therefore adopts the reasoning of the Ninth Circuit in Rio Properties, and holds that it is not necessary for plaintiff to attempt service by the Hague Convention prior to seeking permission for alternative service.

The advisory committee notes to Rule 4 do, however, suggest that a plaintiff should be required to make a showing as to why alternative service should be authorized, as does the case law. The notes detail instances when alternative service is appropriate:

> "The Hague Convention, for example, authorizes special forms of service in cases of urgency if convention methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect

11

      service within the six-month period provided by the Convention, or the refusal of
      the Central Authority to serve a complaint seeking punitive damages or to enforce
      the antitrust laws of the United States. In such cases, the court may direct a
      special method of service not explicitly authorized by international agreement if
      not prohibited by the agreement. Inasmuch as our Constitution requires that
      reasonable notice be given, an earnest effort should be made to devise a method
      of communication that is consistent with due process and minimizes offense to
      foreign law."

This language phrases alternative service in terms of urgency or some form of noncompliance by the Central Authority of a foreign nation which justifies the use of alternative means. A number of courts that have held there is no hierarchy in Rule 4(f) still require plaintiffs to demonstrate reasonable attempts of service before exercising the discretion to allow plaintiffs to serve under alternative means. See Rio, 284 F.3d at 1016 (9th Cir. 2002) (holding that plaintiff "needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention"); FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005) (requiring a plaintiff to demonstrate that they have "reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile."); Ryan v. Brunswick, 2002 WL 1628933, *2, (W.D.N.Y. 2002) (same); Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 113-120 (S.D.N.Y. 2010) (holding that plaintiffs must meet a "threshold requirement of reasonably attempting to effect service on defendants" before seeking alternative service under Rule 4(f)(3)).

      In the instant case, plaintiff attempted service on Bochenko, an individual whom plaintiff believed to be affiliated with defendant, but the court has held that plaintiff failed to meet its burden in demonstrating that Bochenko has an agency relationship with defendant. Plaintiff has not advised the court of any other attempt to serve defendant, nor has plaintiff given any reason

why service by traditional means cannot be accomplished. Defendant has been identified as a corporation in Hong Kong, and as plaintiff seeks permission to serve defendant at a Hong Kong address, there is no indication that defendant's address is unavailable. In short, plaintiff has not demonstrated reasonable attempts at service on defendant sufficient to require the court's intervention at this time. For this reason, the court will not grant plaintiff's request for alternative service on defendant. Should service under traditional means prove unsuccessful, the court will revisit this issue.

## CONCLUSION

For the reasons given above, the court grants defendant's motion to dismiss for insufficient service of process, and denies plaintiff's request for alternative service without prejudice. In light of this ruling, the court will extend the deadline for service on defendant by six months from the date of this order, consistent with Article 15 of the Hague Convention.

**ENTER:** **April 19, 2013**

_____

**Robert W. Gettleman**
**United States District Judge**