UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FLAVA WORKS, INC.,

            Plaintiff,

-against-

JOHN DOE NOS. 1 TO 26, et al.,

            Defendants.

Index No.: 1:12-CV-5844 (RWG)

Judge Robert W. Gettleman

Magistrate Judge Young B. Kim

### DEFENDANT "JOHN DOE #19'S" REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS

Plaintiff's opposition brief to Defendant "John Doe #19's" ("Defendant's") Motion to Dismiss clarifies the extent to which Plaintiff has grossly failed to prosecute this action against Defendant despite the Court's admonitions. According to Plaintiff's own opposition materials, it has been sitting on information about Defendant's identity and contact information for over four months while refusing to serve a complaint on the Defendant. It has now been 290 days since the Complaint was filed in this matter. To this day, Defendant has not yet been served and no proof of service as to Defendant has been filed. Plaintiff has failed to prosecute this action against Defendant even despite the Court's 120 day extension—which extension was procured by hiding facts from the Court and misrepresenting the amount of information Plaintiff had about Defendant's identity and contact information. Defendant therefore now moves to dismiss the Complaint with prejudice as against him pursuant to Fed. Rule Civ. P. 41(b), 12(b)(5) and 4(m).

Plaintiff Flava Works, Inc. ("Plaintiff") filed a Complaint in this action on July 24, 2012, alleging copyright violations by two companies and 26 unnamed defendants. (Dkt. No. 1). On October 23, 2012, this Court dismissed this action for want of prosecution. (Dkt. No. 14). On Plaintiff's motion, this action was reinstated on October 31, 2012. (Dkt. No. 19). On January 29, 2013, 189 days after the Complaint was filed, Defendant filed a Motion to Dismiss for Failure to Serve. (Dkt. No. 48). On the same day, Plaintiff filed a Motion for Extension of Time to Serve Defendants Who Have Not Been Served (Dkt. No. 50), asking the Court for 120 additional days to serve the unserved defendants (the "Motion for Extension").

By the time Plaintiff filed its Motion for Extension, it already had information regarding Defendant's identity from Yahoo!, which produced documents to Plaintiff on January 8. (Response, Dkt. No. 65, at 2). Plaintiff admits that Yahoo!'s document production included Defendant's telephone number, date of birth and address. *Id.* at 3. Plaintiff further admitted that all that remained was a simple Google search of the phone number to reveal Defendant's name, which Plaintiff was able to do without incident. (Affidavit of Phillip Bleicher, Dkt. No. 65-7, ¶ 9).

Despite the fact that information regarding the Defendant's identity was literally just a mouse-click away, and that Plaintiff already had Defendant's full address, phone number, date of birth, IP address, and primary and alternate email addresses, Plaintiff represented to this Court that it was necessary to issue subpoenas to Internet Service Providers for the IP addresses provided by Yahoo! (Motion for Extension, at 2). Several pages of Plaintiff's response to Defendant's Motion to Dismiss is Plaintiff's dealings in issuing, negotiating, and paying for the subpoenas. (Response at 2-3, 7). But none of the

2

information sought or received from those subpoenas was necessary to identify Defendant, proceed with an action against him, or serve a summons and complaint within 120 days as required by Fed. R. Civ. P. 4(m), or even the 240 total days the Court allowed. Indeed, Plaintiff has not alleged having to use information from ISPs in any way against Defendant.

On February 6, 2013, the Court issued a Minute Entry granting Plaintiff's motion for extension of time of 120 days to serve defendants. (Dkt. No. 53). The Court noted: "This is the final extension." It has now been 290 days since the Complaint was filed in this matter, and Plaintiff's final extension expired 50 days ago.

Plaintiff's sole authority in opposition to dismissing this case with prejudice is the unpublished case of *Harris v. SkyTech Enters.*, No 07 C 5244, 2008 U.S. Dist. LEXIS 94444 (N. D. Ill. Nov. 13, 2008). In that case, however, the Plaintiff had never been warned, and the case itself served as a warning to put Plaintiff on notice. *Id.* at 6 ("This is the warning.") In the instant case, however, the court *has already dismissed this case for failure to prosecute **and** has warned Plaintiff of its "final extension."* See Dkt. nos. 14 (minute entry dismissing case); 53 (Notification of Docket Entry). Even in the case that Plaintiff cites, the Court acknowledged that "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven availing," that dismissal for want of prosecution is appropriate. *Id.* at 3 (*citing Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003)). Plaintiff has proven to this Court that it has created a record of delay and will not abide by the Court's orders, event when the Court issues a "final extension."

Plaintiff has therefore shown a flagrant disregard of the Court's orders, in addition to causing substantial prejudice, anguish and cost to Defendant. Plaintiff has blatantly ignored its obligation to name and serve all defendants in a timely manner. As

3

such, and pursuant to Rule 41(b), 12(b)(5), and 4(m), Plaintiff's claims against Defendant John Doe #19 should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant John Doe #19 respectfully requests that this Court grant his Motion to Dismiss with prejudice.

Dated: Brooklyn, New York
May 10, 2013

Respectfully submitted,

LEWIS & LIN, LLC

By: _____
David D. Lin
(*Admitted Pro Hac Vice*)
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Defendant John Doe #19*

## CERTIFICATE OF SERVICE

I, David D. Lin, do hereby certify that service of this **DEFENDANT "JOHN DOE #19'S" REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS** was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this day.

Dated this 10th day of May2013.

_____
David D. Lin

David D. Lin
   (*Admitted Pro Hac Vice*)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com

## SERVICE LIST

All current appearances of record are ECF users.