UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLAVA WORKS, INC., | Index No.: 1:12-CV-5844 (RWG) |
| Plaintiff, | |
| -against- | Judge Robert W. Gettleman |
| JOHN DOE NO. 19, et al., | Magistrate Judge Young B. Kim |
| Defendants. | |

### DEFENDANT "JOHN DOE #19'S" THIRD
### MOTION TO DISMISS

Defendant "John Doe #19" ("Defendant"), by and through undersigned counsel, respectfully submits this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b), 12(b)(5) and 4(m). The Court should dismiss the complaint against John Doe #19 with prejudice because Plaintiff has not served him despite several warnings given by this Court.

### BACKGROUND

Plaintiff Flava Works, Inc. ("Plaintiff") filed a Complaint in this action on July 24, 2012—318 days ago—alleging copyright violations by two companies and 26 unnamed defendants. (Dkt. No. 1). On October 23, 2012, this Court dismissed this action for want of prosecution. (Dkt. No. 14). On Plaintiff's motion, this action was reinstated on October 31, 2012. (Dkt. No. 19). On January 29, 2013, 189 days after the Complaint was filed, Defendant filed a Motion to Dismiss for Failure to Serve. (Dkt. No. 48). On the same day, Plaintiff filed a Motion for Extension of Time to Serve Defendants Who Have Not Been

Served (Dkt. No. 50), asking the Court for 120 additional days to serve the unserved defendants. On February 6, 2013, the Court issued a Minute Entry granting Plaintiff's motion for extension of time of 120 days to serve defendants. (Dkt. No. 53). The Court noted: "This is the final extension."

In support of its motion for extension of time, Plaintiff argued that "Flava Works, Inc. is attempting to locate all the Internet Service Providers ("ISP") for the IP addresses provided by Yahoo! [and] intends to issue subpoenas to the ISP to identify the full names and addresses of the John Doe Defendants." (Dkt. No. 50, at 2). However, by the time Plaintiff filed its Motion for Extension, it already had information regarding Defendant's identity from Yahoo!, which produced documents to Plaintiff on January 8. (Dkt. No. 65, at 2). Plaintiff has admitted that Yahoo!'s document production included Defendant's telephone number, date of birth and address. *Id.* at 3. Plaintiff further admitted that all that remained was a simple Google search of the phone number to reveal Defendant's name, which Plaintiff was able to do without incident. (Affidavit of Phillip Bleicher, Dkt. No. 65-7, ¶ 9).

Despite the fact that information regarding the Defendant's identity was literally just a mouse-click away, and that Plaintiff already had Defendant's full address, phone number, date of birth, IP address, and primary and alternate email addresses, Plaintiff represented to this Court that it was necessary to issue subpoenas to Internet Service Providers for the IP addresses provided by Yahoo! (Motion for Extension, at 2). Several pages of Plaintiff's response to Defendant's Renewed Motion to Dismiss is Plaintiff's dealings in issuing, negotiating, and paying for the subpoenas. (Response at 2-3, 7). But none of the information sought or received from those subpoenas was necessary to identify

Defendant, proceed with an action against him, or serve a summons and complaint within 120 days as required by Fed. R. Civ. P. 4(m), or even the additional time the Court allowed and said would be the "final extension." Indeed, Plaintiff has not alleged having to use information from ISPs in any way against Defendant.

On April 12, 2013, Defendant filed a Renewed Motion to Dismiss (Dkt. No. 60), arguing that 262 days had passed since the Complaint was filed in this matter without Defendant being served, and requesting that the Court dismiss the Complaint with prejudice as against him pursuant to Fed. Rule Civ. P. 41(b), 12(b)(5) and 4(m). On June 5, 2013, this Court issued a Minute Entry (Dkt. No. 88), denying Defendant's motion as moot, stating: "This court granted plaintiff an additional 120 days (until June 6, 2013) to serve defendants on February 6, 2013, and the June 6, 2013, deadline has not yet passed. Defendant may renew his motion in the event plaintiff fails to serve defendant in the requisite time allotted."

The June 6, 2013 deadline imposed by the Court has now passed, and Defendant still has not been served a summons and complaint in this action. It has been 318 days since the complaint was filed, and despite several warnings by this Court, Plaintiff has still has not served Defendant in this case. Having dragged this case on for nearly a year without even serving the Defendant—despite having had all the information needed to do so—Plaintiff has utterly failed to prosecute this action, and the case should be dismissed against Defendant pursuant to Fed. Rule Civ. P. 41(b), 12(b)(5) and 4(m).

**ARGUMENT**

The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones-Bey*, 415

F.3d 748, 754 (7th Cir. 2005). Any defendant who is not properly served must be dismissed from an action. Federal Rule of Civil Procedure 4 explicitly states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). A defendant may enforce the service of process requirements through a pretrial motion to dismiss under Fed. Rule Civ. P. 12(b)(5).

Even when Rule 4(m) applies, however, courts may be justified in dismissing the action under Fed. R. Civ. P. 41(b) for failure to prosecute. Such a dismissal, when warranted, "operates as an adjudication on the merits," and is therefore with prejudice. As the Seventh Circuit has ruled, "[i]f the delay in obtaining service has been so long that it signifies failure to prosecute—or if the delay entails disobedience to an order of the court—then dismissal may be with prejudice under Rule 41(b), which covers 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000). When, as here, "a court has been indulgent and has allowed the plaintiff time beyond the 120 days, a dismissal with prejudice would not be unfair to the plaintiff." *Id.* (quoting *Federal Practice and Procedure: Civil 2d* § 1137, p. 393).

Despite the fact that 318 days have passed since Plaintiff filed this complaint against Defendant, Plaintiff has yet to serve Defendant. This delay far surpasses that established in Rule 4(m), which provided Plaintiff with 120 days after the commencement of the action to serve all defendants, including John Doe #19. It even surpasses the additional time the Court allowed for the Plaintiff to serve the defendants—which the Court warned Plaintiff would be the "final extension." Plaintiff has proven to this Court that it has created

4

a record of delay and will not abide by the Court's orders, event when the Court issues a "final extension." It therefore shows flagrant disregard of the Court's orders, in addition to causing substantial prejudice, anguish and cost to Defendant. Plaintiff has blatantly ignored its obligation to name and serve all defendants in a timely manner. As such, and pursuant to Rule 41(b), 12(b)(5), and 4(m), Plaintiff's claims against Defendant John Doe #19 should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant John Doe #19 respectfully requests that this Court grant his Motion to Dismiss with prejudice.

Dated: Brooklyn, New York
June 7, 2013

Respectfully submitted,

LEWIS & LIN, LLC

By: _____
David D. Lin
(*Admitted Pro Hac Vice*)
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Defendant John Doe #19*

## CERTIFICATE OF SERVICE

I, David D. Lin, do hereby certify that service of this **DEFENDANT "JOHN DOE #19'S" THIRD MOTION TO DISMISS** was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this 12th day of April 2013.

Dated this 7th day of June, 2013.

David D. Lin

David D. Lin
 (*Admitted Pro Hac Vice*)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com

## SERVICE LIST

All current appearances of record are ECF users.